UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY,<br>                    Plaintiff,<br><br>vs.<br><br>TOWN OF NORTH BROOKFIELD,<br>                    Defendant. | Civil Action No. 03-40266 NMG |

ANSWER OF AMERICAN MANUFACTURERS
MUTUAL INSURANCE COMPANY TO COUNTERCLAIMS
OF THE TOWN OF NORTH BROOKFIELD

Defendant-in-Counterclaim, American Manufacturers Mutual Insurance Company ("AMMIC",) hereby responds to the plaintiff-in-counterclaim's Counterclaim as follows:

1. AMMIC admits the allegations contained in paragraph 1 of the Counterclaim.

2. AMMIC admits the allegations contained in paragraph 2 of the Counterclaim.

3. AMMIC admits the allegations contained in paragraph 3 of the Counterclaim.

4. AMMIC admits the allegations contained in paragraph 4 of the Counterclaim.

5. AMMIC admits that Section 3.3 of the Contract stated, from its inception, that "the Contractor shall achieve Substantial Completion of the entire Work not later than days from the date of commencement, or as follows:

substantially complete the new building by 17 July 2003 and the balance of work in accordance with the Phasing Plan, including completion of Phase 4 parking lot construction and related work by 17 November 2003," but denies the remaining allegations of paragraph 5.

6. AMMIC admits that a copy of Change Order No. 3 is attached to the Counterclaim as Exhibit B, states that said Change Order No. 3 changed the date of substantial completion for all work to December 15, 2003, and denies the remaining allegations of paragraph 6.

7. AMMIC admits that attached as Exhibit C to the Counterclaim is a copy of a letter dated April 23, 2003, and that Stephen Beatty of AMMIC was handed a copy of said letter at a meeting on May 21, 2003, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 regarding any transmittal of such letter prior to May 21, 2003.

8. AMMIC admits the allegations contained in paragraph 8 of the Counterclaim.

9. AMMIC admits the allegations contained in paragraph 9 of the Counterclaim.

10. AMMIC denies the allegations contained in paragraph 10 of the Counterclaim, except it admits that it had requested financial information from Sciaba and so stated at the meeting.

11. AMMIC denies the allegations contained in paragraph 11 of the Counterclaim.

12. AMMIC admits the allegations contained in paragraph 12 of the Counterclaim.

13. AMMIC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of paragraph 13 of the Counterclaim. AMMIC admits the allegations contained in second sentence of paragraph 13 of the Counterclaim, except that it lacks sufficient knowledge or information to form a belief as to the truth of the allegation that such payments were made "as a result" of such lien waivers being provided, as alleged in the second sentence of paragraph 13.

14. AMMIC admits the allegations contained in paragraph 14 of the Counterclaim.

15. AMMIC admits the allegations contained in paragraph 15 of the Counterclaim.

16. AMMIC admits the allegations contained in paragraph 16 of the Counterclaim.

17. AMMIC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Counterclaim.

18. AMMIC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the Counterclaim.

19. AMMIC admits the allegations contained in paragraph 19 of the Counterclaim.

20. AMMIC admits the allegations contained in paragraph 20 of the Counterclaim.

21. AMMIC admits the allegations contained in paragraph 21 of the Counterclaim.

22. AMMIC admits that attached to the Counterclaim as Exhibit G is a copy of a draft Completion Agreement that was circulated between the Town and AMMIC before it was included as an exhibit to the Request for Proposals that AMMIC sent out, but otherwise denies the allegations of paragraph 22.

23. AMMIC denies the allegations contained in paragraph 23 of the Counterclaim.

24. AMMIC admits the allegations contained in paragraph 24 of the Counterclaim.

25. AMMIC admits the allegations contained in paragraph 25 of the Counterclaim.

26. AMMIC admits that it did not tender a completion contractor to the Town until November 12, 2003, that November 12, 2003, is more than a month after the initial bids were received, and that the completion contractor tendered on November 12, 2003, was Fontaine Brothers, but denies the remaining allegations of paragraph 26.

27. AMMIC admits the allegations contained in paragraph 27 of the Counterclaim.

28. AMMIC admits that some of the terms of the Completion Contract that it tendered to the Town differed from the terms in the draft that was part of the RFP, including the dates of completion and including a provision for additional compensation for latent defects, denies that the changes were "unilateral" or made without notice to the Town, and denies the remaining allegations of paragraph 28.

29. AMMIC admits that the Town informed it that it took the position that the Town could not enter into a contract unless sufficient funds had been appropriated therefor, and that the Town could not sign a completion contract until it had the additional funds from the surety, but denies that the Town so-informed AMMIC prior to November 12, 2003, or that the Town's position is correct. AMMIC therefore denies the remaining allegations of paragraph 29.

30. AMMIC admits the allegations contained in paragraph 30 of the Counterclaim. In addition, AMMIC states that it notified the Town in writing on November 21, 2003, that it would make such payments in such amounts on such terms.

31. AMMIC admits that Fontaine's price for the completion of the project increased by $290,934 to $11,672,296 for completion of the project, but denies that such increase was as a result of any delays on the part of AMMIC. Rather, AMMIC states that the increase was due to unjustified delay on the part of the Town in executing the Completion Agreement and giving Fontaine a notice to proceed.

32. AMMIC admits the allegations contained in paragraph 32 of the Counterclaim.

33.     AMMIC states that in paragraph 4 of the Completion Agreement, a copy of which is attached to the Counterclaim as Exhibit H, sets forth the dates on which its work is to be performed and that the amounts to be paid to Fontaine are set forth in paragraphs 5 and 6 of the Completion Contract. To the extent the allegations of paragraph 33 are inconsistent with the actual terms of the Completion Contract, AMMIC denies the allegations of paragraph 33.

34.     AMMIC admits the allegations of the first sentence of paragraph 34. AMMIC admits that the Town had made payments totaling $5,155,969.10 prior to the Town terminating Sciaba's right to perform, and that the difference between the adjusted contract price and the amounts paid is $8,198,860.18, but denies that all of the amounts paid by the Town were paid to Sciaba and denies that all such payments were made prior to Sciaba's default.

35.     AMMIC admits that the difference between the fixed price stated in paragraph 5 of Fontaine's Completion Contract ($11,672,296.00) and $8,198,860.18 equals $3,473,435.82, but denies the remaining allegations in paragraph 35.

36.     AMMIC admits the allegations contained in paragraph 36 of the Counterclaim.

37.     AMMIC admits that it has made the payments alleged, but states that they total $3,322,996.17.

38.     AMMIC denies that the Town was legally obligated to make the alleged payments to Sciaba and admits the remaining allegations of paragraph 38.

39. AMMIC admits that it asserts that Sciaba was entitled to a 60 day time extension on the project, but asserts that the time extension was on account of extraordinarily wet and cold weather from November, 2002 through March, 2003, not on account of normal winter conditions, and denies the remaining allegations of paragraph 39.

40. AMMIC admits that it asserts that the Town overpaid Sciaba in the additional amount of $364,951, but denies the remaining allegations of paragraph 40.

41. AMMIC denies the allegations contained in paragraph 41 of the Counterclaim.

42. AMMIC denies the allegations contained in paragraph 42 of the Counterclaim.

43. AMMIC admits that Article 3.3 of the Contract contains a liquidated damage provision which speaks for itself. To the extent the allegations of paragraph 43 are inconsistent with the actual language of the Contract, AMMIC denies the allegations of paragraph 43.

44. AMMIC denies the allegations contained in paragraph 44 of the Counterclaim.

45. AMMIC denies the allegations contained in paragraph 45 of the Counterclaim.

46. AMMIC admits that Keyspan has asserted a claim under AMMIC's payment bond, which is currently in dispute, and AMMIC denies the allegations of paragraph 46.

47. AMMIC incorporates by reference its responses to paragraphs 1 through 46 of the Counterclaim as if fully set forth herein.

48. AMMIC states that the terms of the performance bond speak for themselves and, to the extent the allegations of paragraph 48 are inconsistent with the actual terms of the performance bond, AMMIC denies the allegations of paragraph 48.

49. AMMIC admits the allegations contained in paragraph 49 of the Counterclaim.

50. AMMIC states that the terms of the performance bond speak for themselves and, to the extent the allegations of paragraph 50 are inconsistent with the actual terms of the performance bond, and otherwise denies the allegations of paragraph 50.

51. AMMIC denies the allegations contained in paragraph 51 of the Counterclaim.

52. AMMIC denies the allegations contained in paragraph 52 of the Counterclaim.

53. AMMIC incorporates by reference its responses to paragraphs 1 through 52 of the Counterclaim as if fully set forth herein.

54. AMMIC admits the allegations contained in paragraph 54 of the Counterclaim.

55. AMMIC denies the allegations contained in paragraph 55 of the Counterclaim.

56. AMMIC denies the allegations contained in paragraph 56 of the Counterclaim.

57. AMMIC denies the allegations contained in paragraph 57 of the Counterclaim.

58. AMMIC denies the allegations contained in paragraph 58 of the Counterclaim.

59. AMMIC incorporates by reference its responses to paragraphs 1 through 58 of the Counterclaim as if fully set forth herein.

60. Paragraph 60 consists of a conclusion of law to which no response is required, but to the extent it contains any allegations of fact, AMMIC denies the allegations of paragraph 60.

61. AMMIC denies the allegations contained in paragraph 61 of the Counterclaim.

62. AMMIC denies the allegations contained in paragraph 62 of the Counterclaim.

## FIRST AFFIRMATIVE DEFENSE

Count II of the Counterclaim fails to state a claim upon which relief can be granted on the grounds that it fails to allege any conduct on the part of AMMIC that violates Chapter 93A.

## SECOND AFFIRMATIVE DEFENSE

Count III of the Counterclaim fails to state a claim upon which relief can be granted on the grounds that it improperly seeks to convert a contract obligation into a tort obligation.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff-in-counterclaim's claim is barred, in whole or in part, by payment.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff-in-counterclaim's claim is barred, in whole or in part, by its failure to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

The surety's liability has been discharged, in whole or in part, by improper payments prejudicial to the surety.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff-in-counterclaim's claim is barred, in whole or in part, because it made payments to the contractor in violation of Mass. General Laws c. 30 § 39F.

## SEVENTH AFFIRMATIVE DEFENSE

The conduct complained of was justified by a prior breach on the part of the plaintiff-in-counterclaim.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff-in-counterclaim's own negligence proximately caused the events giving rise to its counterclaim and to any alleged injuries, loss or damages, and plaintiff-in-counterclaim's negligence either bars or proportionately reduces any recovery.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff-in-counterclaim's alleged injuries, loss or damages were caused by persons for whose conduct the defendant-in-counterclaim is not responsible.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff-in-counterclaim is barred from relief by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff-in-counterclaim is barred from recovery because it has been unjustly enriched by payments made by the defendant under a reservation of rights, which the plaintiff-in-counterclaim has retained.

## TWELFTH AFFIRMATIVE DEFENSE

Attorneys' fees are not recoverable by the plaintiff-in-counterclaim by reason of the claims for relief alleged in the counterclaim.

WHEREFORE, AMMIC respectfully requests that the Court dismiss the Counterclaim and, pursuant to the Plaintiff's Complaint, enter an appropriate order requiring that the Town of North Brookfield pay over to American Manufacturers Mutual Insurance Company the amount of payments made by American Manufacturers in excess of amounts owed under its bond.

> American Manufacturers Mutual
> Insurance Company
>
> By its attorneys
>
>
> _____
> Deborah S. Griffin, BBO #211460
> HOLLAND & KNIGHT LLP
> 10 St. James Avenue
> Boston, MA 02116
> Tel:   (617) 305-2044
> Fax:   (617) 523-6850

Dated: February 17, 2004

# 1601896_v1
431261.00002

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/hand.
Date: 2/17/04 _____