UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 03-40266 NMG

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

    Plaintiff

v.

TOWN OF NORTH BROOKFIELD,

    Defendant

## MOTION TO REQUIRE PLAINTIFF TO DEPOSIT FUNDS WITH COURT

Now comes the defendant, the Town of North Brookfield (the "Town"), and hereby moves this Honorable Court to enter an order requiring the plaintiff, American Manufacturers Mutual Insurance Company ("AMMIC"), to deposit the sum of $1,600,000.00 with the Court pursuant to Fed.R.Civ.P. 64. As grounds therefor, the Town states as follows:

1.     Fed.R.Civ.P. 64 provides:

   At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought....

2.     Mass.R.Civ.P. 4.1 provides:

   ...[T]he order of approval [of attachment] may be entered only after notice to the defendant and hearing and upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by the defendant to be available to satisfy the judgment.

3. Under Massachusetts law, all real estate or personal property liable to be taken on execution may be attached upon a writ of attachment. G.L. c.223, §42. Since money is clearly subject to be taken to satisfy an execution, it is appropriately subject to prejudgment attachment. See G.L. c.235, §34 (list of property exempt from execution does not include business funds).

4. The Town's request for this attachment of AMMIC's funds is necessitated by the documented financial instability of AMMIC as set forth in the Town's supporting Memorandum and Affidavit of James N. Caldwell, submitted herewith. Without the security of funds held by the Court, it is likely that the Town will have no possibility of recovery against AMMIC on the Town's highly meritorious Counterclaim.

5. The Town's Counterclaim against AMMIC arises from AMMIC's failure to honor its monetary obligations to the Town under a statutorily required performance bond. AMMIC is the surety on the performance bond issued to the Town in connection with the North Brookfield Junior/Senior High School Project, which is subject to the Commonwealth of Massachusetts' public bidding laws. The Commonwealth's public bidding statutes require the general contractor to provide the public awarding authority with a performance bond in the full amount of the contract price. G.L. c.149, §44E. The obvious purpose of the performance bond is to secure completion of the contract work in the event that the general contractor defaults.

6. The general contractor and principal on the performance bond, E.J. Sciaba Contracting Company, Inc. ("Sciaba"), voluntarily defaulted on its contract with the Town on or about May 30, 2003. In accordance with the terms of the performance bond, the Town called upon AMMIC to reimburse the Town for all costs incurred by the Town as a result of the default. AMMIC has failed to reimburse the Town as requested and instead brought this action for a declaratory judgment to limit its obligations under the performance bond.

7.  The Town's Counterclaim is based upon the express terms of the performance bond. As set forth in the accompanying Memorandum, there is a reasonable likelihood that the Town will recover judgment on its Counterclaim in an amount equal to or greater than the amount stated above. AMMIC has no valid defenses to the claims alleged in the Town's Counterclaim and to the best of the Town's knowledge and information, does not have insurance to cover the claims.

8.  AMMIC's financial situation has seriously deteriorated since issuance of the performance bond. Its current rating from insurance and bond industry rating service A.M. Best is a "D", which signifies a determination that AMMIC "may not have an ability to meet [its] current obligations to policyholders and [is] financially extremely vulnerable to adverse changes in underwriting and economic conditions." Accordingly, the Town believes that there is a reasonable likelihood that AMMIC will not have sufficient funds on hand to satisfy the Town's claims. Such a result would impose a significant hardship on the Town and clearly frustrate the statutory intent of protecting public awarding authorities from additional costs and expenses caused by the default of a contractor working on a public construction project. Therefore, a deposit of funds with the Court is both reasonable and necessary to protect the Town from financial loss intended by the Massachusetts General Court to be prevented through the bonding of construction contractors.

The Town further relies upon the facts and information set forth in its supporting Memorandum of Law and Affidavit of James N. Caldwell submitted herewith.

TOWN OF NORTH BROOKFIELD,

By its attorneys,

*[signature]*

David J. Doneski (BBO# 546991)
Thomas W. McEnaney (BBO# 629130)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007


CO-COUNSEL

*[signature]*

Kieran B. Meagher (BBO# 340920)
92 Montvale Avenue
Stoneham, MA 02180
(781) 246-1101

209744/NBRO/0019

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand)(mail) on 2/24/04

*[signature]*

4