

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

WILLIAM HEWIG III
JEANNE S. McKNIGHT
KATHLEEN M. O'DONNELL
SANDRA M. CHARTON

# KOPELMAN AND PAIGE, P. C.

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735

PITTSFIELD OFFICE
(413) 443-6100

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

PATRICIA A. CANTOR
THOMAS P. LANE, JR.
BRIAN W. RILEY
MARY L. GIORGIO
DARREN R. KLEIN
THOMAS W. MCENANEY
JONATHAN M. SILVERSTEIN
KATHARINE GOREE DOYLE
GEORGE X. PUCCI
LAUREN F. GOLDBERG
JASON R. TALERMAN
JEFFREY A. HONIG
MICHELE E. RANDAZZO
GREGG J. CORBO
RICHARD T. HOLLAND
LISA C. ADAMS
ELIZABETH R. CORBO
MARCELINO LA BELLA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
LAURA H. PAWLE
TODD A. FRAMPTON
JACKIE COWIN

July 2, 2003

<u>CERTIFIED MAIL - RETURN RECEIPT REQUESTED</u>
<u>AND FIRST-CLASS MAIL</u>

<u>NO. 7099 3220 0009 7561 7414</u>

Deborah Griffin, Esq.
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116

<u>NO. 7099 3220 0009 7561 7407</u>

Bert J. Capone, Esq.
Cetrulo & Capone
2 Seaport Lane
Boston, MA 02210

| Re: | Notice of Default Under General Contract | |
|---|---|---|
| | Project: | North Brookfield Junior/Senior High School Project |
| | Performance Bond No. | 3SE057856 |
| | Principal: | E.J. Sciaba Contracting Company, Inc. |
| | Owner: | Town of North Brookfield, Massachusetts |
| | Contract Date: | April 19, 2002 |
| | Bond Amount: | $13,222,000.00 |

Dear Counsel:

As you know, this firm serves as Town Counsel for the Town of North Brookfield, Massachusetts. Please be advised that pursuant to paragraph 3.1 of the Performance Bond, the Town of North Brookfield is considering declaring a contractor default on the above-referenced project and hereby requests a meeting with E.J. Sciaba Contracting Company, Inc. ("Sciaba") and American Maufacturers Mutual Insurance Company ("AMMIC"), as surety on the above-



LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

WILLIAM HEWIG III
JEANNE S. McKNIGHT

KOPELMAN AND PAIGE, P. C.

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735

PITTSFIELD OFFICE
(413) 443-6100

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

KATHLEEN M. O'DONNELL
SANDRA M. CHARTON
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
THOMAS W. MCENANEY
KATHARINE GOREE DOYLE
GEORGE X. PUCCI
LAUREN F. GOLDBERG
JASON R. TALERMAN
JEFFREY A. HONIG
MICHELE E. RANDAZZO
GREGG J. CORBO
RICHARD T. HOLLAND
LISA C. ADAMS
ELIZABETH R. CORBO
MARCELINO LA BELLA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
LAURA H. PAWLE
TODD A. FRAMPTON
JACKIE COWIN

July 23, 2003

<u>CERTIFIED MAIL - RETURN RECEIPT REQUESTED
AND FIRST-CLASS MAIL</u>

<u>NO. 7099 3220 0009 7561 7421</u>

Deborah Griffin, Esq.
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116

<u>NO. 7099 3220 0009 7561 7360</u>

Bert J. Capone, Esq.
Cetrulo & Capone
2 Seaport Lane
Boston, MA 02210

Re: Notice of Default Under General Contract
  Project:                North Brookfield Junior/Senior High School Project
  Performance Bond No.    3SE057856
  Principal:              E.J. Sciaba Contracting Company, Inc.
  Owner:                  Town of North Brookfield, Massachusetts
  Contract Date:          April 19, 2002
  <u>Bond Amount:</u>           <u>$13,222,000.00</u>

Dear Counsel:

Pursuant to paragraph 3.2 of the above-referenced Performance Bond, a copy of which is attached hereto for your review and convenience, the Town hereby provides formal notice that it has declared a contractor default on the part of E.J. Sciaba Contracting Company, Inc. ("Sciaba"), and formally terminates Sciaba's right to complete the contract described in said bond. As you know, in a letter dated July 2, 2003, the Town notified you that it was considering



# COMPLETION CONTRACT

THIS COMPLETION CONTRACT (the "Completion Contract") is entered into this ____ day of _____, 2003, by and between the Town of North Brookfield (the "Town") and _____ (the "Completion Contractor").

## RECITALS:

WHEREAS, on or about April 19, 2002, E.J. Sciaba Contracting Co., Inc. (the "Former Contractor"), and the Town entered into a contract (the "Original Contract") for construction of the Junior/Senior High School, North Brookfield, Massachusetts (the "Project"), in accordance with the terms and provisions of the Original Contract, including all contract documents forming a part of the Original Contract, as amended;

WHEREAS, the Former Contractor voluntarily defaulted or otherwise indicated its inability to perform the Project, and the Owner has called upon the Surety to fulfill its obligations as surety under the terms of the Performance Bond;

WHEREAS, the Town has terminated the right of the Former Contractor to perform the Original Contract; and

WHEREAS, the Town and the Completion Contractor desire to enter into this Completion Contract under the terms and conditions hereinafter set forth;

NOW, THEREFORE, the Town and the Completion Contractor, for and in consideration of the mutual obligations and promises hereinafter set forth, do contract and agree as follows:

## AGREEMENTS:

1. **Completion Contract Documents.** This Completion Contract consists of the terms and provisions contained herein and the Original Contract, including the Project Schedule, all General, Supplementary and Special Conditions, drawings, specifications, forms, addenda and documents forming a part of the Original Contract, and any approved change orders, construction change directives, amendments and modifications thereto, the scope of work set forth in the Request for Proposals pursuant to which the Completion Contractor bid and was selected, and the items of deficient work listed in Exhibit A hereto and all subsequently approved amendments

1

and modifications thereto, all of which are incorporated herein by reference and which are hereinafter referred to collectively as the "Contract Documents."

2.  **Strict Compliance.** The Completion Contractor shall be bound to the Town by all of the terms and provisions of the Contract Documents, including administrative as well as technical provisions, and shall strictly comply therewith in all respects.

3.  **Work to be Performed.** The Completion Contractor shall furnish and pay for all labor, materials, services and equipment and shall do everything else necessary to perform and satisfactorily complete the Original Contract as required by the Contract Documents as defined above.

4.  **Time for the Performance of the Work.** The Completion Contractor shall commence work within five (5) days after receipt of a written Notice to Proceed issued by the Town, and shall substantially complete all work in accordance with the terms and conditions of the Contract Documents on or before April 30, 2004, except that the completion of Phase 4 parking lot and related work that, under Section 3.3 of the Original Contract (prior to any time extensions), was required to be performed by "17 November 2003" shall commence between the end of the 2003-04 school year and July 1, 2004, and shall be complete on or before August 1, 2004. Subject to allowable time extensions as provided under the terms of the Original Contract, if the Completion Contractor fails to complete the work under the Completion Contract in the times allowed by this paragraph, the Completion Contractor is liable to the Town for all liquidated damages as provided for under the Original Contract on account of the Completion Contractor's failure to complete such work by the date of completion set forth herein.

5.  **Price.** The Town shall pay to the Completion Contractor and the Completion Contractor agrees to receive and accept $_____ (the "Fixed Price") as full compensation for the performance and completion of the work as described in the Contract Documents. Future applications for payment shall be made based upon the Completion Contractor's schedule of values to be submitted within 10 days after receipt of a Notice to Proceed. The Price includes the cost of all corrective work performed by the Completion Contractor for the correction of defects, if any, in the work performed by the Former Contractor.

6.  **Performance and Payment Bonds.** The Completion Contractor shall provide the Town with Performance and Payment Bonds each in a penal sum equal to the Fixed Price in a form acceptable to the Town prior to the Completion Contractor commencing work. The Completion Contractor's surety must be a commercial surety company currently listed with the U.S. Department of the Treasury and licensed to conduct business in the Commonwealth of Massachusetts.

7.  **Defects In Work.** The Completion Contractor shall be responsible for, and shall remedy, any and all defects in the work which has been performed by the Former Contractor or any of its subcontractors or materialmen or is performed by the Completion Contractor or any of the Completion Contractor's subcontractors or materialmen.

8. **Whole Agreement.** This Completion Contract contains the entire understandings and agreements of the parties hereto. All oral or written agreements prior to the effective date of this Completion Contract and which relate to this Completion Contract and the matters set forth herein are declared null and void. Any modification of this Completion Contract must be made in writing and executed by the parties hereto.

9. **Interpretation.** In the event that there is any provision of this Completion Contract which is inconsistent or conflicting with any other documents forming a part of this Completion Contract, including but not limited to the Original Contract referred to herein, the terms and conditions of this Completion Contract shall govern and control.

10. **Governing Law.** This Completion Contract is executed pursuant to and governed by the laws of the Commonwealth of Massachusetts.

11. **Notice.** Any notice required to be made under the terms of this Completion Contract shall be deemed made if either party transmits such notice via facsimile and first class mail, postage pre-paid, as follows:

    As to the Completion Contractor:

        Fax:
        Telephone:

    As to the Town:

        Town of North Brookfield
        10 New School Street
        North Brookfield, MA 01535
        Fax: (508) ___-_____
        Telephone:    (508) ___-_____

        <u>With a copy to</u>:
        Thomas W. McEnaney, Esq.
        Kopelman and Paige, P.C.
        31 St. James Avenue
        Boston, MA 02116-4102
        Fax No.: (617) 654-1735
        Telephone:    (617) 556-0007

12. **Construction of Contract.** It is understood and agreed by the Surety and the Completion Contractor that this Completion Contract shall be construed without any regard to any presumption or other rule requiring construction against the party causing this Completion

3

Contract, or any Exhibits attached to this Completion Contract, to be drafted.

    13.    **Execution in Counterparts.** This Completion Contract may be executed in one or more counterparts, each of which shall be deemed to be an original.

[page ends here]

4

IN WITNESS WHEREOF, the parties hereto have affixed their hands and seals to this Completion Contract the day and year first set forth above, and the individuals who execute this Completion Contract personally represent and warrant that they have full authority to execute this Completion Contract on behalf of the respective parties.

**WITNESS:**

By: _____ (SEAL)

Title:

**WITNESS:**                                **Town of North Brookfield**

By: _____ (SEAL)

Title:

BOS1 #1362769 v2
431261.00002

5

Exhibit A

Items of Deficient Work of Former Contractor

6





# COMPLETION CONTRACT

THIS COMPLETION CONTRACT (the "Completion Contract") is entered into this 15 day of Dec, 2003, by and between the Town of North Brookfield (the "Town") and Fontaine Bros., Inc. (the "Completion Contractor").

## RECITALS:

WHEREAS, on or about April 19, 2002, E.J. Sciaba Contracting Co., Inc. (the "Former Contractor"), and the Town entered into a contract (the "Original Contract") for construction of the Junior/Senior High School, North Brookfield, Massachusetts (the "Project"), in accordance with the terms and provisions of the Original Contract, including all contract documents forming a part of the Original Contract, as amended;

WHEREAS, the Former Contractor voluntarily defaulted or otherwise indicated its inability to perform the Project, and the Owner has called upon the Surety to fulfill its obligations as surety under the terms of the Performance Bond;

WHEREAS, the Town has terminated the right of the Former Contractor to perform the Original Contract; and

WHEREAS, the Town and the Completion Contractor desire to enter into this Completion Contract under the terms and conditions hereinafter set forth;

NOW, THEREFORE, the Town and the Completion Contractor, for and in consideration of the mutual obligations and promises hereinafter set forth, do contract and agree as follows:

## AGREEMENTS:

1. **Completion Contract Documents.** This Completion Contract consists of the terms and provisions contained herein and the Original Contract, including the Project Schedule, all General, Supplementary and Special Conditions, drawings, specifications, forms, addenda and documents forming a part of the Original Contract, and any approved change orders, construction change directives, amendments and modifications thereto, the scope of work set forth in the Request for Proposals pursuant to which the Completion Contractor bid and was selected, and the items of deficient work listed in the Deficiency Log dated August 29, 2003 and the Steel Field Repair Log dated August 29, 2003, and all subsequently approved amendments and modifications thereto, all of which are incorporated herein by reference and which are hereinafter referred to collectively as the "Contract Documents."

2. **Strict Compliance.** The Completion Contractor shall be bound to the Town by all of the terms and provisions of the Contract Documents, including administrative as well as technical provisions, and shall strictly comply therewith in all respects.

3. **Work to be Performed.** The Completion Contractor shall furnish and pay for all labor, materials, services and equipment and shall do everything else necessary to perform and satisfactorily complete the Original Contract as required by the Contract Documents as defined above.

4. **Time for the Performance of the Work.** The Completion Contractor shall commence work within five (5) days after receipt of a written Notice to Proceed issued by the Town, and shall substantially complete all work in accordance with the terms and conditions of the Contract Documents on or before August 26, 2004, except that the completion of Phase 4 parking lot and related work that, under Section 3.3 of the Original Contract (prior to any time extensions), was required to be performed by "17 November 2003" shall be complete on or before October 11, 2004. Subject to allowable time extensions as provided under the terms of the Original Contract, if the Completion Contractor fails to complete the work under the Completion Contract in the times allowed by this paragraph, the Completion Contractor is liable to the Town for all liquidated damages as provided for under the Original Contract on account of the Completion Contractor's failure to complete such work by the date of completion set forth herein. Nothing herein shall be construed as limiting in any way the right of the Town to determine, not later than June 15, 2004 that reasonable grounds exist to conclude that the new buildings will not be completed by August 26, 2004, in which event the Town has the absolute right to refuse turnover of the existing building to Completion Contractor for demolition. In the event that the Town exercises its right to suspend the start date for the demolition of the existing building, the Town shall provide Fontaine with a reasonable time extension to the Phase 4 completion date. If the Town suspends the start date of the demolition of the existing building, Fontaine shall not be entitled to additional compensation for any additional costs it may incur as a result of such suspension.

5. **Price.** The Town shall pay to the Completion Contractor and the Completion Contractor agrees to receive and accept $11,672,296 (the "Fixed Price") as full compensation for the performance and completion of the work as described in the Contract Documents, except as otherwise provided herein. Future applications for payment shall be made based upon the Completion Contractor's schedule of values to be submitted within 10 days after receipt of a Notice to Proceed.

6. **Additional Defects.** The Completion Contractor shall be entitled to additional compensation on a time and materials basis, in accordance with the terms hereof, for correcting defects in the work performed by the Former Contractor that are not shown in the Contract Documents as defined above or which are the result of deterioration occurring after the date of the Deficiency Log, or which were not or could not have been observed by the Completion Contractor in the course of its visits to the Project prior to the submission of its bid to the Surety (the amounts for which the Completion Contractor is entitled to payment on a time and materials basis being the "T&M Price"). The T&M Price shall consist of the actual costs paid by the Completion Contractor

for such work, less all discounts, rebates, and salvages that shall be taken by the Completion Contractor, plus a fifteen percent (15%) markup which shall be inclusive of the Completion Contractor's overhead and profit. The actual costs shall include only the following: the cost of all materials used or consumed in performance, including sales tax and cost of delivery; cost of labor, including social security, old age and unemployment insurance, fringe benefits, and workers' compensation insurance for persons working at the Project site (but not for project management personnel, corporate management personnel or any persons whose regular office is located other than at the Project site); bond premiums; and rental cost of equipment and machinery. The Completion Contractor shall not include in the T&M Price the cost of any work for which a subcontractor, whose subcontract is assigned to the Completion Contractor by the Former Contractor's Surety, is liable under such assigned contract.

7. **Performance and Payment Bonds.** The Completion Contractor shall provide the Town with Performance and Payment Bonds each in a penal sum equal to the Fixed Price in a form acceptable to the Town prior to the Completion Contractor commencing work. The Completion Contractor's surety must be a commercial surety company currently listed with the U.S. Department of the Treasury and licensed to conduct business in the Commonwealth of Massachusetts.

8. **Whole Agreement.** This Completion Contract contains the entire understandings and agreements of the parties hereto. All oral or written agreements prior to the effective date of this Completion Contract and which relate to this Completion Contract and the matters set forth herein are declared null and void. Any modification of this Completion Contract must be made in writing and executed by the parties hereto.

9. **Interpretation.** In the event that there is any provision of this Completion Contract which is inconsistent or conflicting with any other documents forming a part of this Completion Contract, including but not limited to the Original Contract referred to herein, the terms and conditions of this Completion Contract shall govern and control.

10. **Governing Law.** This Completion Contract is executed pursuant to and governed by the laws of the Commonwealth of Massachusetts.

11. **Notice.** Any notice required to be made under the terms of this Completion Contract shall be deemed made if either party transmits such notice via facsimile and first class mail, postage pre-paid, as follows:

    As to the Completion Contractor:

        Fontaine Bros., Inc.
        510 Cottage Street
        Springfield, MA 01104
        Fax: 413-734-1881
        Telephone:   413-781-2020
        Attn: Christopher J. Fontaine

As to the Town:

> Robert O'Neill
> Superintendent of Schools
> Town of North Brookfield
> 10 New School Street
> North Brookfield, MA 01535
> Fax: (508) _____

With a copy to:
Thomas W. McEnaney, Esq.
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116-4102
Fax No.: (617) 654-1735
Telephone: (617) 556-0007

12. **Construction of Contract.** It is understood and agreed by the Town and the Completion Contractor that this Completion Contract shall be construed without any regard to any presumption or other rule requiring construction against the party causing this Completion Contract, or any Exhibits attached to this Completion Contract, to be drafted.

13. **Execution in Counterparts.** This Completion Contract may be executed in one or more counterparts, each of which shall be deemed to be an original.

IN WITNESS WHEREOF, the parties hereto have affixed their hands and seals to this Completion Contract the day and year first set forth above, and the individuals who execute this Completion Contract personally represent and warrant that they have full authority to execute this Completion Contract on behalf of the respective parties.

WITNESS: _____

**Fontaine Bros., Inc.**

By: _David Fontaine_____ (SEAL)

Title: _Pres._____

WITNESS: _____

**Town of North Brookfield**

By: _____ (SEAL)

Title: CHAIRMAN, BOARD of SELECTMEN



# HOLLAND & KNIGHT LLP

10 St. James Avenue
Boston, Massachusetts 02116

617-523-2700
FAX 617-523-6850
http://www.hklaw.com

Atlanta
Boston
Bradenton
Chicago
Fort Lauderdale
Jacksonville
Lakeland
Los Angeles
Miami
New York
Northern Virginia

Orlando
Portland
Providence
San Antonio
San Francisco
Seattle
St. Petersburg
Tallahassee
Tampa
Washington, D.C.
West Palm Beach

International Offices:
Caracas*
Helsinki
Mexico City
Rio de Janeiro

São Paulo
Tel Aviv*
Tokyo

*Representative Offices

November 5, 2003

DEBORAH S. GRIFFIN
617-305-2044

Internet Address:
deborah.griffin@hklaw.com

**_VIA FACSIMILE_**
**_(617) 754-1735 and_**
**_First Class Mail_**

Thomas W. McEnaney, Esq.
Kopelman & Paige, P.C.
31 St. James Avenue, 7th Floor
Boston, MA 02116

      Re:    North Brookfield Intermediate & Senior High School Project
              Surety:      American Manufacturers Mutual Insurance Co.
              Bond No.:  3SE 057 856
              Claim No.:  167-SE-002-989

Dear Tom:

      Since our meeting of October 15, the surety has obtained additional information in supporting its overpayment defenses. We summarize that information below.

      A.     The May Payments. Your letter of June 9 indicated that payments had been made to Sciaba in the amounts of $287,556.28 and $443,733.76 on May 21 and May 27, 2003 respectively. We have learned from records subpoenaed from Sciaba's bank that the May 21 payment was only $252,844.47. Apparently, the amounts paid on the claims for direct payment on May 21-22 were deducted from the $287,556.28 before the check to Sciaba was cut. Thus, the total actually paid to Sciaba during the last ten days of May, which the surety contends should not have been paid, is $696,578.23. Of that amount, the surety has identified only $100,700.49 as having reached subcontractors on the project. Thus the surety was prejudiced by the May payments to the extent of $595,877.74.

Thomas W. McEnaney, Esq.
November 5, 2003
Page 2

    B.    <u>Prior Overpayments</u>. In addition, in the process of examining the bids and the status of work on the project, the surety has identified several Divisions of work on which the Town and the architect approved for payment percentages of completion that far exceeded the actual amount of work performed. The Divisions and/or line items overpaid in this way are summarized on the attached spreadsheet. We have attempted to ensure that only monies paid prior to the May payments are included in this total. They total $527,320.

    When we resume our discussions, we will need to address total claimed overpayments of $1,123,198 outlined above. I have not had a chance to digest the points in your last letter but will do so next week upon my return to the office.

Very truly yours,

HOLLAND & KNIGHT LLP

Deborah S. Griffin

DSG/bsw: # 1330037_v1
431261.00002
Enclosure
cc:    Stephen J. Beatty, Esq. (w/encl.)(by fax)
        Richard P. Anastasio, P.E. (w/encl.)(by fax)
        Kieran B. Meagher, Esq. (w/encl.)(by fax)

| Spec | Trade | Sciaba Scheduled Value | % Approved | $ Approved | Amt. over-approved | Amt. not paid, or paid in May | Amt. overpaid | Comment |
|---|---|---|---|---|---|---|---|---|
| DIV 1 | General Req'ts | $609,353 | 72.12% | $439,465 | $200,660 | $79,963 | $120,697 | Total job % complete per May 31 req. 14 is 33%, not 72%. |
| Div 2 | Site Work | $1,308,000 | 38.98% | $509,900 | $248,300 | $22,087 | $226,213 | Bidders indicate work is no more than 20% complete. |
| Div 9 | Finishes | $902,050 | 4.83% | $43,610 | $180,410 | $0 | $180,410 | Only work done was a small amount of studs. |
| | Total | | | | | | $527,320 | |