UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 03-40266 NMG

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

　　Plaintiff

v.

TOWN OF NORTH BROOKFIELD,

　　Defendant

## AFFIDAVIT OF JAMES N. CALDWELL IN SUPPORT OF MOTION TO REQUIRE PLAINTIFF TO DEPOSIT FUNDS WITH COURT

I, James N. Caldwell, on oath, state the following of my own personal knowledge:

1. I am the Chairman of the Board of Selectmen for the Town of North Brookfield, Massachusetts.

2. I have read the Town's Counterclaim and Memorandum of Law in Support of Defandant's Motion to Require Plaintiff to Deposit Funds with Court and state to the best of my personal knowledge and belief that all facts set forth therein are true and accurate.

3. The Town has provided documentation to American Manufacturers Mutual Insurance Company ("AMMIC") to support its claims for additional design, project management and legal fees and for liquidated damages. However, AMMIC has failed to pay the Town any amounts for these costs, all of which are attributable to E.J. Sciaba Contracting Company, Inc.'s ("Sciaba") breach of its contract with the Town for the North Brookfield Junior Senior High School Project.

4. The Town has incurred damages and costs to date in the amount of $1,538,102.86 as a result of Sciaba's breach. The damages and costs include a funding deficiency on the completion contract that the Town executed with Fontaine Bros., Inc. in the amount of $150,439.72 (representing the difference between the completion contract price and the monies that AMMIC has paid to the Town under its Performance Bond to fund the completion contract, together with the balance held by the Town under its contract with Sciaba); additional design and construction management costs of $674,607.24; legal fees in the approximate amount of $35,000.00; liquidated damages in the amount of $655,000.00, roof repair costs in the amount of $6,336.50 and an unpaid bill from Keyspan for gas service in the amount of $16,719.40. Copies of supporting documents for the Town's additional design and construction management costs, legal fees, roof repair costs and the Keyspan bill are attached hereto as Exhibits A, B, C and D, respectively.

5. I have reviewed A.M. Best's bond rating for AMMIC, which is a subsidiary of Kemper Insurance Companies. According to A.M. Best, AMMIC's bond rating as of January 6, 2004 has been reduced to "D," which is defined as "poor" and applies to companies that in A.M. Best's opinion, "may not have an ability to meet their current obligations to policyholders and are financially extremely vulnerable to adverse changes in underwriting and economic conditions." A copy of A.M. Best's rating for AMMIC is attached hereto as Exhibit E.

6. I have no knowledge of any valid defenses raised by AMMIC to the Town's Counterclaim in this action, and to the best of the Town's knowledge and information, AMMIC does not have liability insurance to cover the Town's claims against it.

7. The Town will suffer substantial financial hardship when a judgment enters in its favor, and AMMIC is unable to satisfy the judgment.

Signed this 10th day of February, 2004 under the pains and penalties of perjury.

_____
James N. Caldwell, Chairman of the Board
of Selectmen for the Town of North Brookfield

209759/NBRO/0019

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand/mail) on 2/24/04

_____

3