UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,
                    Plaintiff,

vs.                                                    Civil Action No. 03-40266 NMG

TOWN OF NORTH BROOKFIELD,
                    Defendant.

**EXHIBIT C TO AFFIDAVIT OF DEBORAH S. GRIFFIN IN SUPPORT OF
THE OPPOSITION OF AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY TO MOTION TO REQUIRE
PLAINTIFF TO DEPOSIT FUNDS WITH COURT**

## Griffin, Deborah S (BOS - X72044)

| | |
|---|---|
| **From:** | Griffin, Deborah S (BOS - X72044) |
| **Sent:** | Tuesday, November 04, 2003 12:10 PM |
| **To:** | 'TMCENANEY@k-plaw.com' |
| **Cc:** | 'sbeatty@kemperinsurance.com'; 'jiantuono@greyhawk.com' |
| **Subject:** | Re: North Brookfield |

Indeed the surety has selectd Fontaine Bros. I have been trying since last Friday to get from Fontaine Bros their signed Completion Contract and bonds. I spoke with their apparent counsedl to try to get that moving. As soon as I have them I wil get them over to you so the town can proceed to accept the contract and give them a notice to proceed.

We will have to talk next week about the terms between the surety and the town.
--------------------------
Sent from my BlackBerry Wireless Handheld (www.BlackBerry.net)


-----Original Message-----
From: THOMAS McEnaney <TMCENANEY@k-plaw.com>
To: deborah.griffin@hklaw.com <deborah.griffin@hklaw.com>
CC: lashaway@aol.com <lashaway@aol.com>; lpdore@DoreandWhittier.com <lpdore@DoreandWhittier.com>; kmeagher@kmeagherlaw.com <kmeagher@kmeagherlaw.com>
Sent: Tue Nov 04 12:03:30 2003
Subject: North Brookfield

Deborah:

I spoke with your secretary today, who informed me that you were out of Town on a family medical issue but would be checking your email.  I hope all goes well with your family situation.  Pursuant to your request, I will provide you with the additional back-up to substantiate the additional design and project management costs.

To date, we still have not heard from you whether the surety has selected a contractor to complete the project.  The Town has received a few calls from Chris Fontaine who stated that Fontaine Bros. has been selected by the bonding company as completing contractor and wants to begin work asap.  It is my understanding that he expressed concern with the delays in the selection process and the impact that these delays will have on his cost and ability to close up the building before the onset of winter conditions.  The Town shares these same concerns.  Kindly advise whether Fontaine has in fact been selected and when you expect to tender Fontaine to the Town.

As you know, there are a number of outstanding issues concerning the tender agreement, including the surety's claim for a pro tanto discharge and the Town's claims for additional costs that were incurred as a result of Sciaba's voluntary default. If we cannot reach an agreement on these issues by next week, I suggest that we either (1) reserve our rights with respect to these issues as we originally proposed in our draft revisions to the tender agreement; or (2) the surety enter into a contract with Fontaine so that Fontaine can begin work, and after we resolve these outstanding issues, have the surety assign the contract with Fontaine to the Town.

If you would like to meet, I am available on 11/12 in am, 11/13 or 14.  I can check with Kieran as to his availability next week.

Tom

1

**Griffin, Deborah S (BOS - X72044)**

| | |
|---|---|
| **From:** | THOMAS McEnaney [TMCENANEY@k-plaw.com] |
| **Sent:** | Wednesday, November 05, 2003 4:09 PM |
| **To:** | deborah.griffin@hklaw.com |
| **Cc:** | lashaway@aol.com; lpdore@DoreandWhittier.com; kmeagher@kmeagherlaw.com |
| **Subject:** | Re: North Brookfield |

Deborah:

Lee Dore has had several conversations with Chris Fontaine regarding the project.  Mr. Fontaine has expressed two primary concerns:

1.      Fontaine Bros. only wishes to sign a contract with the Town of N.
Brookfield not the Surety.

2.      Fontaine Bros. has presented the Surety with a bid price strictly
related to substantial completions dates.  Fontaine maintains that the Town must be made aware of the substantial completion dates as they will be utilized in their contract with the Town as it relates to potential future LD's if Fontaine is late with the project.

I have send you a fax received from Fontaine outlining the substantial completion dates with a copy from their completion contract.  They will only stick to this schedule if they start by Monday 11/10/03.  Please note that these dates are substantially different from those agreed to by the Town and
Rick Anastasio of Greyhawk at a Building Committee meeting.  This extended time period will also increase the additional costs for A/E services and CM services, which obviously are extended by this schedule.

Please contact me at your earliest convenience to discuss.

Tom

**Griffin, Deborah S (BOS - X72044)**

| | |
|---|---|
| **From:** | Griffin, Deborah S (BOS - X72044) |
| **Sent:** | Thursday, November 06, 2003 4:54 PM |
| **To:** | 'THOMAS McEnaney' |
| **Cc:** | 'Joe Iantuono (jiantuono@greyhawk.com)'; 'Stephen J. Beatty , Esq. (sbeatty@kemperinsurance.com)' |
| **Subject:** | RE: North Brookfield |

I've been talking with Bob Garrity, who represents Fontaine, about resolving the inconsistencies in the completion dates. I've asked whether Fontaine will agree to June 29 for substantial completion of the new building and August 30 for substantial completion of the abatement and demolition phase. I think this is the best we are going to be able to do at this juncture. The surety understands it will have responsibility for the additional liquidated damages after the dates that were given in the RFP.

My plan is to get the signed completion agreement from Fontaine, hopefully tomorrow or Monday, and get it over to you so that the town can issue a notice to proceed. As you have suggested previously, the surety and the town will reserve their rights as to the amount of the surety's payment and the other terms of the tender agreement that have not been resolved. Please confirm that approach is still acceptable to the town.

-----Original Message-----
From: THOMAS McEnaney [mailto:TMCENANEY@k-plaw.com]
Sent: Thursday, November 06, 2003 2:01 PM
To: deborah.griffin@hklaw.com
Subject: Re: North Brookfield


617-556-0007

>>> <deborah.griffin@hklaw.com> 11/05/03 05:14PM >>>
Please email me your phone number. I am out of town but will try to call.
--------------------------
Sent from my BlackBerry Wireless Handheld (www.BlackBerry.net)

1

## Griffin, Deborah S (BOS - X72044)

| | |
|---|---|
| **From:** | Griffin, Deborah S (BOS - X72044) |
| **Sent:** | Tuesday, November 11, 2003 4:01 PM |
| **To:** | 'THOMAS McEnaney' |
| **Cc:** | 'sbeatty@kemperinsurance.com'; 'Iantuono, Joseph'; 'Rpgarrity@aol.com' |
| **Subject:** | FW: Notice to Proceed |

Please see the message below from Fontaine's counsel.  I expect to deliver the signed completion agreement and bonds to you tomorrow.  If you already know what action the town will take, please advise.

Deborah S. Griffin
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
617-305-2044
fax 617-523-6850
deborah.griffin@hklaw.com

-----Original Message-----
**From:** Rpgarrity@aol.com [mailto:Rpgarrity@aol.com]
**Sent:** Tuesday, November 11, 2003 3:49 PM
**To:** deborah.griffin@hklaw.com
**Cc:** tom.l@fontainebros.com
**Subject:** Notice to Proceed

Deborah:

I talked to Chris Fontaine.  He will be sending me the executed agreements by overnight mail with the P&P,bonds.  Fontaine remains very concerned with getting a Notice to Proceed ASAP, otherwise the contract price will be effected and potentially the contract completion dates.  Fontaine advises that they must get a Notice to Proceed from the Town by November 14th, otherwise Fontaine will reserve its right to request additional compensation and potentially time extensions and,depending upon the extent of any delay in the issuance of the Notice to Proceed, may decide not to proceed with the contract.  Fontaine does not want to enter a binding commitment without a start date.  I will deliver the documents to you in the morning, with a cover letter outlining Fontaine's reservations.  Any questions, please call (617)367-3990.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,
                              Plaintiff,

vs.                                                    Civil Action No. 03-40266 NMG

TOWN OF NORTH BROOKFIELD,
                              Defendant.

**EXHIBIT D TO AFFIDAVIT OF DEBORAH S. GRIFFIN IN SUPPORT OF
THE OPPOSITION OF AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY TO MOTION TO REQUIRE
PLAINTIFF TO DEPOSIT FUNDS WITH COURT**

# HOLLAND & KNIGHT LLP

Law Offices

10 St. James Avenue
Boston, Massachusetts 02116

617-523-2700
FAX 617-523-6850
http://www.hklaw.com

Annapolis          Oakbrook
Atlanta            Orlando
Bethesda           Portland
Boston             Providence
Bradenton          San Antonio
Chicago            San Francisco
Fort Lauderdale    Seattle
Jacksonville       St. Petersburg
Lakeland           Tallahassee
Los Angeles        Tampa
Miami              Washington, D.C.
New York           West Palm Beach
Northern Virginia

International Offices:     São Paulo
Caracas*                  Tel Aviv*
Helsinki                  Tokyo
Mexico City
Rio de Janeiro            *Representative Offices

November 21, 2003

**DEBORAH S. GRIFFIN**
617-305-2044

Internet Address:
deborah.griffin@hklaw.com

*VIA E-MAIL and*
*First Class Mail*

Thomas W. McEnaney, Esq.
Kopelman & Paige, P.C.
31 St. James Avenue, 7th Floor
Boston, MA  02116

Re:  *North Brookfield Intermediate & Senior High School Project*
     Surety:        *American Manufacturers Mutual Insurance Co.*
     Bond No.:      *3SE 057 856*
     Claim No.:     *167-SE-002-989*

Dear Tom:

Since sending you, on November 12, 2003, the two originals of the Completion Contract executed by Fontaine Bros., Inc., and its Performance and Payment Bonds and Certificate of Liability Insurance, it has come to my attention that those documents contained the two different contract amounts. The figure on which Fontaine and the surety had agreed was, as stated in my cover letter to you of November 12, $11,381,362. That amount is correctly reflected in Fontaine's Labor and Material Payment Bond. However, an incorrect figure of $11,527,000, was stated in the Completion Contract itself and in the Performance Bond. I have brought this scrivener's error to Fontaine's attention and Fontaine has acknowledged it.

In addition, we have since learned that the $11,381,362 figure was based on a mistake on the part of both Fontaine and the Surety as to the amount of one of the subcontractor ratification agreements. That mistake was in the amount of $15,934.35, which should bring the correct contract amount to $11,397,296.35. It is my understanding that Fontaine is prepared to execute a

Thomas W. McEnaney, Esq.
November 21, 2003
Page 2

credit change order to the Completion Contract that would make an adjustment on account of both of these errors. However, if the Town's acceptance of the Completion Contract and its issuance of a Notice to Proceed is delayed any further, the amount of the adjustment may be reduced if that delay increases Fontaine's completion costs.

AMMIC has continued its analysis of its obligations under its performance bond, notwithstanding the Town's refusal to provide us with copies of the Town's contract with Dore & Whittier, and the invoices the Town has received to date for design and construction management fees. I am enclosing with this letter a two-page analysis that sets forth the surety's calculation of amounts owed on its performance bond. On the basis of information available to it at this time, the surety believes it owes the Town of North Brookfield $2,538,838.37. It is in the process of issuing a check in that amount payable to the Town of North Brookfield. As soon as I receive it, I will hand-deliver it to you unconditionally.

AMMIC has taken note of the Town's failure to appropriate the additional funds necessary above that amount to pay the difference between Fontaine's price to complete and the contract balance, which difference is $3,197,996.17. AMMIC is also aware that the Town is likely to disagree with certain aspects of the surety's calculation of the amount owed, although we are not certain of the extent of that disagreement. In addition to delivering unconditionally the above-referenced check in the amount of $2,538,838.37, AMMIC is preparing to deliver to you an additional check in the amount of $659,157.80 under a reservation of rights, negotiation of which will be conditioned upon the Town executing the Completion Contract with Fontaine and issuing it a Notice to Proceed. We will continue our efforts to resolve the differences between the surety and the Town concerning disputed aspects of the Town's claims and the surety's defenses, with the $659,157.80 to be credited against any additional amount the parties may agree, or a court may determine, that AMMIC owes. If such additional amounts are lower, the difference is to be refunded to AMMIC.

To respond to the point in your November 14, 2003 letter concerning latent defects, AMMIC is prepared to pay for the reasonable and necessary costs incurred by the Town under the Fontaine contract, for latent defects caused by Sciaba's work. It believes that Fontaine's contract price covers any other defective, deficient, deteriorated or otherwise unacceptable work.

Contrary to the statements on the second page of your November 14 letter, AMMIC is not obligated to complete the project. It believes it has complied fully with its obligations under the bond by delivering the Fontaine

Thomas W. McEnaney, Esq.
November 21, 2003
Page 3

contract to the Town, as well as committing to make the unconditional payment referenced above.

Once again, we urge the Town to take the necessary steps to mitigate its damages and to execute the agreement with Fontaine without delay (and thus minimize or eliminate any decrease in the necessary credit change order).

Very truly yours,

HOLLAND & KNIGHT LLP

Deborah S. Griffin

DSG/bsw: # 1381969_v1
431261.00002
Enclosure
cc:    Robert P. Garrity, Esq. (w/encl., via e-mail)
       Stephen J. Beatty, Esq. (w/encl., via e-mail)
       Richard P. Anastasio, P.E. (w/encl., via e-mail)

| North Brookfield Claims Analysis | | |
|---|---|---|
| | | |
| Item | Amount | Notes on Surety's Position |
| Fontaine's Price to Complete | $11,397,296.35 | |
| Contract Balance | -$8,199,300.18 | |
| Completion Deficiency | $3,197,996.17 | |
| | | |
| | | |
| Liquidated Damages | $228,000.00 | C.O. 3 extended completion to 12/15/03 for both phases plus 60 days weather delays -- see Completion Date Sheet |
| Roof Repair | $0.00 | Work performed within extended time for completion |
| Legal Fees | $10,000.00 | |
| Design and Construction Management Services | $164,371.43 | See Completion Date sheet |
| | | |
| Total of Town's Claims | $3,600,367.60 | |
| | | |
| Overpayment defense | | |
| May payments | $696,578.23 | |
| | $2,903,789.37 | |
| Earlier overpayments - Div. 1 | $120,697.00 | |
| Earlier overpayments - Div. 2 | $226,213.00 | |
| Earlier overpayments - Div. 9 | $18,041.00 | |
| Total earlier overpayments | $364,951.00 | |
| | | |
| Total due from surety | $2,538,838.37 | |
| | | |
| Shortfall against completion cost | $659,157.80 | |

| Original Dates | Date | days/amounts | comment |
|---|---|---|---|
| Contract Inception | 4/19/2002 | | |
| Substantially Complete New Building | 7/17/03 | 453 | |
| Substantially Complete Demolition of Old Building and Parking Lot | 11/15/03 | 118 | |
| Total | | 571 | |
| | | | |
| Extended Substantially Complete New Building | 2/13/2004 | 659 | December 15 per C.O. 3 plus 60 days weather delay |
| Extended Substantially Complete Demolition of Old Building and Parking Lot | 2/13/2004 | 0 | December 15 per C.O. 3 plus 60 days weather delay |
| | | 659 | |
| | | | |
| Fontaine's dates | | | |
| New Building | 8/15/04 | 182 | |
| Old Building and Parking Lot | 10/1/04 | 46 | |
| Total days late on which liquidated damages assessed | | 228 | |
| | | | |
| Liquidated Damages | | $228,000.00 | at $1000 per day |
| | | | |
| | | | |
| Design and Construction Management Dates | | | |
| | | | |
| | | | |
| Delay in days from above | | 228 | |
| Delay in weeks | | 33 | |
| | | | |
| Work suspended from | 5/31/2003 | | |
| to | 11/17/2003 | 167 | |
| Duration of suspension in weeks | | 24 | |
| Net additional weeks of design and c.m. services | | 9 | |
| | | | |
| Weekly rate for design and c.m. services | | $10,600.00 | weekly rate includes 40 hours a week for CM, not 50 as claimed by Town |
| Total cost for net additional weeks | | $92,371.43 | |
| | | | |
| Actual billings during suspension through 9/20/03 | | $48,000.00 | In the absence of copies of actual bills, running rate reduced from $4,800 claimed by Town to $3,000: 20 hours a week for CM; 2 hours a week for principal = $2,550, rounded up. |
| Estimated billings during suspension 9/20-11/17/03 8 wk x 4800/ wk | | $24,000.00 | Same as above |
| | | $164,371.43 | |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,
                              Plaintiff,

vs.                                                    Civil Action No. 03-40266 NMG

TOWN OF NORTH BROOKFIELD,
                              Defendant.

**EXHIBIT E TO AFFIDAVIT OF DEBORAH S. GRIFFIN IN SUPPORT OF
THE OPPOSITION OF AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY TO MOTION TO REQUIRE
PLAINTIFF TO DEPOSIT FUNDS WITH COURT**

### GARRITY AND KNISELY
#### ATTORNEYS AT LAW
21 MERCHANTS ROW – SUITE 3B
BOSTON, MASSACHUSETTS 02109

ROBERT P. GARRITY
DAVID S. KNISELY

(617) 367-3990
FAX (617) 367-5002
FAX (617) 523-8779

December 5, 2003

Thomas W. McEnaney, Esq.
Kopelman & Paige, PC
31 St. James Avenue – 7th floor
Boston, MA 02116

RE:     North Brookfield Project

Dear Mr. McEnaney:

Enclosed, please find Fontaine's letter which should answer the questions regarding Fontaine's final contract price and Fontaine's revised completion schedule. Fontaine is proceeding on the basis that if it encounters "additional Sciaba deficiencies" that were not encompassed in the documents on which Fontaine based its bid price to the surety, Fontaine will be entitled to request extra compensation from the Town. This position assumes that AMMIC will not be a signatory to the Completion Contract, even for the limited purpose of reviewing and funding the "additional Sciaba deficiencies" described above. If there is a change whereby AMMIC becomes a signatory to the Completion Agreement, we can revisit this issue.

As always, time is getting more critical by the day, Fontaine's price assumes a Notice to Proceed by Tuesday, December 9th. If this is doable, lets get the construction underway.

Thanks for your attention.

Very truly yours,

Robert P. Garrity

RPG/cs
cc:     Deborah Griffin, Esq.



FONTAINE BROS. INC.

December 5, 2003

Mr. Richard Anastasio P.E.
Greyhawk North America
260 Crossway Park Drive
Woodbury, NY 11797-2015

Re:    North Brookfield Junior & Senior High School

Dear Mr. Anastasio,

We have executed a contract on 11/11/03 in the amount of eleven million five hundred twenty seven thousand and 00/100 dollars $11,527,000 for the above project. Concurrently with a Notice to Proceed dated on or before 12/9/03 from the Town of North Brookfield, we will execute an add change order in the amount of $145,296 with a revised completion date of 8/26/04 for Phase I; the Building; and 10/11/04 for Phase II Sitework. We have enclosed a breakdown of added cost for an accelerated construction schedule to produce an 8/26/04 completion date for Phase I (the Building) and 10/11/04 for Phase II (the Site). Our new Contract Sum will be eleven million six hundred seventy two thousand two hundred ninety six and 00/100 dollars.

Obviously time is critical as the winter is here, we are available and urge your immediate attention.

Sincerely,

Fontaine Bros., Inc.


Christopher J. Fontaine
Executive Vice President

Encls.

Cc:    Robert Garrity

CJF/jh

BUILDING FOR OVER 60 YEARS

FONTAINE BROS, INC. • General Contractors • 510 Cottage Street • Springfield, MA • 01104 • (413) 781-2020 • FAX (413) 734-1991

**North Brookfield Delay & Acceleration Schedule Costs**
December 5, 2033

**Ground Thawing**

| | | |
|---|---|---|
| E3000 Ground Heater Equipment Rental | $ 9,000.00 | mo. |
| Fuel | $ 6,324.00 | mo. |
| Electricity (Generator w/Fuel & Maintenance) | $ 2,500.00 | mo. |
| Labor 6000 Lin. Ft. Hose Up & Down | $ 1,200.00 | |
| Polyethelene 3000 sq ft Material & Labor Up & Down | $ 600.00 | |
| Insulated Blankets 3000 sq ft 3 layers R-5/layer Up & Down | $ 1,980.00 | |
| Snow Removal 3000 sq ft @ $.175/sq ft | $ 525.00 | |
| Sum Total 1 wk $8761/3000 sq ft =$2.92/Sq Ft Say $3/Sq Ft. | | |
| Slab on Grade 58000 sq ft @ $3/sq ft | $174,000.00 | |
| Additional cost $174,000 @ 50% | $ 87,000.00 | |
| **Subtotal** | **$ 87,000.00** | |

**Enclosures**
2 Laborers 8 hrs/D @ $43.62/hr =$698
2 Carpenters 2 hrs./D @ $53.74/hr = $215

| | | |
|---|---|---|
| **Subtotal $913/D x 12 days** | **$ 10,956.00** | |

**Material**
Gas, Propane, Tarps, Poly Furring, Scaffold

| | | |
|---|---|---|
| | $ 5,000.00 | |
| **Subtotal** | **$ 15,956.00** | |

**Sitework**

| | | |
|---|---|---|
| Snow removal 2 laborers 24 hrs @ $43.62 | $ 2,094.00 | |
| Equipment 48 hrs @ $110 hr. | $ 5,280.00 | |
| Remove and replace frozen material & rip frost | $ 30,000.00 | |
| **Subtotal** | **$ 37,374.00** | |

**Concrete**

| | | |
|---|---|---|
| Addition Curing 58,000 sq ft @ .12 labor & material | $ 6,960.00 | |
| Addition curing 32,000 sq ft @ .18 labor & material | N/C | |
| **Subtotal** | **$ 6,960.00** | |

**Masonry**

| | | |
|---|---|---|
| Overtime 80 Mason Foreman Hrs. @ $75 @ 50% | $ 3,000.00 | |
| Overtime 800 Mason Hrs. @ $70 @ 50% | $ 28,000.00 | |
| Overtime 640 Tender Hrs @ $50 @ 50% | $ 16,000.00 | |
| Overtime 80 Operating Eng Hrs. @ $60 @ 50% | $ 2,400.00 | |
| Overtime Trucking 10 Days @ $20 | $ 200.00 | |
| **Subtotal** | **$ 49,600.00** | |

**Drywall**

| | | |
|---|---|---|
| Overtime 80 Carp. Foreman Hrs. @ $57.38 @ 50% | $ 2,298.00 | |
| Overtime 960 Carp. Hrs. @ $53.74 @ 50% | $ 25,796.00 | |
| Overtime 160 Lab Hrs. @ $43.62 @ 50% | $ 3,490.00 | |
| **Subtotal** | **$ 31,582.00** | |

**Carpentry**

| | | |
|---|---|---|
| Overtime Rough Carpentry 40 Carp. Foreman Hrs. @ $57.38 @ 50% | $ 1,148.00 | |
| Overtime Rough Carpentry 160 Carp. Hrs. @ $53.74 @ 50% | $ 4,300.00 | |

| | | |
|---|---|---|
| Overtime Rough Carpentry 40 Lab. Hrs @ $43.62 @ 50% | $ | 873.00 |
| Finish Carpentry 240 Carp. Hrs @ $53.74 @ 50% | $ | 6,449.00 |
| Finish Carpentry 40 Lab. Hrs. @ $43.62 @ 50% | $ | 873.00 |
| Finish Carpentry 40 Carp. Foreman hrs @ $57.38 @ 50% | $ | 1,148.00 |
| Subtotal | $ | 14,791.00 |

**General Conditions**

| | | |
|---|---|---|
| Supervision 80 hrs @ $65/hr. 50% | $ | 2,600.00 |
| Asbest. Supt. 80 hrs. @ $53.74/hr @ 50% | $ | 2,150.00 |
| Laborer 80 hrs @ $43.62 @ 50% | $ | 1,745.00 |
| Saturday Premium Del Charges & Run Temp Heat | $ | 2,500.00 |
| Clean De-Ice & Snow Removal @ Struc. Steel | $ | 5,000.00 |
| Safety/OSHA 10 days Premium | $ | 3,000.00 |
| Subtotal | $ | 16,995.00 |

**Misc.**

| | | | |
|---|---|---|---|
| Allow for Overime Lump Sums for damproofing, waterproofing steel, painting, finishes etc. for non-ratified subcontractors | Subtotal | $ | 20,000.00 |
| Sum Total | $ | 280,258 | |
| OH&P 15% | $ | 42,039 | |
| Bond Total | $ | 1,531 | |
| Total | $ | 323,828 | |
| General Reduction | $ | (48,822) | |
| Total Add | $ | 275,000 | Rounded |