UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY,<br>　　　　　　　Plaintiff,<br><br>vs.<br><br>TOWN OF NORTH BROOKFIELD,<br>　　　　　　　Defendant. | Civil Action No. 03-40266 NMG |

AFFIDAVIT OF STEPHEN J. BEATTY IN SUPPORT OF THE
OPPOSITION OF AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY
TO MOTION TO REQUIRED PLAINTIFF
TO DEPOSIT FUNDS WITH COURT

　　　　I, Stephen J. Beatty, am an attorney in the bond claims department of the Kemper Insurance Companies, which include American Manufacturers Mutual Insurance Company ("AMMIC"). I have personal knowledge of the following, except where stated to be upon information and belief. I make this affidavit in support of the Opposition of AMMIC to the motion (the "Motion") filed by plaintiff-in-counterclaim, the Town of North Brookfield ("North Brookfield") seeking to require AMMIC to deposit $1,600,000 with the Court.

　　　　1.　　I was invited by North Brookfield to attended a meeting with representatives of North Brookfield. I attended such a meeting on May 21, 2003. I was not told the agenda or purpose of the meeting in advance of the meeting. At that meeting I was handed for the first time the April 23, 2003 letter, a copy of which is attached as Exhibit C to the Memorandum ("North Brookfield's Memo") filed by North Brookfield in support of the Motion. I understood, and still understand, from the first paragraph of that letter that the date for substantial completion of the new school building was December 15, 2003, as a result of a change order.

2. Contrary to the assertion on page 2 of North Brookfield's Memo, neither I nor either of the other representatives of AMMIC who attended the May 21 meeting "informed the Town that AMMIC did not foresee that Sciaba would be unable to perform the Project and, as a result, a takeover would not be necessary." I did say that I had requested information from Sciaba regarding its cash flow projections (which I had done the previous day) and that I would evaluate the situation when I received that information. I also said I did not have information at that time that indicated whether Sciaba would be able to complete or not.

3. The representatives of North Brookfield complained at the May 21 meeting that that various subcontractors were complaining that they were not being paid by Sciaba, that the job was substantially behind schedule, that Sciaba had failed to provide updated monthly construction schedules, and that satisfactory progress was not currently being made. They indicated that, in addition to lien waivers, Sciaba would have to submit an updated construction schedule in order to get paid. Sciaba' representatives at the meeting stated that it would be three weeks before they would be able to submit an updated schedule.

4. Upon information and belief, Sciaba never delivered the promised updated schedule. I have since learned that within hours after the conclusion of the May 21 meeting, North Brookfield delivered to Sciaba a check in the amount of $252,844.47, and on or about May 26 or 27, 2003, North Brookfield delivered to Sciaba another check, in the amount of $443,733.76. We obtained from Sciaba's bank copies of both checks, and the deposit slips by which Sciaba deposited them into their bank account. Copies of those documents, together with a copy of the bank's affidavit, are attached hereto as Exhibit A.

5. No one at the May 21 meeting informed me or any representative of AMMIC that the Town was prepared to issue checks to Sciaba before receipt of an updated schedule, much

less that it had already written two checks dated May 20, totaling $696,578.23. Had I known that, I would have made a request that the Town not do so without my consent. As it was, I believed that it would be approximately three weeks before any checks would be released, at the earliest.

6.   I also attended a meeting with representatives of North Brookfield on October 15, 2003, and have received copies of written and electronic communications between my attorney and attorneys for North Brookfield. The first time North Brookfield ever stated the amount of liquidated damages it claimed was owed to it by AMMIC was in the Counterclaim filed by North Brookfield on January 30, 2004.

Signed under the penalties of perjury this 16th day of March, 2004.

_____
Stephen J. Beatty

# 1731419_v1
431261.00002

**EXHIBIT A TO AFFIDAVIT OF STEPHEN J. BEATTY IN SUPPORT OF THE OPPOSITION OF AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY TO MOTION TO REQUIRE PLAINTIFF TO DEPOSIT FUNDS WITH COURT**

**CITIZENS BANK**

Subpoena Processing
20 Cabot Road (MMF 440)
Medford, MA 02155

**AFFIDAVIT OF KEEPER OF THE RECORDS**

RE: Subpoena -- <u>03-3808BLS2</u>: *"American Manufacturers Mutual Insurance Co.vE.J.Sciaba Contracting Co.,Inc.et al"*
BANK CUSTOMER: <u>E.J.Contracting Co.Inc. Account #1109535993</u>

**YOUR AFFIANT IS:** Barbara Ogbomo

As used herein, the term **"Bank"** means the banking institution named next to the box marked with an **"X"** or the like:

[X] Bank Name: **Citizens Bank of Massachusetts**

**Your affiant says as follows:**

1. The Bank is a trust company and bank duly established and existing under **M.G.L. ch.167D §1**, and doing business in the Commonwealth of Massachusetts.

2. Your affiant is the officer having charge of the original records, books and accounts of the bank, and the copy annexed hereto is correct and is full so far as it relates to the subject matter herein mentioned.

3. Without limitation, this affidavit is intended to comply to comply with the provisions of **M.G.L. ch.233 §77**, regarding authentication of the copies of records of banks and trust companies.

4. Your affiant further says that your affiant had no involvement in, and has no personal knowledge of, the transaction(s) to which the annexed copy of records relates, except as next filled in, if at all.

Signed under the penalties of perjury this <u>the 28th day of October, 2003</u>.

_Barbara Ogbomo_
Keeper of Records

JAWAUN N. ZIMBABWE
Notary Public
Commonwealth of Massachusetts
My Commission Expires
September, 2009

MY COMMISSION EXPIRES:    NOTARY PUBLIC

_Jawaun Zimbabwe_
SEAL:    PRINT NAME

CB000147



CB000148

**TOWN OF NORTH BROOKFIELD**
**TOWN HALL**
**185 MAIN STREET**
**N. BROOKFIELD, MA 01535**

BOSTON SAFE DEPOSIT
AND TRUST COMPANY
EVERETT, MA 02149

024907

*443,733 DOLLARS AND 76 CENTS

DATE 5/20/2003

CHECK AMOUNT 443,733.76

E.J. SCIABA CONTRACTING CO., INC.
18 WOLCOTT STREET
READVILLE, MA 02137

AUTHORIZED SIGNATURE

⑆024907⑆ ⑉011302920⑉ ⑆06158 1⑆ ⑆00443373⑆

---

NAME E.J. Sciaba Contracting Co. Inc.
ACCOUNT NUMBER 1109535993

**CHECKING ACCOUNT DEPOSIT SLIP**
DATE 05/27/03

CITIZENS BANK

| | DOLLARS | CENTS |
|---|---|---|
| CASH | | |
| CHECKS | 443,733 | 76 |
| | 4 | 81 |
| | 34,535 | 83 |
| CHECKS TOTAL | | |
| SUBTOTAL | 478,284 | 40 |
| LESS CASH | | |
| TOTAL DEPOSIT | 478,284 | 40 |

⑉5990 1155⑉ 1109535993⑆ ⑆0047828440⑆

CB000150

**CITIZENS BANK**                     OFFICIAL RECEIPT                                    024907

PLEASE SAVE THIS RECEIPT UNTIL YOU HAVE VERIFIED YOUR ACCOUNT STATEMENT.

Funds from your deposit may not be available for immediate withdrawal. All transactions are subject to verification as outlined in the rules and regulations of the Bank.

443,733.76

TOTAL        $478,284.40     27MAY03       14:35            $0.00 CASH
1109535993  * 250 CHECKING DEPOSIT        101697E521583    02 1

ENTERED MAY 2 7 2003
CB
GL
RJ

064 (Rev. 12/02)              MEMBER FDIC                      THANK YOU!

4.99

---

TOWN OF NORTH BROOKFIELD
TOWN HALL
185 MAIN STREET
N. BROOKFIELD, MA 01535

BOSTON SAFE DEPOSIT
AND TRUST COMPANY          53-292    024907
EVERETT, MA 02149            113

*443,733 DOLLARS AND 76 CENTS

DATE                CHECK AMOUNT
5/20/2003

PAY TO THE ORDER OF

E.J. SCIABA CONTRACTING CO., INC.
18 WOLCOTT STREET
READVILLE, MA 02137

443,733.76

Anne B. Jarnex
AUTHORIZED SIGNATURE      MP

⑈024907⑈ ⑆011302920⑆ ⑈061581⑈

CB 000144

**CITIZENS BANK**  OFFICIAL RECEIPT   024906

PLEASE SAVE THIS RECEIPT UNTIL YOU HAVE VERIFIED YOUR ACCOUNT STATEMENT.

Funds from your deposit may not be available for immediate withdrawal. All transactions are subject to verification as outlined in the rules and regulations of the Bank.

252,844.47

```
TOTAL        $252,844.47    22MAY03    11:35        $0.00 CASH
1109535993 * 250 CHECKING DEPOSIT      101697E905794   03 1
```

GL
CB

F064 (Rev. 12/02)           MEMBER FDIC              THANK YOU!

⑈024906⑈ ⑆011302920⑈ ⑈061581⑈

AUTHORIZED SIGNATURE

OWN OF NORTH BROOKFIELD                                    024906

Irvoice # 12  5/20/03                               252,844.47

ENTERED MAY 2 2 2003
GL
CB
RJ

CB 000145