UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, Plaintiff, vs. TOWN OF NORTH BROOKFIELD, Defendant. | Civil Action No. 03-40266-CBS |

## PLAINTIFF'S RESPONSE TO REQUEST FOR ADMISSIONS

The Plaintiff, American Manufacturers Mutual Insurance Company ("AMMIC") makes the following responses to the Defendant's, Town of North Brookfield (the "Town"), Requests for Admissions, subject to and without waiving their Objections thereto.

1.  At no time prior to May 30, 2003 did AMMIC or any of its representatives make a request to the Town that the Town withhold payments from E.J. Sciaba Contracting Co., Inc. ("Sciaba") under the Town's contract with Sciaba for the North Brookfield Junior/Senior High School project ("Project").

    Objection:  Vague ("withhold").

    Response:  **Denied.** Answering further, AMMIC admits that in a meeting at the Town of North Brookfield on May 21, 2003, the Town indicated that it would not release any payment to Sciaba before an updated schedule and the appropriate lien waivers were produced. Sciaba's representatives at that meeting indicated that an updated schedule would take three weeks. Despite the Town's assurances and Sciaba's representations, AMMIC specifically requested that the Town advise it of any claims or payments that would be made to Sciaba. Upon information and belief, an updated schedule was never delivered and within hours of the May 21 meeting the

Town delivered a check in the amount of $252,844.47; and on or about May 26 or 27, 2003, the Town delivered another check to Sciaba in the amount of $443,733.76.

2. At no time prior to May 30, 2003 did AMMIC make a request to the Town that the Town make checks for the Project jointly payable to AMMIC and Sciaba.

    Response: **Admitted.**

3. At no time prior to May 30, 2003 did AMMIC or its representatives make a request to the Town that the Town make payments to AMMIC directly as performance bond surety for the Project.

    Response: **Admitted.**

4. AMMIC was notified by letter dated July 2, 2003 of the Town's intentions to declare a contractor's default on the contract between the Town and Sciaba for the Project.

    Response: **Admitted.**

5. AMMIC was notified by letter dated July 23, 2003 of the Town's declaration of contractor default and termination of Sciaba's right to complete the Project contract.

    Response: **Admitted.**

6. AMMIC solicited bids for a completion contractor to complete the Project work, which were opened on October 8, 2003.

    Response: **Denied.**

7. AMMIC did not tender a completion contractor to the Town until November 12, 2003.

    Response: **Admitted.**

8. The document attached hereto as Exhibit A is a true copy of the Completion Contract that was agreed to by AMMIC and the Town prior to the solicitation of bids for the completion contractor by AMMIC.

Objection:   Vague ("agreed to").

Response:   **Denied.** Answering further, AMMIC states there was no completion contract finally agreed upon by the parties.

9.   Without consulting the Town or its representatives, AMMIC changed the date for completing the Project that was set forth in the Completion Contract show in Exhibit A to this request.

Response:   **Denied.**

10.   Without consulting the Town or its representatives, AMMIC added to the Completion Contract shown in Exhibit A to this request a provision entitling the completing contractor to additional compensation for work performed that was not shown in the completion contract documents, the Deficiency Log dated August 29, 2003 or the Steel Field Repair Log dated August 29, 2003.

Response:   **Denied.**

11.   Without consulting with the Town or its representatives, AMMIC added to the Completion Contract shown in Exhibit A to this request a provision entitling the completing contractor to additional compensation for work performed that was not or could not have been observed by the completion contractor in the course of its visits to the Project site prior to submission of its bid to AMMIC.

Response:   **Denied.**

12.   The bid price submitted to AMMIC by Fontaine Bros., Inc. for the Completion Contract was contingent upon Fontaine commencing work by November 10, 2003 and substantially completing the building by August 21, 2004, and the demolition of the existing high school and site work by October 15, 2004.

    Objection:    Vague ("The bid price submitted").

    Response:    **Denied.** Answering further, Fontaine Bros., Inc., made more than one "submission."

13. The document attached hereto as Exhibit B is a true copy of the Completion Contract that was executed by the Town and Fontaine Bros., Inc. for the completion of the Project.

    Response:    **Admitted.**

14. Sciaba voluntarily defaulted on its contract with the Town for the Project by letter addressed to Robert O'Neill, Superintendent of Schools, dated May 30, 2003.

    Response:    **Denied.** Answering further, AMMIC states that Sciaba acknowledged its default by letter addressed to Robert O'Neill, Superintendent of Schools, dated May 30, 2003. This letter was not delivered to the Town on this date. Instead, this letter was delivered to counsel for AMMIC, who delivered this letter to the Town on June 5, 2003.

15. AMMIC notified the Town of Sciaba's voluntary default by letter from Deborah S. Griffin to Thomas W. McEnaney dated June 5, 2003.

    Objection:    Vague ("notified").

    Response:    **Admitted.**

Signed under the pains and penalties of perjury this 1st day of April 2005.

_____
Stephen J. Beatty, Senior Surety Counsel
American Manufacturers Mutual Insurance Company


AS TO OBJECTIONS:

_____
Deborah S. Griffin (BBO #211460)
Jeff D. Bernarducci (BBO #657454)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Tel: (617) 523-2700
Fax: (617) 523-6850


Dated: April 19, 2005

# 2735381_v1
431261.00002

I hereby certify that on this 19th day of April, 2005, I served a true copy of the foregoing document on all parties and/or counsel of record in this case by hand/overnight delivery/first class mail, postage prepaid.

_____