UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, <br>                    Plaintiff, <br><br> vs. <br><br> TOWN OF NORTH BROOKFIELD, <br>                    Defendant. | Civil Action No. 03-40266 CBS |

AFFIDAVIT OF BENJAMIN D. SCHWARTZ IN SUPPORT OF THE
MOTION OF AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY
PROTECTIVE ORDER

I, Benjamin D. Schwartz, have personal knowledge of the following, except where stated to be upon information and belief. I make this affidavit in support of the Motion of American Manufacturers Mutual Insurance Company ("AMMIC") for Protective Order (the "Motion").

1.    I am Senior Vice President, Transactional Counsel, to Lumbermens Mutual Casualty Company and AMMIC which together with Lumbermens insurance subsidiaries are referred to as Kemper Insurance Companies (collectively "Kemper"). My office is in Long Grove, Illinois.

2.    It is my understanding that the defendant and plaintiff-in-counterclaim, the Town of North Brookfield ("North Brookfield"), is seeking information about the run-off plan(s) "and any plans or proposals, liquidated, dissolution or corporate termination, submitted to the Illinois Department of Insurance on behalf of AMMIC" (quoting from North Brookfield's notice of deposition of AMMIC).

3.    I am familiar with a run-off plan which was prepared by Kemper and filed with the Illinois Department of Insurance ("DOI") at the order of the DOI and with the financial condition, regulatory status and general operations of Kemper.

4.      Kemper has terminated its underwriting operations, but maintains staffing and facilities to administer the "run-off" of its claims.  Thus, it or its designated third party administrators receive and process claims in the ordinary course of its business.

5.      At no time has the DOI placed AMMIC or any of the other Kemper Companies into liquidation or rehabilitation proceedings.  Nor has any other state's insurance commissioner's office done so.

6.      The Run-off Plan that AMMIC and the other Kemper companies prepared was done so upon the direction of the DOI.  The plan is in the form of a Risk-Based Capital Plan that Kemper was ordered to prepare and file by the DOI under the Risk-Based Capital Law, 215 Ill. Comp. Stat. § 5/35A-15.  Such plan(s) are made confidential and protected from disclosure by 215 Ill. Comp. Stat. § 5/35A-50.

7.      In addition to being restricted by Illinois law, Kemper imposes and maintains strict limits on any access to the Run-off plan.  Only a very small number of high-ranking officers and employees of the companies have access to it.  Any employee having access was required to sign a confidentiality agreement.

8.      In general, the Run-Off Plan contents consists of the following:  Chapter 1, Introduction, which includes an executive summary, the objectives and benefits of the run-off plan and the Guiding Principles; Chapter 2, History and status, including discussions on reinsurance, claims handling operations, operating expenses and reserve development; Chapter 3, The description of the run-off plan, including financial projections, various surplus and liquidity initiatives which included expense reductions and transactions with counterparties (policyholders and reinsurers); Chapter 4 Regulatory reporting and Corporate Governance; and Chapter 5 discussing certain potential external options.

2

9.      The information in the Run-Off Plan is highly sensitive and, if disclosed to unauthorized persons, could be severely damaging to AMMIC and the other Kemper companies. For example, disclosure of projections as to recoveries in transactions with third parties, if leaked to those third parties, could affect the course of negotiations and hamper our ability to realize the best possible recovery. Similarly, if staffing projections were leaked, it could adversely affect employee morale and impair our ability to retain essential staff.

10.     To the best of my knowledge, at no time has AMMIC or any of the other Kemper Companies failed to satisfy in full any final money judgment entered against it, except for stayed judgments or judgments still subject to appeal or to pay any money settlement it entered into.

Signed under the penalties of perjury this 20th day of April, 2005.


/s/ *Benjamin D. Schwartz*
Benjamin D. Schwartz

# 2774805_v4
431261.00002

3