**EXHIBIT  C  TO
AFFIDAVIT OF DEBORAH S. GRIFFIN IN SUPPORT OF
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-40266 CBS

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

      Plaintiff

·v.

TOWN OF NORTH BROOKFIELD,

      Defendant

DEFENDANT'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the defendant, Town of North Brookfield ("Town"), hereby propounds the following interrogatories to the plaintiff, American Manufacturers Mutual Insurance Company ("AMMIC"), to be answered under oath within 30 days of service. The answers must be based on all information available to the plaintiff, its attorneys, agents, and representatives, and on all records in the custody and control of such persons. The plaintiff is reminded that Rule 26(e) of the Federal Rules of Civil Procedure requires it to file supplementary answers promptly upon receipt of information indicating that any answers filed were inaccurate or incomplete.

As used in these interrogatories, the following terms shall have the following meanings:

A. "Identify," "communication" "document," "parties," "concerning" and "state the basis" shall have the definitions set forth in Local Rule 26.5(C).

B. The term "Describe" or "description," when used with respect to any meeting, discussion, conversation, transaction, or other occurrence, shall require a chronological statement setting forth each incident and each element thereof, including: (1) the date(s), time(s), and place(s) thereof; (2) what transpired; (3) the identification of each person who participated or was a witness; and (4) a statement setting forth the nature of each person's role in the occurrence.

INTERROGATORY NO. 19

Please set forth any and all facts in support of AMMIC's refusal to pay for roof repairs to the existing building at the Site in the amount of $6,336.50, which the Town incurred as a result of Sciaba's voluntary default on the Project.

INTERROGATORY NO. 20

Please state whether AMMIC has received any claims for additional work submitted by Fontaine and the Town on the completion contract, the amount of the claim, whether AMMIC has acknowledged responsibility or denied liability for the claim, the reason for any denial, date of any payments to the Town for the additional work performed by Fontaine, whether there is any outstanding amount owed to the Town and Fontaine for said additional work and the amount outstanding.

INTERROGATORY NO. 21

Please state in detail the terms of run-off plan submitted to the Illinois Department of Insurance on or about March 19, 2004 and any amendments thereto, and identify all actions that AMMIC has taken to implement the plan and the results of the implementation.

INTERROGATORY NO. 22

Please state whether AMMIC has made any payments to any subcontractor, materialman or other claimants, besides the Town, related to the Project, including in your answer the name of the subcontractor, materialman or claimant, the amount paid, the amount sought by the claimant, the date of payment and the reason why payment was made.

**EXHIBIT  D  TO**
**AFFIDAVIT OF DEBORAH S. GRIFFIN IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-40266 CBS

| | |
|---|---|
| AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, | |
| Plaintiff | DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF |
| v. | DOCUMENTS TO PLAINTIFF |
| TOWN OF NORTH BROOKFIELD, | |
| Defendant | |

The defendant, Town of North Brookfield ("Town"), pursuant to Fed. R. Civ. P. 34,

hereby requests that the plaintiff, American Manufacturers Mutual Insurance Company

("AMMIC"), produce for inspection and copying the documents indicated below in its

possession, custody or control, or in the possession, custody, or control of its representatives,

agents, or employees, at the offices of Kopelman and Paige, P.C., 31 St. James Avenue, Boston,

Massachusetts 02116, on or before thirty (30) days from the date of service of this request.

This request encompasses not only the items in AMMIC's possession, but also those

within the possession, custody, and/or control of any agent, officer, servant, employee, attorney,

or other representative of AMMIC.

## DEFINITIONS

"Document" is meant to include any written, graphic, photographic, electronic or sound-

recorded information, notice or material, whether originals or copies.  It includes, but is not

limited to, all writings or other recorded or graphic matter, of any nature or kind whatsoever,

including, without limitation, any correspondence, letters, cables, telegrams, or other

REQUEST NO. 34

Copies of all documents related to the run-off plan submitted by AMMIC to the Illinois Department of Insurance on or about March 19, 2004 and any amendments thereto.

REQUEST NO. 35

Copies of AMMIC's FY 2002 – FY 2004 financial statements, balance sheets, cash flow statements, and any other documents related to AMMIC's current financial status and ability to pay any judgment that may be entered in this matter.

REQUEST NO. 36

Copies of any manuals, policies, rules or regulations or other documents related to the handling of performance bond claims by AMMIC and its claims representatives.

REQUEST NO. 37

A copy of the curriculum vitae of any expert witness that AMMIC intends to call at trial.

REQUEST NO. 38

A copy of all statement reports or written communications of all witnesses whom AMMIC intends to call at trial.

REQUEST NO. 39

A copy of all policies, manuals, rules and regulations or other documents related to AMMIC's procedures for investigating performance bond claims.

REQUEST NO. 40

A copy of any policies, manuals, rules and regulations or other documents related to the AMMIC's procedures for the monitoring of a general contractor and project on which AMMIC has issued a performance bond.

**EXHIBIT  E  TO
AFFIDAVIT OF DEBORAH S. GRIFFIN IN SUPPORT OF
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN MANUFACTURERS<br>MUTUAL INSURANCE COMPANY,<br>Plaintiff,<br><br>vs.<br><br>TOWN OF NORTH BROOKFIELD,<br>Defendant. | Civil Action<br>No. 03-40266-CBS |

AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY'S
ANSWERS TO TOWN OF NORTH BROOKFIELD'S
FIRST SET OF INTERROGATORIES

The plaintiff, American Manufacturers Mutual Insurance Company ("AMMIC") hereby

responds to the Town of North Brookfield's First Set of Interrogatories ("Interrogatories").

## GENERAL STATEMENTS

Nothing herein shall be construed as an admission by AMMIC with respect to the

admissibility or relevance of any facts or documents or the truth or accuracy of any

characterization contained in any Interrogatory.

These Answers and objections are based upon information presently known to AMMIC

and/or its attorneys.  AMMIC reserves the right to supplement, correct or amend these Answers

and objections in the event future discovery or events reveal information that would justify such

supplementation, correction or amendment.

Whenever an Interrogatory seeks to impose on AMMIC greater or broader obligations

than those imposed by the Federal Rules of Civil Procedure (or any other applicable rules),

AMMIC will respond in conformance with those rules.

By making any documents available to the Town, AMMIC does not waive, and does not

intend to waive, any objections which it may have regarding the Town's use of any document or

of any information contained in any document, and expressly reserves: (i) all questions regarding competency, relevance, materiality and admissibility of all information produced; (ii) the right to object to the Town's use of any information produced, in whole or in part, in any later stage or proceeding in this litigation on any and all proper grounds; and (iii) the right to object on any and all proper grounds, at any time, to other discovery procedures involving or relating to any information produced.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

AMMIC objects to the definitions and the instructions in the Town's Interrogatories to the extent they seek information beyond the scope of discovery under Rules 26 and 33 of the Federal Rules of Civil Procedure, are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

## GENERAL OBJECTIONS

AMMIC answers each Interrogatory subject to its General Statements, General Objections and Objections to Definitions and Instructions set forth herein. These statements and objections form a part of the Answer to each and every Interrogatory and are set forth here to avoid duplication. An objection or statement may be specifically referred to in Answers to certain Interrogatories for purposes of clarity; however, the failure to specifically refer to any objection or statement set forth herein shall not be construed as a waiver of such objection or statement, even if other objections or statements are specifically stated in Answer to the particular interrogatory.

AMMIC objects to the Town's Interrogatories to the extent they call for information protected by the attorney-client privilege or the attorney work-product doctrine or to the extent they call for information that was prepared in anticipation of litigation.

2

AMMIC objects to the Town's Interrogatories to the extent they request privileged, proprietary or confidential information.

AMMIC objects to the Town's Interrogatories to the extent they seek to elicit information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

AMMIC objects to the Town's Interrogatories to the extent they purport to impose on AMMIC obligations exceeding those imposed by applicable rules of court.

AMMIC objects to the Town's Interrogatories to the extent they seek information or documents containing or constituting trade secrets, or other confidential research, development, commercial, financial and/or proprietary information.

AMMIC objects to the Town's Interrogatories to the extent they seek information that cannot be provided by AMMIC with substantially greater facility than could otherwise be obtained by the Town.

AMMIC objects to the Town's Interrogatories to the extent they call for information not within the possession, custody or control of AMMIC but which may be provided by the Town or other persons during discovery in this action.

AMMIC objects to the Town's Interrogatories to the extent they are vague, ambiguous, overly broad, unduly burdensome, incomprehensible and/or hypothetical in nature.

AMMIC objects to the Town's Interrogatories to the extent they are unlimited in time or encompass an overly broad time frame, are unduly burdensome and irrelevant, or are not reasonably calculated to lead to the discovery of admissible evidence.

AMMIC further objects to the Town's Interrogatories to the extent they seek information described as "concerning," on the grounds that such requests do not describe with particularity

3

the information which the Town is seeking, or which would be calculated to lead to discovery of

admissible evidence.

## OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1

Please state your name, age, home address, business address, occupation, the position you hold with American Manufacturers Mutual Insurance Company ("AMMIC"), and the number of years you have held that position.

### ANSWER NO. 1

Stephen J. Beatty, Senior Surety Counsel, Kemper Insurance Companies, 1 Kemper

Drive, Long Grove, IL 60049-0001.

### INTERROGATORY NO. 2

Please identify all persons with whom you consulted in answering these interrogatories, or who furnished information upon which your answers are based, stating the person's name, address and all interrogatories for which such persons were consulted or furnished information.

### ANSWER NO. 2

Richard P. Anastasio, P.E., Greyhawk North America, LLC, 260 Crossways Park Drive,

Woodbury, NY 11797-2015, and counsel.

### INTERROGATORY NO. 3

Please provide a detailed itemization for the damages allegedly incurred by AMMIC as set forth in the Complaint.

### OBJECTION

AMMIC objects to this Interrogatory to the extent that it is vague, overly broad, unduly

burdensome, and seeks the mental impressions of counsel and attorney-work product.

### ANSWER NO. 3

AMMIC answers subject to the specific objections directly above and its General

Statements and General Objections.  Without waiving any objections, AMMIC refers the Town

to its most recent damage analysis, attached hereto as Exhibit A.

4

the Answer can be derived or ascertained from the business records of either the Town or

AMMIC, and the burden of deriving or ascertaining the Answer is substantially the same for the

Town, in accordance with Fed. R. Civ. P. 33(d), AMMIC will produce all the records and

documents in its possession that would sufficiently answer this Interrogatory.  Said records and

documents were produced for the Town's inspection on November 2, 2004.

## INTERROGATORY NO. 21

Please state in detail the terms of run-off plan submitted to the Illinois Department of
Insurance on or about March 19, 2004 and any amendments thereto, and identify all actions that
AMMIC has taken to implement the plan and the results of the implementation.

## OBJECTION

AMMIC objects to this Interrogatory as it seeks proprietary and confidential information,

not relevant to any claim or defense of either AMMIC or the Town, and not reasonably likely to

lead to the discovery of any admissible evidence.

## INTERROGATORY NO. 22

Please state whether AMMIC has made any payments to any subcontractor, materialman
or other claimants, besides the Town, related to the Project, including in your answer the name of
the subcontract, materialman or claimant, the amount paid, the amount sought by the claimant,
the date of payment and the reason why payment was made.

## OBJECTION

AMMIC objects to this Interrogatory as it is overly broad, unduly burdensome and seeks

information not relevant to any claim or defense of either AMMIC or the Town, and is not

reasonably likely to lead to the discovery of any admissible evidence

## ANSWER NO. 22

AMMIC answers subject to the specific objections directly above and its General

Statements and General Objections.  Without waiving any objections, AMMIC regfers the Town

to a summary of all payments made to date by AMMIC – attached hereto as Exhibit B.

# EXHIBIT  F  TO
# AFFIDAVIT OF DEBORAH S. GRIFFIN IN SUPPORT OF
# PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN MANUFACTURERS
MUTUAL INSURANCE COMPANY,
                    Plaintiff,

vs.

. TOWN OF NORTH BROOKFIELD,
                    Defendant.

Civil Action
No. 03-40266-CBS

AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY'S
RESPONSES TO TOWN OF NORTH BROOKFIELD'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Mass. R. Civ. P. 34, plaintiff American Manufacturers Mutual Insurance

Company ("AMMIC") hereby responds to the Town of North Brookfield's First Request for

Production of Documents as follows:

**GENERAL OBJECTIONS**

AMMIC responds to each request subject to its General Objections as set forth herein.

These statements and objections form a part of AMMIC's response to each and every request

and are set forth here to avoid duplication.  An objection or statement may be specifically

referred to in responses to certain requests; for the purpose of clarity; however, the failure to

specifically refer to any objection or statement set forth herein shall not be construed as a waiver

of such objection or statement, even if other objections or statements are specifically stated in

response to the particular request.

By making any documents available to the Town, AMMIC does not waive, and does not

intend to waive, any objections which it may have regarding the Town's use of any document or

of any information contained in any document, and expressly reserves:  (i) all questions

regarding competency, relevance, materiality and admissibility of all information produced; (ii)

the right to object to the Town's use of any information produced, in whole or in part, in any

later stage or proceeding in this litigation on any and all proper grounds; and (iii) the right to

object on any and all proper grounds, at any time, to other discovery procedures involving or

relating to any information produced.

     1.     AMMIC objects to any definitions and instructions contained in defendant's

requests to the extent that such requests are beyond the scope of discovery required by Mass. R.

Civ. P. 26 and 34.

     2.     AMMIC also objects to any request for production of information, documents or

things to the extent that such requests are beyond the scope of discovery required by Mass. R.

Civ. P. 26 and 34.

     3.     AMMIC objects to any request for documents protected by the attorney-client

privilege and/or the attorney work product privilege or any other similar privilege or doctrine.

     4.     AMMIC objects to any request for documents which contain information that is

proprietary and/or a trade secret of AMMIC without a proper protective order and stipulation

executed by both parties.  AMMIC will provide these documents subject to such a protective

order.

     5.     AMMIC objects to any request to the extent that it is overbroad, oppressive,

unduly burdensome and/or not reasonably calculated to lead to the discovery of admissible

materials.

     6.     AMMIC objects to any request to the extent that it purports to impose on AMMIC

obligations exceeding those imposed by applicable rules of court.

7.     AMMIC objects to any request to the extent that it seeks information or documents containing or constituting trade secrets, or other confidential research, development, commercial, financial and/or proprietary information.

8.     AMMIC objects to any request to the extent that it calls for information not within the possession, custody or control of AMMIC but which may be provided by the Town or other persons during discovery in this action.

9.     AMMIC objects to any request to the extent that it is unlimited in time or encompass an overly broad time frame, is unduly burdensome and irrelevant, or is not reasonably calculated to lead to the discovery of admissible evidence.

10.     AMMIC objects to any request to the extent that it seeks information described as "concerning," "referring to," "relative to," "relating to," "supporting"on the grounds that such requests do not describe with particularity the information which the Town is seeking, or which would be calculated to lead to discovery of admissible evidence.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 1

Copies of all documents referenced in AMMIC'S Answers to the Town's First Set of Interrogatories in this matter.

### RESPONSE NO. 1

Subject to its specific objections and the General Objections, AMMIC shall produce those documents in their possession responsive to Request No. 1.

### REQUEST NO. 2

Copies of all documents reflecting, memorializing or evidencing any additional costs incurred by AMMIC in this matter.

**RESPONSE NO. 33**

Subject to its specific objections and the General Objections, AMMIC shall produce

those documents in their possession responsive to Request No. 33.

**REQUEST NO. 34**

Copies of all documents related to the run-off plan submitted by AMMIC to the Illinois

Department of Insurance on or about March 19, 2004 and any amendments thereto.

**OBJECTION**

In addition to the General Objections, AMMIC objects to Request No. 34 as it seeks

documents that are confidential, proprietary, and/or contain trade secrets of AMMIC.

**REQUEST NO. 35**

Copies of AMMIC's FY 2002 – FY 2004 financial statements, balance sheets, cash flow

statements, and any other documents related to AMMIC's current financial status and ability to

pay any judgment that may be entered in this matter.

**OBJECTION**

In addition to the General Objections, AMMIC objects to Request No. 35 as it seeks

documents that are confidential, proprietary, and/or contain trade secrets of AMMIC.

**REQUEST NO. 36**

Copies of any manuals, policies, rules or regulations or other documents related to the

handling of performance bond claims by AMMIC and its claims representatives.

**OBJECTION**

AMMIC objects to this Request because it is vague, overbroad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. AMMIC also objects

because this Request calls for documents protected by the attorney-client and work product

privileges.

**EXHIBIT  G  TO
AFFIDAVIT OF DEBORAH S. GRIFFIN IN SUPPORT OF
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-40266 CBS

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

      Plaintiff

v.

TOWN OF NORTH BROOKFIELD,

      Defendant

NOTICE OF TAKING DEPOSITION
OF AMERICAN MANUFACTURERS
<u>MUTUAL INSURANCE COMPANY</u>

Please take notice that the defendant, Town of North Brookfield, in the above-captioned

case, will take the deposition, upon oral examination, of American Manufacturers Mutual

Insurance Company pursuant to Fed. R. Civ. P. 30(b)(6) on Friday, April 22, 2005, beginning at

10:00 a.m. at the offices of defendant's counsel, Kopelman and Paige, P.C., 31 St. James

Avenue, 7th floor, Boston, Massachusetts, relative to the matters set forth in Schedule A, attached

hereto. The deposition will be conducted before a notary public or other official authorized at

law to administer oaths. The deposition will be continued from day to day until complete. You

are invited to attend and cross-examine.

TOWN OF NORTH BROOKFIELD

By its attorneys,

David J. Doneski (BBO# 546991)
Thomas W. McEnaney (BBO# 629130)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

246388/NBRO/0019

Schedule A

Pursuant to the provisions of F.R.C.P. 30(b)(6), the Plaintiff, American Manufacturers Mutual Insurance Company ("AMMIC") shall designate one or more persons who can testify on its behalf on the matters set forth below:

1.    Any and all communications between AMMIC and Sciaba Contracting Co., Inc. ("Sciaba") concerning the North Brookfield Junior/Senior High School construction Project (the "Project");

2.    Any and all commucations between or among the Town, Sciaba, AMMIC, Dore & Whittier, or any other person concerning the Project;

3.    The voluntary default of Sciaba on the Project;

4.    The recognition, development or ascertainment of any claims or defenses raised by AMMIC against the Town's performance bond claim on the Project;

5.    Any and all actions by AMMIC to retain a completing contractor following Sciaba's default;

6.    All facts related to the negotiation and execution of the completion contract;

7.    Any damages or claims asserted by AMMIC in this litigation, including any components thereof or any calculations relating thereto;

8.    Any and all facts related to any investigation undertaken by AMMIC regarding the financial status of Sciaba prior to AMMIC issuing the performance bond for the project, during the Project and after Sciaba's default;

9.    Any and all actions taken by AMMIC to investigate the progress of Sciaba's work during the course of the Project;

10.    Any facts that support AMMIC's position that the Town wrongfully paid Sciaba in May, 2003, for work performed in March and April of 2003;

11.    Any and all claims by Sciaba for additional time to complete the Project;

12.    Any facts related to the alleged overpayment made by the Town to Sciaba for work performed on the Project;

13.    Any facts relating to AMMIC's refusal to pay for roof repairs to the existing building at the Project site;

14.     Any and all claims for additional work submitted by Fontaine Brothers, Inc. and the Town to AMMIC on the completion contract;

15.     Any and all payment bond claims submitted to AMMIC by any subcontractor, materialman or claimant related to the Project;

16.     The terms of any runoff plans, so-called, and any plans or proposals, liquidated, dissolution or corporate termination submitted to the Illinois Department of Insurance on behalf of AMMIC;

17.     AMMIC's current financial status;

18.     Any actions by AMMIC to recover damages from Sciaba related to any claims paid out by AMMIC on account of Sciaba's default on the Project.

246388/NBRO/0019