UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 03-40266 CBS

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

    Plaintiff

v.

TOWN OF NORTH BROOKFIELD,

    Defendant

LOCAL RULE 56.1 STATEMENT OF
MATERIAL FACTS NOT IN DISPUTE

1. On or about April 19, 2002, the Town entered into a contract with E.J. Sciaba Contracting Company, Inc. ("Sciaba") for the construction of the North Brookfield Jr./Sr. High School ("Contract"). Plaintiff's Answer to the Town of North Brookfield's Counterclaim, ¶ 3 ("Plaintiff's Answer"), a true copy of which is attached hereto as Exhibit A. A true copy of the Contract is attached hereto as Exhibit B.

2. On or about April 19, 2002, AMMIC, as surety, and Sciaba, as principal, made, executed and delivered to the Town a performance bond ("Performance Bond") in the penal sum of $13,222,000.00. Exhibit A, ¶ 4. A true copy of the Performance Bond is attached hereto as Exhibit C.

3. Sciaba was required to complete construction of the building by July 17, 2003 and the Phase 4 parking lot and related work by November 17, 2003. Exhibit A, ¶ 5.

4. Change Order No. 3 to the Contract extended the project deadlines by 28 days so that Sciaba was required to substantially complete the building by August 15, 2003 and the Phase 4

work by December 15, 2003.  Exhibit A, ¶ 6.  A true copy of Change Order No. 3 is attached hereto as Exhibit D.

5.  On or about April 23, 2003, the Town notified Sciaba and AMMIC that Sciaba was behind schedule and it did not appear to the Town that Sciaba was likely to complete the project in a timely manner and requested a meeting with Sciaba and AMMIC.  Exhibit A, ¶ 7; a true copy of the April 23, 2003 letter from School Superintendent Robert O'Neill to AMMIC and Sciaba is attached hereto as Exhibit E.

6.  On or about May 21, 2003, representatives of the Town met with representatives of Sciaba and AMMIC to discuss the Town's concerns with Sciaba's progress.  Exhibit A, ¶ 8.

7.  The May 21, 2003 meeting was attended by representatives of Sciaba, the Town, the project architect and AMMIC and included those persons listed in the Meeting Notes of May 21, 2003 Meeting, a true copy of which are attached hereto as Exhibit F.

8.  At the May 21, 2003 meeting, there was discussion of Sciaba's financial condition, yet AMMIC's representatives did not request that the Town make any checks for future payments payable to AMMIC or to AMMIC and Sciaba jointly.  Exhibit A, ¶ 12.

9.  On or about May 21, 2003, Sciaba provided to project architect, Dore & Whittier, lien waivers executed by Sciaba's subcontractors that Sciaba had failed to provide with two previously approved payment requisitions for March, 2003 and April, 2003.  As a result, the Town made payments to Sciaba on May 21, 2003 in the amount of $287,556.28 for its March, 2003 payment requisition and on May 27, 2003 in the amount of $443,733.76 for its April, 2003 payment requisition.  Exhibit A, ¶ 13.

10.     On or about June 5, 2003, counsel for AMMIC forwarded to counsel for the Town a copy of a letter dated May 30, 2003 from Sciaba indicating that Sciaba was declaring a voluntary default for convenience on the project.  Exhibit A, ¶ 14; a true copy of the June 5, 2003 letter from AMMIC's counsel is attached hereto as Exhibit G; Plaintiff's Response to Request for Admissions, Response No. 15, a true copy of which is attached hereto as Exhibit H).

11.     Counsel for AMMIC's June 5, 2003 letter also included a letter from Sciaba requesting that all payments that were due or to become due on the project be sent to Sciaba in care of AMMIC as performance bond surety.  Exhibit A, ¶ 15.

12.     Prior to June 5, 2003, neither Sciaba nor AMMIC had requested of the Town that any payments due or that would become due on the project should be made payable to AMMIC or to AMMIC and Sciaba jointly.  Exhibit A, ¶ 16; Exhibit H, Response Nos. 2 and 3.

13.     Prior to receipt of Sciaba's May 30, 2003 letter on June 5, 2003, the Town had not made any payments to Sciaba until the labor and materials claimed as finished were certified by the Town's project architect, Dore & Whittier, and until Sciaba furnished the Town with lien waivers from Sciaba's subcontractors in accordance with the requirements of the Contract.  Affidavit of James Murray, Paragraphs 4 and 5, attached hereto as Exhibit I.

14.     Since receipt of Sciaba's May 30, 2003 letter on June 5, 2003, the Town has not made any payments to Sciaba.  Exhibit I, Paragraph 8.

15.     On or about July 2, 2003, the Town notified AMMIC and Sciaba that it was considering declaring a contractor default and requested a meeting with Sciaba and AMMIC in accordance with the requirements of paragraph 3.1 of the performance bond.  Exhibit A, ¶ 19; Town's July 2, 2003 letter, attached hereto as Exhibit J; Exhibit H, Response No. 4.

16. On or about July 5, 2003 AMMIC responded to the Town's July 2, 2003 letter indicating that it waived the requirement of a meeting and the passage of twenty days prior to terminating the contractor's right to complete the contract under paragraphs 3.1 and 3.2 of the performance bond. Exhibit A, ¶ 20; A true copy of a letter from AMMIC's counsel in response to the Town's July 2, 2003 letter is attached hereto as Exhibit K.

17. On or about July 23, 2003, the Town provided formal notice to AMMIC and Sciaba that it had declared a contractor default on the part of Sciaba and formally terminated Sciaba's right to complete the contract in accordance with paragraph 3.2 of the performance bond and in accordance with the Contract. Exhibit A, ¶ 21; a true copy of the Town's July 23, 2003 letter is attached hereto as Exhibit L; Exhibit H, Response No. 5.

18. Sciaba was required under the Contract to furnish lien waivers to the Town from its subcontractors as a condition of payment. See Paragraph 9.3.4 of the Supplementary Conditions, attached hereto as Exhibit M.

19. The two payments made in May of 2003 to Sciaba were for Payment Application Nos. 12 and 13B, which were for work performed by Sciaba in March and April of 2003, respectively. Exhibit I, Paragraph 6.

20. The only reason that the payments were not made sooner was that Sciaba had not yet furnished the required lien waivers. Exhibit I, Paragraph 7.

    TOWN OF
    NORTH BROOKFIELD,

    By its attorneys,
    /s/Thomas W. McEnaney
    David J. Doneski (BBO# 546991)
    Thomas W. McEnaney(BBO#629130)
    Kopelman and Paige, P.C.

Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007


CO-COUNSEL


<u>/s/Kieran B. Meagher</u>
Kieran B. Meagher (BBO# 340920)
92 Montvale Avenue
Stoneham, MA 02180
(781) 246-1101

267864/NBRO/0019

5