UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,
                              Plaintiff,

vs.                                                                  Civil Action No. 03-40266-CBS

TOWN OF NORTH BROOKFIELD,
                              Defendant.

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ON COUNT III OF DEFENDANT'S COUNTERCLAIM

       Plaintiff, American Manufacturers Mutual Insurance Company ("AMMIC"), has moved for summary judgment on Count III of the Town of North Brookfield's Counterclaim (the "Motion"). In a vain attempt to expand AMMIC's contractual liability on the performance bond, the Town of North Brookfield (the "Town") alleges in Count III that AMMIC breached a *tort* duty of fair dealing by not fulfilling its obligations under the bond. It is well settled in Massachusetts, however, that one's duty of good faith and fair dealing is an implied *contractual* obligation – unenforceable by an action in tort. Moreover, the economic loss rule will also preclude the Town from recovery on a tort theory because none of its claimed damages arise from personal injury or property damage. Accordingly, Count III does not lie and summary judgment should enter in AMMIC's favor.

**SUMMARY OF UNDISPUTED FACTS**

       The Town entered into a contract (the "Contract") with E.J. Sciaba Contracting Company ("Sciaba") dated April 19, 2002, for construction of the Junior/Senior High School in North Brookfield, Massachusetts (the "Project"). Facts ¶ 1. AMMIC, as surety, issued a performance

bond (the "Bond") to the Town on behalf of Sciaba, as principal, with respect to the Contract. Facts ¶ 2.

In May, 2003 Sciaba admitted default on the Project. Facts ¶ 3. On July 23, 2003 the Town formally terminated Sciaba's right to complete the contract and made demand upon AMMIC to fulfill its obligations under its Bond. Facts ¶ 4. Although AMMIC and the Town could not agree on the amount of AMMIC's Bond liability, beginning on December 3, 2003, AMMIC paid the Town $2,538,838.37 unconditionally and $784,157.80 under a reservation of rights in an effort to satisfy its obligations under the Bond. Facts ¶ 5.

AMMIC then served the Amended Complaint in the above-captioned lawsuit, seeking a declaratory judgment on the extent of its Bond liability and a refund of amounts paid to the Town under a reservation of rights. Facts ¶ 6. The Town counterclaimed and asserted claims for breach of contract, G.L. c. 93A and unspecified "tort." Facts ¶ 7.

The Town asserts the following damages:[1]

| | |
|---|---|
| $150,439.75 | cost of completion ($11,672,296) **less** remaining balance on Sciaba's Contract ($8,198,860.18) **less** AMMIC's payments ($3,332,996.17). Facts ¶ 8. |
| $674,607.24 | additional Architect Fees. *Id*. |
| $35,000.00 | legal fees. *Id*. |
| $655,000.00 | liquidated damages. *Id*. |
| $6,336.50 | cost to repair roof on old school due to work not being complete. Facts ¶¶ 8, 10, 11 |
| $16,719.40 | Keyspan charges attributable to Sciaba. Facts ¶ 8. |

None of the damages claimed are for personal injury or property damage; all are for economic loss.

---

[1] By summarizing the information above, AMMIC is not admitting that the amounts sought by the Town were either actually or reasonably incurred, and expressly reserves the right to dispute them in the event this motion is denied. It submits this information only to show what the Town's claim consists of.

2

**PROCEDURAL BACKGROUND**

AMMIC filed this suit seeking declaratory judgment on the extent of its Bond liability and a refund of amounts already paid to the Town under a reservation of rights. The Town counterclaimed, asserting claims for breach of contract, G.L. c. 93A and unspecified "tort." In Count III of its Counterclaim (the unspecified "tort"), the Town alleges that AMMIC "was obligated to honor its obligations under the performance bond and deal fairly with the Town . . . [but] negligently and/or knowingly and willfully breached its duty [to do so]." Counterclaim, ¶¶ 60-61 [docket entry #5]. Based upon the applicable law and undisputed facts above, AMMIC is entitled to summary judgment as a matter of law on Count III.

**ARGUMENT**

A.  **Summary Judgment Standard**

Summary judgment is proper when the Court, viewing the evidence in the light most favorable to the non-moving party, determines that no genuine dispute of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party can either (1) submit affirmative, undisputed evidence to negate an element of a claim; or (2) demonstrate that, due to insufficient evidence, the burden-bearing party has no reasonable expectation of proving an element of its claim at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Fireman's Fund Ins. Co. v. Harley Realty Co.*, 24 F. Supp. 2d 117, 118 (D. Mass 1998). Here, the undisputed facts summarized above negate the Town's claim entirely.

B.  **Summary Judgment Should Enter For AMMIC Because The Town's Tort Claim Does Not Lie And, In Any Event, The Town Only Seeks Economic Loss That Is Unrecoverable In Tort.**

The damages claimed by the Town constitute purely economic loss from AMMIC's alleged failure to pay under the Bond. The Town cannot recover such economic loss under

3

Count III's tort theory because: (1) AMMIC's duty to "honor its obligations under the performance bond and deal fairly with the Town" is a *contractual* obligation, not a tort duty; and (2) even if it were a tort duty, the economic loss rule bars the Town's recovery. Accordingly, this Court should allow the Motion and enter summary judgment in favor of AMMIC on Count III.

> 1. *AMMIC's duty to "honor its obligations under the performance bond and deal fairly with the Town" is a contractual obligation, not a tort duty.*

No Massachusetts case establishes either a common law tort duty to honor one's contractual obligations or a common law tort duty of fair dealing. At most, the Town could allege a claim (even though it has not) that AMMIC breached an implied covenant of good faith and fair dealing attendant to the Bond. Such a claim sounds only in contract, not in tort; absent a contract, a claim for breach of an implied covenant of good faith and fair dealing fails as a matter of law. *Levenson v. L.M.I. Realty Corp.*, 31 Mass. App. Ct. 127, 131 (1991); *Houston v. Greenwald,* 2000 WL 1273373 at \*\*6 (Mass. Super. 2000).

In Massachusetts, every contract is subject to an implied covenant of good faith and fair dealing. *See Ayash v. Dana-Farber Cancer Inst.*, 443 Mass. 367, 385 (2005); *Anthony's Pier Four, Inc. v. HBC Assocs.*, 411 Mass. 451, 473 (1991). The implied covenant in every contract is separately shaped by the nature of each contractual relationship. *See Dana-Farber Cancer Inst.*, 443 Mass. at 385. In the context of insurance contracts, the implied covenant exists and requires insurers to handle and/or settle claims in good faith. *See Thaler v. American Ins. Co.*, 34 Mass. App. Ct. 639, 641 n3 (1993) ("implicit in every contract between an insurer and insured is a covenant of good faith and fair dealing"), *overruled on other grounds by Lazaris v. Metro. Prop. and Cas. Ins. Co.*, 428 Mass. 502, 504-05 (1998); *Murach v. Massachusetts Bonding & Ins. Co.*, 339 Mass. 184, 186-87 (1959); *Abrams v. Factory Mut. Liab. Ins. Co.*, 298 Mass. 141,

4

144-45 (1937); *Hyppolite v. City of Boston*, 1993 WL 818741, at *7 (Mass. Super. 1993). An implied covenant "may not be 'invoked to create rights and duties not otherwise provided for in the existing contractual relationship ….'" *Dana-Farber Cancer Inst.*, 443 Mass. at 384.

In this case, the Town alleges that AMMIC "was obligated to honor its obligations under the performance bond and deal fairly with the Town . . . [but] . . . negligently and/or knowingly breached its duty." Facts ¶ 8. Under *Dana-Farber*, however, the implied covenant of good faith and fair dealing in the Bond does not create an additional common law tort duty, separate and apart from the contract, to honor one's contractual obligations or deal fairly. Thus, without a *separate* tort duty of good faith and fair dealing arising outside the Bond, a tort claim cannot lie in this case. Moreover, the Town's damage claim is 100% economic loss, reflecting certain additional costs that the Town claims should have been paid by AMMIC under the Bond. To recover such economic losses, the Town could only bring a contract action for breach of the Bond itself (which the Town has done in Count I) or for breach the implied covenant of good faith and fair dealing, which it also failed to do.

Count III is also doomed by the fundamental difference between failing to perform and negligent performance. While an unexcused failure to perform leads to *contract* liability, the negligent performance of the same obligation gives rise to *tort* liability. *Sullivan v. Utica Mut. Ins. Co.*, 439 Mass. 387, 395-96 (2003) (explaining that while *tort* liability exists for an insurer's failure to provide a competent defense to its insured, only *contractual* liability exists for the failure to provide any defense at all); *Hartford Cas. Ins. Co. v. New Hampshire Ins. Co.*, 417 Mass. 115, 118 (1994) (same); *Abrams v. Factory Mut. Liab. Ins. Co.*, 298 Mass. 141, 144 (1937) (same). A fair reading of Count III is that AMMIC did not "deal fairly" with the Town because it did not "honor its obligations" under the Bond; that is, it did not pay the Town the full

5

amount of its claim. Even if the Town were correct (which it is not), any wrongful failure by AMMIC to pay certain amounts is not negligent performance but could only be *a failure to perform*, to wit, a breach of either the substantive Bond obligations or the implied covenant of good faith and fair dealing attendant thereto. For example, the Town *does not* allege that the *manner* in which AMMIC made the payments it did cause damage. Accordingly, Count III's tort claim does not lie and summary judgment should enter for AMMIC.

        2.    *The economic loss rule also precludes the Town's recovery in tort.*

AMMIC is further entitled to summary judgment as a matter of law because, absent personal injury or physical damage to property caused by AMMIC, the economic loss rule precludes recovery of pure economic loss under a tort theory. *Aldrich v. ADD, Inc.*, 437 Mass. 213, 222 (2002) (quoting *FMR Corp. v. Boston Edison Co.*, 415 Mass. 393, 395 (1993)). Indeed, the Massachusetts Superior Court recently applied this rule in *Clinton v. Geologic Services Corp.* 2005 WL 2864793 (Mass. Super. 2005), ruling that a general contractor could not recover from its subcontractor – under a tort theory – the $1.2 million in delay damages resulting from a year-long dispute during a construction project. Applying the economic loss rule, the court entered summary judgment for the subcontractor and held that the additional $1.2 million in delay costs did not arise from personal injury or property damage, and therefore constituted purely economic loss – unrecoverable under a tort theory. *Geologic Serv. Corp.*, 2005 WL 2864793, at *1-2.

In this case, the only damages the Town seeks are the cost of completing Sciaba's contract work in excess of the unpaid balance of Sciaba's contract price, architects' fees allegedly stemming from Sciaba's default and from delay in Sciaba's performance, attorneys' fees, liquidated and other damages for delay and a fuel bill. As in *Geologic Services Corp.*, every item of damages alleged is an item of economic loss. In fact, as in *Geologic Services Corp.*, most of the Town's damages are delay damages. These alleged damages do not purport

6

to arise from injury to persons or property damage. As in *Geologic Services Corp.*, the Town's damages are therefore purely economic loss and unrecoverable in tort under the economic loss rule. Accordingly, summary judgment should enter for AMMIC as a matter of law.

## CONCLUSION

The Town's damages arise only from Sciaba's contract default and AMMIC's alleged failure to pay under the Bond. The Town cannot recover such economic losses under Count III's tort theory because: (1) AMMIC's duty of good faith and fair dealing is an implied contractual obligation, and the courts of this Commonwealth do not recognize a common law tort of good faith and fair dealing; and (2) even if there were such a tort, the economic loss rule bars the Town's recovery of pure economic losses in tort. Accordingly, this Court should allow the motion and enter summary judgment in favor of AMMIC on Count III.

Respectfully submitted,

**AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY**

By its attorneys
**HOLLAND & KNIGHT LLP**

*/s/ Deborah S. Griffin*
Deborah S. Griffin, BBO #211460
Jeff D. Bernarducci, BBO #657454
10 St. James Avenue
Boston, MA  02116
Tel:    (617) 523-2700
Fax:    (617) 523-6850

Dated: December 16, 2005

# 3447288_v1
431261.00002