UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,
                        Plaintiff,

vs.                                                     Civil Action No. 03-40266-CBS

TOWN OF NORTH BROOKFIELD,
                        Defendant.

PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON
COUNT III OF DEFENDANT'S COUNTERCLAIM

Plaintiff, American Manufacturers Mutual Insurance Company ("AMMIC"), has moved for summary judgment on Count III of the Town of North Brookfield's Counterclaim (the "Motion").  There is no genuine dispute on the following material facts that appear in the record:

1.      The Town entered into a contract (the "Contract") with E.J. Sciaba Contracting Company ("Sciaba") dated April 19, 2002, for construction of the Junior/Senior High School in North Brookfield, Massachusetts (the "Project").  Counterclaim ¶ 3 [docket entry #5] and Answer thereto [docket entry #6].

2.      AMMIC, as surety, issued a performance bond (the "Bond") to the Town on behalf of Sciaba, as principal, with respect to the Contract.  Counterclaim ¶ 4, Exh. A [docket entry #5] and Answer thereto, admitted [docket entry #6].

3.      On or about June 5, 2003, Deborah S. Griffin, Esq. ("Griffin"), counsel for AMMIC, forwarded to Thomas W. McEnaney ("McEnaney"), counsel for the Town, a copy of a letter dated May 30, 2003 from Sciaba indicating that Sciaba was admitting a voluntary default

on the Project.  Counterclaim ¶ 14, Exh. D [docket entry #5] and Answer thereto, admitted [docket entry #6].

4.      On or about July 23, 2003 the Town provided formal notice to AMMIC and Sciaba that it had declared a contractor default and formally terminated Sciaba's right to complete the contract in accordance with paragraph 3.2 of the Bond and in accordance with the Contract.  Counterclaim ¶ 21, Exh. D [docket entry #5] and Answer thereto, admitted [docket entry #6].

5.      Although AMMIC and the Town could not agree on the final extent of AMMIC's Bond liability, beginning on December 3, 2003, AMMIC paid the Town $2,538,838.37 unconditionally and $784,157.80 under a reservation of rights in an effort to satisfy its obligations under the Bond.  *See* Counterclaim ¶ 37 [docket entry #5] and Answer thereto, admitted [docket entry #6].

6.      AMMIC then served the Amended Complaint in the above-captioned lawsuit on or about December 3, 2003, seeking a declaratory judgment on the extent of it Bond liability and a refund of amounts already paid to the Town under a reservation of rights.  *See* Amended Complaint [docket entry #3]; Griffin Aff. Exh. 1.

7.      The Town counterclaimed and asserted claims for breach of contract, G.L. c. 93A and unspecified "tort."  See Counterclaim [docket entry #5].

8.      The Town asserts in its Counterclaim and Voluntary Disclosure that the following costs should additionally be paid by AMMIC pursuant to its Bond obligations:[1]

---

[1] By summarizing the information above, AMMIC is not admitting that the amounts sought by the Town were either actually or reasonably incurred, and expressly reserves the right to dispute them in the event this motion is denied. It submits this information only to show what the Town's claim consists of.

| | |
|---|---|
| $150,439.75 | Town's alleged funding deficiency = completion contractor's price ($11,672,296) **less** remaining balance on Sciaba's Contract ($8,198,860.18) **less** AMMIC's total payments to date ($3,332,996.17).  Griffin Aff., Exh. 2. |
| $674,607.24 | Town's claim for additional Architect Fees.  Counterclaim, ¶ 42  [docket entry #5]; Griffin Aff., Exh. 2. |
| $35,000.00 | Town's claim for legal fees as of 2/24/04.  Counterclaim, ¶ 42 [docket entry #5]; Griffin Aff., Exh. 2. |
| $655,000.00 | Town's claim for liquidated damages.  Counterclaim, ¶¶ 43, 44  [docket entry #5]; Griffin Aff., Exh. 2. |
| $6,336.50 | Town's claim for cost to repair roof on old school.  Counterclaim, ¶ 45  [docket entry #5]; Griffin Aff., Exh. 2. |
| $16,719.40 | Keyspan charges attributable to Sciaba.  Counterclaim, ¶ 46 [docket entry #5]; Griffin Aff., Exh. 2. |

9.   The Town alleges in Count III of its Counterclaim that:

Count III (Tort) . . .

60.   AMMIC was obligated to honor its obligations under the performance bond and deal fairly with the Town in the resolution of the Town's claims.

61.   AMMIC negligently and/or knowingly and willfully breached its duty to the Town.

Counterclaim, ¶¶ 60-61 [docket entry #5].

10.   North Brookfield seeks $6,336.50 for the cost of repairing a roof on the old junior-senior high school building primarily in August, 2003, arguing that "if the building was completed by August 15, 2003, as required, the Town would not have had to incur the cost of repairs to the existing high school roof."[2]  Counterclaim ¶ 45; Griffin Aff. Exh. 3 at AM17781-82.

---

[2]   Similarly, by submitting this statement and the paragraph that follows, AMMIC is not admitting that the need for the roof repair was actually caused by Sciaba's delay, and expressly reserves the right to dispute liability for such damages in the event this motion is denied.  Rather, it submits this statement to show what the Town's claim consists of, and that it is an item of alleged economic delay damages.

11. The $6,336.50 that the Town seeks for the cost of repairing the roof on the old junior-senior high school building is an item of economic damages for the alleged delay in completion of the work. Griffin Aff. Exh. 3 at AM17781-82.

                                    Respectfully submitted,

                                    **AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY**

                                    By its attorneys,

                                    **HOLLAND & KNIGHT LLP**

                                    */s/ Deborah S. Griffin*
                                    Deborah S. Griffin, BBO #211460
                                    Jeff D. Bernarducci, BBO #657454
                                    10 St. James Avenue
                                    Boston, MA  02116
                                    Tel:   (617) 523-2700
                                    Fax:   (617) 523-6850

Dated: December 16, 2005

# 3451499_v1
431261.00002