# EXHIBIT 1

Case 4:03-cv-40266-TSH    Document 48-2    Filed 12/19/2005    Page 1 of 13

Law Offices

# HOLLAND & KNIGHT LLP

10 St. James Avenue
Boston, Massachusetts 02116

617-523-2700
FAX 617-523-6850
http://www.hklaw.com

Annapolis
Atlanta
Bethesda
Boston
Bradenton
Chicago
Fort Lauderdale
Jacksonville
Lakeland
Los Angeles
Miami
New York
Northern Virginia

Oakbrook
Orlando
Portland
Providence
San Antonio
San Francisco
Seattle
St. Petersburg
Tallahassee
Tampa
Washington, D.C.
West Palm Beach

International Offices:
Caracas*
Helsinki
Mexico City
Rio de Janeiro

São Paulo
Tel Aviv*
Tokyo

*Representative Offices

December 3, 2003

DEBORAH S. GRIFFIN
617-305-2044

Internet Address:
deborah.griffin@hklaw.com

*[Stamp: JENNIFER KOOP DEC 8 2003 LONG GROVE SURETY]*

**_BY HAND and First Class Mail_**

Thomas W. McEnaney, Esq.
Kopelman & Paige, P.C.
31 St. James Avenue, 7th Floor
Boston, MA 02116

      Re:    *North Brookfield Intermediate & Senior High School Project*
            Surety:              American Manufacturers Mutual Insurance Co.
            Bond No.:        3SE 057 856
            Claim No.:       167-SE-002-989

Dear Tom:

      Please be advised that I have filed, on behalf of American Manufacturers Mutual Insurance Company, a Complaint for Declaratory Judgment (amended as of today) with the United States District Court for the District of Massachusetts. A copy of the Amended Complaint is enclosed, along with a Notice of Lawsuit and Request for Waiver of Service of Summons, and a Waiver of Service of Summons.

      Rule 4 of the Federal Rules of Civil Procedure requires parties to cooperate to avoid unnecessary costs of service. By signing and returning the enclosed waiver of service before January 2, 2004, you will allow my client to avoid incurring unnecessary costs. Pursuant to Fed. R. Civ. P. 4(d)(2)(G), I have provided an extra copy of the waiver, as well as a self-addressed envelope, postage pre-paid, so that you may comply in writing. An extra copy of the waiver is also attached for your records.

      If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you

Thomas W. McEnaney, Esq.
December 3, 2003
Page 2

will not be obligated to answer the complaint before 60 days from today, December 3, 2003. Proceeding in this manner should allow you enough time to contact me, or have an attorney do so on your behalf, to discuss an early resolution of this matter.

If you do not return the signed waiver within the time indicated, however, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you to pay the full costs of such service.

Very truly yours,

Deborah S. Griffin

DSG/bsw: # 1413197_v1
431261.00002
Enclosures
cc: Kieran B. Meagher, Esq. (w/encl., via first class mail)
Stephen J. Beatty, Esq. (w/encl., via e-mail)
Richard P. Anastasio, P.E. (w/encl., via e-mail)

# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 03-40266 FDS

| | |
|---|---|
| AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY,<br><br>Plaintiff<br><br>v.<br><br>TOWN OF NORTH BROOKFIELD,<br><br>Defendant | DEFENDANT'S VOLUNTARY DISCLOSURE PURSUANT TO FED. R. CIV. P. 26(a)(1)(A), (B), (C) AND (D) |

Now comes the defendant in the above-captioned matter, pursuant to Fed.R.Civ.P. 26(a)(1)(A), (B) and (D) respectively, and hereby disclose the identities of individuals likely to have discoverable information that the defendant may use to support its defenses, as well as documents, data compilations and tangible things in its possession, custody and control that the defendant may use for that purpose. The defendant further affirms the absence of insurance with respect to this action.

    A.    <u>Disclosure Pursuant To Fed.R.Civ.P. 26(a)(1)(A)</u>

        1.    Defendant, through its authorized agents and officers, including but not limited to:

            Ms. Leslie Scott Burton
            Town Administrator
            North Brookfield Town House
            185 North Main Street
            North Brookfield, MA 01535

            Members of the Board of Selectmen
            North Brookfield Town House
            185 North Main Street
            North Brookfield, MA 01535

Members of the School Building Committee
North Brookfield Town House
185 North Main Street
North Brookfield, MA 01535

Mr. James Murray, Chairman
School Building Committee
North Brookfield Town House
185 North Main Street
North Brookfield, MA 01535

Mr. Lee Dore
Dore & Whittier, Inc.
1795 Williston Road, Suite 5
South Burlington, VT 05403

Mr. R. John Dore
Dore & Whittier, Inc.
1795 Williston Road, Suite 5
South Burlington, VT 05403

Mr. Thomas Barden
Dore & Whittier, Inc.
1795 Williston Road, Suite 5
South Burlington, VT 05403

Mr. Chris Conway
Dore & Whittier, Inc.
1795 Williston Road, Suite 5
South Burlington, VT 05403

E.J. Sciaba Contracting Company, Inc.
18 Wolcott Street
Readville, MA 02137

Mr. Edward J. Sciaba
E.J. Sciaba Contracting Company, Inc.
18 Wolcott Street
Readville, MA 02137

Mr. Michael P. Sheehan
E.J. Sciaba Contracting Company, Inc.
18 Wolcott Street
Readville, MA 02137

Mr. Matt Daly
E.J. Sciaba Contracting Company, Inc.
18 Wolcott Street
Readville, MA  02137

Mr. Michael Haynes
E.J. Sciaba Contracting Company, Inc.
18 Wolcott Street
Readville, MA  02137

Fontaine Bros., Inc.
10 Cottage Street
Springfield, MA 01104

Mr. Christopher J. Fontaine
Fontaine Bros., Inc.
510 Cottage Street
Springfield, MA 01104

Mr. Robert O'Neill
School Superintendent
North Brookfield Town House
185 North Main Street
North Brookfield, MA 01535

Mr. Edward O'Malley
North Brookfield Town House
185 North Main Street
North Brookfield, MA 01535

Mr. Richard Anastasio
Senior Principal
Greyhawk North America
260 Crossways Park Drive
Woodbury, NY 11797-2015

Mr. Stephen J. Beatty
Senior Surety Counsel
Kemper Insurance Company
One Kemper Drive
Long Grove, IL 60049

B.   Disclosure Pursuant To Fed.R.Civ.P.26(a)(1)(B)

The Town will make all of its public records relating to the North Brookfield Jr./Sr. High School Project available for inspection by plaintiff's counsel. The documents, which are too voluminous to list separately, include project plans, specifications, change orders, contracts, correspondence, meeting minutes, payment requisitions and all other non-privileged public records relating to this matter.

C.   Disclosure Pursuant To Fed.R.Civ.P.26(a)(1)(C)

The Town claims damages in the amounts specified herein. The Town will make all of its public records relating to the Town's damages on the North Brookfield Jr./Sr. High School Project available for inspection by plaintiff's counsel.

1.   Compensatory Damages

The Town seeks the following compensatory damages from the plaintiff/defendant-in-counterclaim, American Manufacturers Mutual Insurance Company ("AMMIC"):

| | |
|---|---|
| Contract deficiency: | $150,439.72 |
| Additional design/project management costs: | $674,607.24 |
| Liquidated Damages: | $655,000.00 |
| Roof Repair: | $  6,336.50 |
| Keyspan: | $ 16,719.40 |
| | Total: $1,503,102.86 |

The Town also asserts that it is entitled to retain funds paid to it by AMMIC under a reservation of rights, which total $784,157.80.

4

2.  <u>Legal Costs</u>

The Town seeks compensation for its reasonable costs and expenses, including legal fees, incurred relative to this matter.

3.  <u>Punitive Damages</u>

The Town seeks treble damages from AMMIC pursuant to G.L. c.93A and G.L. c.176D. The Town reserves the right to amend this disclosure as more information becomes available during discovery.

D.  <u>Disclosure Pursuant to Fed.R.Civ.P.26(a)(1)(D)</u>

None.

TOWN OF NORTH BROOKFIELD

By its attorneys,

_____
David J. Doneski (BBO# 546991)
Thomas W. McEnaney (BBO #629130)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

Co-counsel:

_____
Kieran B. Meagher, Esq. (BBO# 340920)
92 Montvale Avenue
Stoneham, MA 02180
(781) 246-1101

225026/21202/0019

5

# EXHIBIT 3

11/03/2003 16:42 FAX 617 654 1735    KOPELMAN AND PAIGE    Nov 4 2003 8:44 P.02    @002/005

| | KOPELMAN AND PAIGE, P. C. | |
|---|---|---|
| LEONARD KOPELMAN<br>DONALD G. PAIGE<br>ELIZABETH A. LANE<br>JOYCE FRANK<br>JOHN W. GIORGIO<br>BARBARA J. SAINT ANDRE<br>JOEL B. BARD<br>JOSEPH L. TEHAN, JR.<br>THERESA M. DOWDY<br>DEBORAH A. ELIASON<br>RICHARD BOWEN<br>DAVID J. DONESKI<br>JUDITH C. CUTLER<br>KATHLEEN E. CONNOLLY<br>DAVID C. JENKINS<br>MARK R. REICH<br>BRIAN W. RILEY<br>DARREN R. KLEIN<br>JONATHAN M. SILVERSTEIN<br><br>EDWARD M. REILLY<br>DIRECTOR WESTERN OFFICE<br><br>WILLIAM HEWIG III<br>JEANNE S. McKNIGHT | ATTORNEYS AT LAW<br><br>31 ST. JAMES AVENUE<br><br>BOSTON, MASSACHUSETTS 02116-4102<br><br>(617) 556-0007<br>FAX (617) 654-1735<br><br>PITTSFIELD OFFICE<br>(413) 443-6100<br><br>NORTHAMPTON OFFICE<br>(413) 585-0035<br><br>WORCESTER OFFICE<br>(508) 752-0203<br><br>November 3, 2003 | KATHLEEN M. O'DONNELL<br>SANDRA M. CHARTON<br>PATRICIA A. CANTOR<br>THOMAS P. LANE, JR.<br>MARY L. GIORGIO<br>THOMAS W. McENANEY<br>KATHARINE GOREE DOYLE<br>GEORGE X. PUCCI<br>LAUREN F. GOLDBERG<br>JASON R. TALERMAN<br>JEFFREY A. HONIG<br>MICHELE E. RANDAZZO<br>GREGG J. CORBO<br>RICHARD T. HOLLAND<br>LISA C. ADAMS<br>ELIZABETH R. CORBO<br>MARCELINO LA BELLA<br>VICKI S. MARSH<br>JOHN J. GOLDROSEN<br>SHIRIN EVERETT<br>BRIAN E. GLENNON, II<br>JONATHAN D. EICHMAN<br>LAURA H. PAWLE<br>TODD A. FRAMPTON<br>JACKIE COWIN<br>SARAH N. TURNER |

BY FACSIMILE - (617) 523-6850

Deborah S. Griffin, Esq.
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116



DEPOSITION EXHIBIT
Dore  60
4-13-05    VS

Re:    North Brookfield Junior/Senior High School Project

Dear Ms. Griffin:

This is a follow-up to our October 15, 2003 meeting relative to the above-referenced project. As you may recall, you requested that the Town provide you with an estimate for the work that was performed by E.J. Sciaba Contracting Company, Inc. ("Sciaba") relative to CCD No. 3. Please be advised that project architect, Dore & Whittier, Inc. ("D&W"), issued CCD No. 3 to enable Sciaba to continue with the placement of concrete foundation walls at area "A" on July 19, 2002. CCD No. 3, along with sketch 071902, directed Sciaba to install four 6" wall sleeves A line and B line for later placement of two 4" PVC conduits to run data lines from the new high school to the elementary school. Sciaba completed the work along A line on or about August 22, 2002 and along B line on or about October 22, 2002. D&W estimate that this work cost $440.00, based upon the following breakdown:

| | |
|---|---|
| Material and labor to fabricate four 6" wall sleeves | $200.00 |
| Laborer to install four sleeves | $200.00 |
| Overhead and profit | $ 40.00 |
| Total Estimated Cost | $440.00 |

Furthermore, you also requested that the Town provide you with a more detailed breakdown of the additional costs that it incurred as a result of Sciaba's voluntary default on the project. As we discussed, the Town has incurred legal fees in the amount of approximately $10,000.00. As we also discussed, the Town incurred costs for roof repairs to the existing high school in the amount of $6,336.50 that were performed in August, 2003. At the meeting, you

KOPELMAN AND PAIGE, P.C.
Deborah S. Griffin, Esq.
November 3, 2003
Page 2

questioned whether American Manufacturers Mutual Insurance Company ("AMMIC"), as the performance bond surety, would be responsible for these costs because it was your belief that the scheduled completion date for the project was December 15, 2003. However, please be advised that the date that you cited is incorrect.

As you know, the building was originally scheduled for substantial completion on July 17, 2003. This date was extended by 28 days as a result of the unsuitable soils issue, which is addressed in Change Order No. 3. The substantial completion date for the demolition of the existing school and site work was similarly extended by 28 days from November 17, 2003 to December 15, 2003. If the building was completed by August 15, 2003 as required, the Town would not have had to incur the cost of repairs to the existing high school roof. Therefore, it is the Town's position that AMMIC is responsible for these costs.

In addition to the legal and roof costs, the Town also incurred and will incur additional costs for design and construction management services that are attributable to Sciaba's voluntary default. In accordance with your request, attached please find a breakdown of these additional fees, which total $579,027.55. This includes the additional costs incurred by the Town to date, as well as a credit to AMMIC in the amount of $256,593.38, which is the balance on the Town's contract with D&W. Please note that I can provide you with further explanation and support for this estimate upon your request and would be happy to meet with you to discuss this estimate further.

You also stated that Sciaba was entitled to an additional time extension in the amount of 60 days as a result of winter conditions. Please be advised that the Town denies that Sciaba is entitled to any time extensions on the Project, as it is the Town's position that any delays were caused by Sciaba. Sciaba's project schedule initially provided that Sciaba would close the building by January 7, 2002. At a partnering session in the Fall of 2002, Sciaba assured the Town that it would meet its deadlines. Yet, as you know, Sciaba never met its deadlines. As a result, the building was not closed prior to Winter, which would have enabled Sciaba and its subcontractors to work indoors. Since the Town and weather in no way contributed to any delays on this Project, the Town does not feel that a 60 day extension is warranted.

As you may know, the Town agreed to the completion dates of April 1, 2004 for the building and August 1, 2004 for the site and demolition work. It is the Town's understanding, however, that AMMIC has unilaterally changed the scheduled completion dates to April 30, 2004 and August 30, 2004 without the Town's knowledge and consent. Please be advised that the August 30, 2004 date for substantial completion of the site and demolition work is unacceptable. The Town has grave concerns that the August 30, 2004 will not be met, which could delay the opening of the High School and adversely impact public safety.

KOPELMAN AND PAIGE, P.C.
Deborah S. Griffin, Esq.
November 3, 2003
Page 3

Finally, as set forth in my October 22, 2003 e-mail to you, based on Greyhawk's latest schedule, it was our understanding that AMMIC was going to receive final bids on October 14, 2003 and select the completing contractor. To date, however, we have not been informed whether AMMIC has made its selection, although we have been told that Greyhawk has made its recommendation to AMMIC. Kindly advise as soon as possible whether AMMIC has selected a completing contractor. If AMMIC has not made its selection, please advise what is holding up the selection process and when we can expect a decision.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Thomas W. McEnaney

TWM/kad
Enc.
cc:  Board of Selectmen
     School Building Committee
     Mr. Lee Dore
     Kieran B. Meagher, Esq.

205014/NBRO/0017