UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,
                    Plaintiff,

vs.

TOWN OF NORTH BROOKFIELD,
                    Defendant.

Civil Action No. 03-40266-CBS

**PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO CLAIMS FOR DIRECT PAYMENT**

Plaintiff and defendant-in-counterclaim, American Manufacturers Mutual Insurance Company ("AMMIC"), has moved for partial summary judgment with respect to the failure of the defendant and plaintiff-in-counterclaim, Town of North Brookfield (the "Town"), to comply with the Massachusetts statute regarding claims for direct payment, to AMMIC's prejudice. There is no material dispute as to the following facts:

**FACTS WITH RESPECT TO MILLIS PLUMBING**

1. The Town entered into a contract (the "Contract") with E.J. Sciaba Contracting Company ("Sciaba") dated as of April 19, 2002, for construction of the Junior/Senior High School, North Brookfield, Massachusetts (the "Project"). Counterclaim [docket entry #5] ¶ 3 and Answer thereto [docket entry #6].

2. The Contract was awarded pursuant to Mass. G.L. ch. 149 §§ 44A to L, and incorporated the provisions of Mass. G.L. ch. 30 § 39F, concerning subcontractor claims for direct payment. Supplementary General Conditions § 9.0, Affidavit of Deborah S. Griffin ("Griffin Aff.") Exh. M at MDW11502.

3. By letter dated April 9, 2003, the plumbing subcontractor on the project, Millis Plumbing Co., Inc. ("Millis") made a claim for direct payment in the amount of $31,505.85, covering work through March, 2003. Griffin Aff. Exh. A.

4. Sciaba did not reply to Millis' demand. Deposition of Lee Dore ("Dore Dep.") at 193 [Griffin Aff. Exh. B]; May 7, 2003 letter from Town's attorney, Griffin Aff. Exh. C.

5. On April 29, 2003, Dore & Whittier, Inc., the Town's architect, certified Sciaba's Payment Application No. 12 in the amount of $287,556.28. Griffin Aff. Exh. E at NBDW25492.

6. Sciaba's Payment Application No. 12 covered work through March, 2003. *Id.*

7. Sciaba's Payment Application No. 12 included work performed by Millis through March, 2003, which the architect certified for a total cumulative value of $82,246.55 (before retainage of $4,112.33). *Id.* at NBDW25513 line 15400.900.

8. On May 9, 2003, Dore & Whittier, Inc., the Town's architect, certified Sciaba's Payment Application No. 13B in the amount of $443,733.76. Griffin Aff. Exh. F at NBDW27014.

9. Sciaba's Payment Application No. 13B covered work through April, 2003. *Id.*

10. Sciaba's Payment Application No. 13B included work performed by Millis through April, 2003, which the architect certified for a total cumulative value of $111,731.40 (before retainage of $5,586.57). *Id.* at NBDW27035 line 15400.900.

11. On May 21, 2003, the Town made payments on Sciaba's Payment Application No. 12 in amounts totaling $287,556.28. Deposition of James Murray ("Murray Dep.") at 128-129, Griffin Aff. Exh. D; Check to Sciaba, Depo. Exh. 90, Griffin Aff. Exh. G; June 9, 2003 letter from Town's attorney, Griffin Aff. Exh. I.

12. Of the amount paid on Application No. 12, $252,844.47 was paid to Sciaba. Check to Sciaba, Depo. Exh. 90, Griffin Aff. Exh. G; Murray Dep. at 128-129, Griffin Aff. Exh. D.

13. Of the amount paid on Application No. 12, $31,350.00 was paid to another direct payment claimant, Greenwood Industries. June 9, 2003 letter from Town's attorney, Griffin Aff. Exh. I.

14. Of the amount paid on Application No. 12, only $3,361.81 was paid to Millis pursuant to its claim for direct payment. June 9, 2003 letter from Town's attorney, Griffin Aff. Exh. I; Murray Dep. At 128-129, Griffin Aff. Exh. D; May 6, 2003 Memo from Architect, Griffin Aff. Exh. E at NBDW25494.

15. The Town explained its reasoning for paying only $3,361.81, rather than the $31,505.85 requested, in a letter to Millis from the Town's attorney dated May 7, 2003. Griffin Aff. Exh. C.

16. In determining the amount it paid on Millis' claim for direct payment, the Town made no deduction on account of unsatisfactory items of Millis' work. Dore Depo. at 186-187, Griffin Aff. Exh. B; May 7, 2003 letter, Griffin Aff. Exh. C.

17. There was no court order barring the payment of Millis' claim for direct payment. Griffin Aff. ¶ 7.

18. On May 27, 2003, the Town made payment to Sciaba on Sciaba's Payment Application No. 13B in the amount of $443,733.76. Murray Dep. at 129-130, Griffin Aff. Exh. D; Check to Sciaba, Depo. Exh. 91, Griffin Aff. Exh. H; June 9, 2003 letter from Town's attorney, Griffin Aff. Exh. I.

19. The Town did not pay to Millis any part of the amount paid by the Town on Sciaba's Payment Application No. 13B. *Id.*; Application No. 13B, Griffin Aff. Exh. F.

20. On or about July 23, 2003, the Town terminated the right of Sciaba to continue performing under the Contract and made demand upon AMMIC to respond under its Bond. Amended Complaint [docket entry #3] ¶7 and Answer thereto [docket entry #5].

21. AMMIC obtained proposals from qualified contractors and arranged for a contract to be prepared for execution by the Town and the contractor (who was selected with the Town's concurrence), together with performance and payment bonds executed by a qualified surety equivalent to the bonds issued on the Contract. Amended Complaint [docket entry #3] ¶8 and Answer thereto [docket entry #5].

22. The completing contractor's price exceeded the funds remaining unpaid under Sciaba's contract. Counterclaim [docket entry #5] ¶¶ 34-35 and Answers thereto [docket entry #6].

23. As part of the process of obtaining bids for completion of the work, AMMIC entered into ratification agreements with Sciaba's former subcontractors, including Millis. Griffin Aff. Exh. J.

24. On or about September 4, 2003, AMMIC made a payment to Millis Plumbing in the amount of $66,085.33 pursuant to the Ratification Agreement, on account of amounts previously earned by Millis but unpaid. Griffin Aff. ¶ 12.

25. If the Town had paid Millis the full $31,505.85 demanded, rather than only the $3,361.81, it paid, the amount earned by Millis but unpaid as of September 4, 2003, would have been $28,144.04 less than it was.

### ADDITIONAL FACTS WITH RESPECT TO GREENWOOD INDUSTRIES

26. By letter dated April 21, 2003, the roofing subcontractor on the project, Greenwood Industries, Inc. ("Greenwood") made a claim for direct payment in the amount of $137,350.00, covering work through March, 2003. Griffin Aff. Exh. N.

27. Sciaba did not reply to Greenwood's demand. May 7, 2003 letter from Town's attorney, Griffin Aff. Exh. O.

28. On April 29, 2003, Dore & Whittier, Inc., the Town's architect, certified Sciaba's Payment Application No. 12 in the amount of $287,556.28. Griffin Aff. Exh. E at NBDW25492.

29. Sciaba's Payment Application No. 12 covered work through March, 2003. *Id.*

30. Sciaba's Payment Application No. 12 included work performed by Greenwood through March, 2003, which the architect certified for a total cumulative value of $159,579.50 before retainage of $7,978.98, for an amount earned and payable to Greenwood of $151,600.52 net of retainage. *Id.* at NBDW25505 line 07500.05.

31. On May 21, 2003, the Town made payments on Sciaba's Payment Application No. 12 in amounts totaling $287,556.28. Murray Dep. at 128-129, Griffin Aff. Exh. D; Check to Sciaba, Depo. Exh. 90, Griffin Aff. Exh. G; June 9, 2003 letter from Town's attorney, Griffin Aff. Exh. I.

32. Of the amount paid on Application No. 12, $252,844.47 was paid to Sciaba. Check to Sciaba, Depo. Exh. 90, Griffin Aff. Exh. G; Murray Dep. at 128-129, Griffin Aff. Exh. D.

33. Of the amount paid on Application No. 12, $31,350.00 was paid to Greenwood Industries. June 9, 2003 letter from Town's attorney, Griffin Aff. Exh. I.

34. The Town explained its reasoning for paying only $31,350.00, rather than the $137,350.00 requested, in a letter to Greenwood from the Town's attorney dated May 7, 2003. Griffin Aff. Exh. O.

35. In determining the amount it paid on Greenwood's claim for direct payment, the Town made no deduction on account of unsatisfactory items of Greenwood's work. *Id.*

36. There was no court order barring the payment of Greenwood's claim for direct payment. Griffin Aff. ¶ 22.

37. On May 27, 2003, the Town made payment to Sciaba on Sciaba's Payment Application No. 13B in the amount of $443,733.76. Murray Dep. at 129-130, Griffin Aff. Exh. D; Check to Sciaba, Depo. Exh. 91, Griffin Aff. Exh. H; June 9, 2003 letter from Town's attorney, Griffin Aff. Exh. I.

38. The Town did not pay to Greenwood any part of the amount paid by the Town on Sciaba's Payment Application No. 13B. *Id.*; Application No. 13B, Griffin Aff. Exh. F.

39. On or about May 28, 2003, Sciaba delivered a check to Greenwood in the amount of $100,700.49 on account of Greenwood's work on the North Brookfield project. Griffin Aff. Exhs. P, Q.

40. Sciaba's payment mitigated, by $100,700.49, the prejudice that AMMIC suffered as a result of the fact that the Town paid Greenwood $31,350.00 rather than the full $137,350.00 demanded. (Concession by AMMIC.)

6

41.    After Sciaba's payment of $100,700.49 and the Town's payment of $31,350.00, there remained $5,299.51 of the amount for which Greenwood had made claim for direct payment that was unpaid. (Arithmetic: $137,350.00 - $31,350.00 - $100,700.49 = $5,299.51.)

42.    As part of the process of obtaining bids for completion of the work, AMMIC entered into ratification agreements with Sciaba's former subcontractors, including Greenwood. Griffin Aff. Exh. R.

43.    On or about October 21, 2003, AMMIC made a payment to Greenwood in the amount of $5,300.03 pursuant to the Ratification Agreement, on account of amounts previously earned by Greenwood but unpaid. Griffin Aff. ¶ 21.

**AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY**

By its attorneys

**HOLLAND & KNIGHT LLP**

*/s/ Deborah S. Griffin*
Deborah S. Griffin, BBO #211460
Jeff D. Bernarducci, BBO #657454
10 St. James Avenue
Boston, MA 02116
Tel:    (617) 523-2700
Fax:   (617) 523-6850

Dated:    December 16, 2005

# 2995038_v1
431261.00002