# EXHIBIT N



# GREENWOOD INDUSTRIES INC.
### Architectural Metal and Roofing Contractors

April 21, 2003

Superintendent of Schools
Town of Brookfield, MA
Two New School Drive
North Brookfield, MA 01535

Lee Dore
(802) 863 1428

(802) 863-6955

RE: Roofing and Sheet Metal,
Section 07500
North Brookfield Jr./Sr. High School
E.J. Sciaba Construction Co., Inc.

Gentlemen/Madam:

The undersigned submitted requests for periodic payments to the General Contractor totaling One hundred fifty-nine thousand five hundred seventy nine dollars and fifty cents ($159,579.50) less 5% retainage representing the amount due for labor and materials furnished to date. The General Contractor has paid Fourteen thousand two hundred fifty dollars and no cents (14,250.00) leaving a balance due of One hundred forty-five thousand three hundred twenty-nine dollars and fifty cents ($145,329.50)less 5% retainage which the General Contractor failed to pay. This is written notice to you of our failure to receive such payment, a breakdown of which is as follows:

Requisition #1 Dec. 26, 2002  $15,000.00 less retainage $  750.00  Amount due $14,250.00 $14250.00 Pd
Requisition #2 Jan 20, 2003   $24,000.00 less retainage $1,200.00  Amount due $22,800.00 $0.00 Paid
Requisition #3 Feb 28, 2003   $ 9,000.00 less retainage $  450.00  Amount due $ 8,550.00 $0.00 Paid
Requisition #4 Mar 31, 2003   $111,579.50 less retainage $5,578.98 Amount due $106,000.52 $0.00 Paid
COPIES OF INVOICES AND CHECK ENCLOSED

TOTAL REQUESTED                 $159,579.50
LESS RETAINAGE                     7,978.98
LESS PAYMENTS                     14,250.00
TOTAL AMOUNT DUE AND PAYABLE    $137,350.00

Please make direct payment to us of $137,350.00 The entire balance due, after retainage in accordance with chapter 30, sections 39F of the General Laws.

David S. Klein, President
Greenwood Industries, Inc.

David S. Klein personally appeared before me at Greenwood Industries, Inc. on April 21, 2003 and made oath that the above statements are true and that he mailed a signed copy of this letter by certified mail to the General Contractor named above on the date he mailed the original to the Awarding Authority.

Notary Public

My Commission Expires: September 11, 2003
Certified Mail:  7002 0860 0004 7983 5937
Cc: E.J. Sciaba Company, Inc. 7002 0860 0004 7983 5944

PO BOX 2800 • WORCESTER, MA 01613-2800 • Tel. (508) 865-4040 • FAX (508) 865-1123

Received Time Apr.23. 12:18PM

**EXHIBIT O**

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
ILANA M. QUIRK
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

WILLIAM HEWIG III
JEANNE S. McKNIGHT
KATHLEEN M. O'DONNELL

SANDRA M. CHARTON
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
BRIAN W. RILEY
MARY L. GIORGIO
DARREN R. KLEIN
THOMAS W. McENANEY
JONATHAN M. SILVERSTEIN
KATHARINE GOREE DOYLE
GEORGE X. PUCCI
LAUREN F. GOLDBERG
JASON R. TALERMAN
MICHELE E. RANDAZZO
GREGG J. CORBO
RICHARD T. HOLLAND
LISA C. ADAMS
ELIZABETH R. CORBO
MARCELINO LA BELLA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
TODD A. FRAMPTON
CAROLYN M. MURRAY
JACKIE A. COWIN

**KOPELMAN AND PAIGE, P. C.**

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735

PITTSFIELD OFFICE
(413) 443-6100

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

May 7, 2003

Mr. David S. Klein
President
Greenwood Industries Inc.
P.O. Box 2800
Worcester, MA 01613-2800

Re:  North Brookfield Jr./Sr. High School Project, North Brookfield, MA;
     Demand for Direct Payment; Roofing Subtrade Work

Dear Mr. Klein:

Please be advised that this firm serves as Town Counsel to the Town of North Brookfield, Massachusetts. I am in receipt of your April 21, 2003 demand for direct payment. A copy of the demand letter is attached hereto for your review and convenience. No reply was received from the general contractor, E.J. Sciaba Contracting, Inc. Based upon the information available to the Town, the amount eligible for direct payment is computed as follows:

| | |
|---|---|
| Roofing subtrade work certified for payment prior to date of demand | $ 48,000.00 |
| Change Order work certified for payment prior to date of demand | $     0.00 |
| | $ 48,000.00 |
| Less payments made to you by the general contractor, Sciaba | $ 14,250.00 |
| | $ 33,750.00 |
| Less Retainage | $  2,400.00 |
| Direct Payment Amount | $ 31,350.00 |

KOPELMAN AND PAIGE, P.C.

Mr. David S. Klein
President
May 7, 2003
Page 2

As set forth above, the amount eligible for direct payment is $31,350.00. This payment shall be charged against the next requisition submitted by E.J. Sciaba Contracting, Inc., and paid by the Town from any amounts which may become payable to E.J. Sciaba Contracting, Inc. in accordance with the priority rules established by G.L. c. 30, §39F.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Thomas W. McEnaney

TWM/rlf
Enc.
cc: Board of Selectmen
    School Building Committee
    Mr. Lee Dore
    E.J. Sciaba Contracting, Inc.

189856/NBRO/0017

**EXHIBIT P**

## CITIZENS BANK — CERTIFIED CHECK

Date: 5/28/03
Bank/Branch: 101 / 156
AMOUNT DEBITED: $100,700.49

Check Date: 5-23-03
Check #: 27207
APPR. BY: L Guss

Check Amt. $ 100,700.49
Fee Amt. $ 20.00
PREP. BY: L Gun

Check Payee: Greenwood Industries
Requested By: John Kosciak

We will retain the check which this voucher covers when presented for payment. Should you require the check, it will be necessary to present this voucher.

Name: E J Sciaba
Address: Contracting Co.
Readville, MA 02137

DEBIT ACCT.: 1109535993

⑆500000034⑆    1109535993⑊ 124    ⑊0010070049⑊

---



18 WOLCOTT STREET
P.O. BOX 191 • (617) 364-6150
READVILLE, MASSACHUSETTS 02137

E.J. SCIABA CONTRACTING COMPANY, INC.

CITIZENS BANK  5-7017/2110   27212

Pay: ****************************Fifty thousand six hundred ninety-one dollars and 44 cents

DATE: May 27, 2003
CHECK NO.: 27212
AMOUNT: $****50,691.44

PAY TO THE ORDER OF:
E.J. SCIABA CONTRACTING CO INC
18 WOLCOTT STREET
P.O. BOX 191
READVILLE, MA 02137

⑈027212⑈ ⑆211070175⑆ 1109535993⑊    ⑊000050691 44⑊

---



18 WOLCOTT STREET
P.O. BOX 191 • (617) 364-6150
READVILLE, MASSACHUSETTS 02137

E.J. SCIABA CONTRACTING COMPANY, INC.

CITIZENS BANK  5-7017/2110   27211

Pay: ****************************************One hundred thousand dollars and no cents

DATE: May 27, 2003
CHECK NO.: 27211
AMOUNT: $***100,000.00

PAY TO THE ORDER OF:
E.J. SCIABA CONTRACTING CO INC
18 WOLCOTT STREET
P.O. BOX 191
READVILLE, MA 02137

⑈027211⑈ ⑆211070175⑆ 1109535993⑊    ⑊00100000 00⑊

**EXHIBIT Q**

**GREENWOOD INDUSTRIES INC.**
P.O. Box 2800
Worcester, MA 01613

# F A X   C O V E R   S H E E T

| | | | |
|---|---|---|---|
| DATE: | August 5, 2003 | TIME: | 8:30 AM |
| TO: | Joseph Iantuono | PHONE: | (516) 921-1900 |
| | Greyhawk | FAX: | (516) 921-5649 |
| FROM: | Matthew Brown | PHONE: | (508) 865-4040 |
| | Greenwood Industries | FAX: | (508) 865-1123 |
| RE: | North Brookfield | | |
| CC: | | | |

**NUMBER OF PAGES INCLUDING COVER SHEET:** 20

*Message*

Greenwood Industries has received the following payments for the above referenced project:

| | |
|---|---|
| April 30, 2003: | $ 14,250.00 |
| May 22, 2003: | $ 31,350.00 (Direct Payment from North Brookfield) |
| May 28, 2003: | $100,700.49 |
| TOTAL: | $146,300.49 |
| | 12,737.00 |
| | 159,037.49 |

Greenwood Industries was also paid $12,737.00 for the bond premium. As a filed sub bidder in Massachusetts this premium is the obligation of the general contractor and not part of the contract.

# EXHIBIT R

| | |
|---|---|
| Contractor: | E.J. Sciaba Contracting Company, Inc. |
| Surety: | American Manufacturers Mutual Insurance Company |
| Project: | North Brookfield Intermediate & Senior High School |
| Owner/Obligee: | Town of North Brookfield, Board of Education |
| Subcontractor: | Greenwood Industries, Inc.<br>50 Howe Street, Millbury, MA 01527 |
| Claim No: | 167-SE-002-989 |
| Bond No: | 3SE 057 856 |

## RATIFICATION & ASSIGNMENT OF SUBCONTRACT
## & RELEASE AGREEMENT
### (Revised October 17, 2003)

This Ratification Agreement is entered into by and between the Surety and the Subcontractor identified above:

**Recitals:**

A. Contractor entered into a Contract with the Owner/Obligee on or about December 12, 2001 for the construction of the Project described above ; and

B. Subcontractor entered into a Subcontract with the Contractor on or about **March 22, 2002 to perform all work specified in Section 07500, "FSB – Roofing, Flashing and Sheet Metal, etc."** of the Project Specifications and as more fully defined in the Subcontract with the Contractor, such Subcontract being incorporated by reference herein; and

C. Surety provided its bond or bonds as to which the Subcontractor asserts an interest as a payment claimant; and

D. Contractor has been declared to be in default of the Contract by the Owner/Obligee, or has voluntarily admitted default under that Contract, and its right to further perform work under the Contract have been or may be terminated; and

E. Subcontractor has made or may make demand on the Contractor and the Surety under the bond for payment of amounts claimed to be due under the Subcontract (the Bond Claim); and



Greenwood Industries
October 17, 2003

North Brookfield, MA, Intermediate & Senior High School

F. As of **June 1, 2003**, the statement of the Subcontract account is agreed to be as follows:

| | | | |
|---|---|---|---:|
| 1. | Original Subcontract Amount | $ | 532,221.00 |
| 2. | Approved Change Orders | $ | 391,500.00 |
| | and Extra Work Contracts | $ | 12,737.00 |
| 3. | Adjusted Subcontract Amount | $ | 936,458.00 |
| 4. | Value of Original Subcontract Work Completed to Date | $ | 159,579.50 |
| 5. | Value of CO's and Extra Work Completed to Date | $ | 12,737.00 |
| 6. | Materials Stored on and/or off Site | $ | 0.00 |
| 7. | Total Work Completed to Date (4+5+6) = | $ | 172,316.50 |
| 8. | Amount Retained (NOT 5%) | $ | 7,978.98 |
| 9. | Total Work Completed Less Retainage (7-8) = | $ | 164,337.52 |
| 10. | Total Previously Paid | $ | 159,037.49 |
| 11. | Amount Currently Due (9-10) = | $ | 5,300.03 |
| 12. | Value of Work Not Performed (3-7) = | $ | 764,141.50 |
| 13. | Subcontract Balance (8+12): | $ | 772,120.48 |
| 14. | Additional Cost as per Attachment "A" | $ | 55,000.00 |
| 15. | Adjusted Subcontract Balance (~~12+13~~) (13+14) *RPA* : | $ | 827,120.48 |

and

G. Completion of performance of the Contractor's original Contract with the Owner/Obligee has been, or may hereafter be, undertaken by Surety, or by a new contractor selected by Surety to whom completion of the Contract may be relet; and

H. Surety and Subcontractor wish to enter into an agreement pursuant to which Surety would pay to Subcontractor sums partially or wholly currently due Subcontractor, and Subcontractor would ratify and agree to perform the Subcontract, pursuant to the conditions hereinafter set forth and, to the extent not inconsistent herewith, the terms of the Subcontract.

2



Greenwood Industries
October 17, 2003

North Brookfield, MA, Intermediate & Senior High School

## Agreement:

In consideration of the mutual agreements hereinafter set forth and the payment by Surety to Subcontractor as described below, and as an inducement therefore, the parties agree as follows:

1. Within seven (7) business days of the execution of this Agreement by both parties, Surety will pay to Subcontractor the sum of **$5,300.03**. Surety acknowledges that Subcontractor continued to work past June 1, 2003, and that Subcontractor may have earned additional money, for periods ending July 1, 2003, however, such sums will be paid to Subcontractor in accordance with the terms of paragraph 11 hereof.

2. The Amount Retained, which is set forth in recital F (8) above, will be paid to Subcontractor in accordance with the terms of paragraph 11 hereof.

3. Subcontractor warrants that the amount claimed by Subcontractor is fully and truthfully set out in recital F (11) above, and in statements and/or invoices attached hereto, and that Subcontractor does not know of any additional credits or offsets due to Contractor in connection with the Subcontract or the Project which might reduce the amount of the Bond Claim.

4. To the extent of the aforesaid payment, Subcontractor assigns, transfers and sets over to Surety all of Subcontractor's right, title and interest in and to any claims which Subcontractor has or may hereafter have against Contractor, and against any other entity, firm, corporation or fund, in connection with or in any way relating to payment for labor and materials furnished for the Subcontract or the Project.

5. Subcontractor warrants that it has paid all workmen, if any, employed by Subcontractor in connection with the Subcontract, and all suppliers of materials, services, labor and equipment, if any, used by Subcontractor on the Project through June 1, 2003 and agrees to indemnify and save harmless the Surety, Contractor, and Owner/Obligee of and from any and all liability or loss whatsoever on account of any claim for payment of labor and materials furnished for the Project against the Surety, Contractor, or Owner/Obligee by any such workmen or suppliers, or because of any misrepresentation of fact by Subcontractor set forth herein, provided, however, that Subcontractor shall not be liable to indemnify or save harmless hereunder to the extent of any amounts that may be due and owing to Subcontractor hereunder or under the Subcontract.

6. Provided Surety pays Subcontractor $5,300.03 as set forth in paragraph 1 above, Subcontractor agrees, upon request of Surety, to continue all work in progress under the Subcontract, or to resume performance of its Subcontract if Subcontractor has ceased performance. Surety agrees to pay Subcontractor for any work performed hereunder at

3



Greenwood Industries
October 17, 2003

North Brookfield, MA, Intermediate & Senior High School

Surety's request at the time(s) and upon the conditions set forth in the Subcontract. The parties acknowledge that the work cannot be completed within the original time provided in the Subcontract and that any extensions of time shall be governed by the terms of the Subcontract.

    7. Subcontractor ratifies and reaffirms the Subcontract and any Change Orders or agreed Extra Work Contracts executed or issued in connection therewith, and agrees to complete performance under the Subcontract in accordance with the terms and conditions thereof, except to the extent modified by this Agreement, waiving as against the Surety any breach or default of the Contractor that has to date occurred in respect to the Subcontract. The Surety believes but does not represent that the Owner may engage a Completing Contractor to complete the Work of the Contract, and that the Owner may require that the Completing Contractor substantially complete the Contract by April 30, 2004. The Subcontractor agrees to perform the work of its Subcontract to Substantial Completion reasonably in advance of April 30, 2004, so as to enable the Completing Contractor to complete the Work of the Contract by May 30, 2004. The parties acknowledge that this date constitutes an extension of the original substantial completion date. Any additional extensions shall be governed by the terms of the Subcontract.

As further inducement to Surety for making payment at this time, the Subcontractor hereby agrees that all guarantees and warranties required under the terms of the Subcontract pertaining to the work, labor and materials furnished by the Subcontractor shall remain in full force and effect in accordance with their terms.

If the Owner concludes that any work which the Subcontractor is obligated to perform hereunder is non-conforming or unacceptable pursuant to the Subcontract, the Subcontractor shall repair and/or complete all existing non-conforming and/or unacceptable work pursuant to the terms of the Subcontract and provided Subcontractor is provided timely notice as required by its Subcontract. Furthermore, the Subcontractor agrees to perform the additional work referenced in Line No. 14 of the Subcontractor Account, above, and more clearly defined in Attachment "A", attached hereto and made a part hereof, that will ensure the issuance of the specified roofing guarantees and warranties required under the terms of the Contract.

    8. Subcontractor understands and agrees that the work under the Contract between Contractor and Owner/Obligee may be performed by the Contractor, by the Surety, or by a Completing Contractor selected by the Surety. Subcontractor agrees that the Contractors rights under the Subcontract may be assigned or relinquished to the Surety or to a Completing Contractor.

Greenwood Industries
October 17, 2003

North Brookfield, MA, Intermediate & Senior High School

9. In the event the Subcontract is assigned to a Completing Contractor and the Completing Contractor assumes the Subcontract and this Agreement, Surety shall not be responsible for any further payment to Subcontractor, and Subcontractor shall look to the Completing Contractor or its surety for all further payments for work which is performed from and after the date of assignment provided and on the condition that the Completing Contractor and its surety furnish a sufficient payment bond governed by M.G.L. c. 149, sec. 29. Surety represents that the Completing Contractor shall furnish a Payment Bond, which shall be in the form of a Massachusetts Statutory Bond and governed by Chapter 149, Section 29.

10. In the event the Subcontract is assigned to a Completing Contractor and the Completing Contractor assumes the Subcontract, and this Agreement and the Completing Contractor and its surety furnish a payment bond governed by M.G.L. c. 149, sec. 29, the Subcontractor releases and forever discharges Contractor, the Surety and its successors or assigns from any and all claims, demands, losses, costs, damages and expenses arising from or in any way relating to the Surety's payment bond and payment for labor and materials furnished for the Project from and after the date of assignment. This release and discharge is conditioned upon the Completing Contractor and its surety furnishing a payment bond governed by M.G.L. c. 149, sec. 29.

11. Except as set forth below, the Amount Retained stated in recital F (8) hereof and the additional money earned by Subcontractor as stated in paragraph 1 hereof will be paid by Surety to Subcontractor in accordance with the terms of the Subcontract. In the event the Subcontract is assigned to a Completing Contractor and the Completing Contractor assumes the Subcontract and this Agreement, and the Completing Contractor and its surety furnish a payment bond governed by M.G.L. c. 149, sec. 29, the Amount Retained will be assigned to the Completing Contractor, and Subcontractor will look to the Completing Contractor or its surety for payment of the Amount Retained and the additional money earned in accordance with the terms of the Subcontract. In such case, the Surety will require that, upon the assignment, the Completing Contractor agree to promptly process the Subcontractor's requisitions for the additional money earned in accordance with the terms of the Subcontract.

12. Surety hereby designates **GREYHAWK, North America, L.L.C.**, as its agent and representative for the purpose of administering this Agreement on behalf of Surety. However, in no event shall **GREYHAWK North America, L. L.C.**, be independently liable to the Subcontractor for any claims or alleged damages arising out of its administration of this Agreement; rather, Surety shall be liable for any such meritorious claims or damages.



Greenwood Industries
October 17, 2003

North Brookfield, MA, Intermediate & Senior High School

IN WITNESS WHEREOF, this Agreement has been executed this ▮▮ day of ▮▮, 2003
by:

**American Manufacturers Mutual Insurance Company**

By: _____
Stephen J. Beatty, Senior Surety Counsel or  by Richard P. Anastasio, P.E., on behalf of
**GREYHAWK North America, L.L.C.,** Surety's Authorized Agent

Subcontractor:     Greenwood Industries, Inc.

By: _____
      (Signature)

      ___Marshee A. Brown_____
      (Print Name)

Its:  ___CFO_____
      (Title)

Greenwood Industries
October 17, 2003

North Brookfield, MA, Intermediate & Senior High School

## Attachment A

The Subcontractor, Greenwood Industries, agrees to assume the responsibility that the metal roof manufacturer, Englert, Inc, will issue the certifications, guarantees and warranties specified in the contract documents, including, but not limited to, the Subcontractor's corrective means and methods to provide additional layers of roofing materials on top of the existing ice and water shield, as required, including, but not limited to, a new layer of ice and water shield and any additional substrate material.

The Subcontractor will assume responsibility to remove all stored nail board that was recently inspected by the Owner/Obligee or its Architect and deemed unacceptable, and to replace the unacceptable material with material acceptable to the Architect.

The Subcontractor will assume the responsibility for any increases in any costs of the labor and materials of the Subcontractor, its subcontractors, vendors and suppliers.

All of the above will be done for the additional cost of $55,000.

American Manufacturers Mutual Insurance Company

By: _____ 10/22/03
Stephen J. Beatty, Senior Surety Counsel  or  by Richard P. Anastasio, P.E., on behalf of **GREYHAWK North America, L.L.C.**, Surety's Authorized Agent

**Subcontractor:**    **Greenwood Industries, Inc.**

By: _____
(Signature)

_____Matthew A. Brown_____
(Print Name)

Its: _____CEO_____
(Title)

7