UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,
                       Plaintiff,

vs.

TOWN OF NORTH BROOKFIELD,
                       Defendant.

Civil Action No. 03-40266-CBS

AFFIDAVIT OF DEBORAH S. GRIFFIN IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON
COUNT II OF DEFENDANT'S COUNTERCLAIM

      I, Deborah S. Griffin, am an attorney in the Boston office of Holland & Knight LLP and counsel of record for American Manufacturers Mutual Insurance Company ("AMMIC") in this matter. I have personal knowledge of the following, except where stated to be upon information and belief. I make this affidavit in support of Plaintiff's Motion for Summary Judgment on Count II of Defendant's Counterclaim.

      1.     Attached hereto as Exhibit 1 is a true and accurate copy of pages one and seven of the contract (the "Contract") between the Town of North Brookfield (the "Town") and E.J. Sciaba Contracting Company ("Sciaba") dated as of April 19, 2002, for construction of the Junior/Senior High School, North Brookfield, Massachusetts (the "Project"). The entire document was marked as Deposition Exhibit 22 in the deposition of Lee Dore ("Dore"), Rule 30(b)(6) witness for the architectural firm of Dore & Whittier, Inc. ("Dore & Whittier"), at pages I:62-63.

      2.     Attached hereto as Exhibit 2 is a true and accurate copy of the performance bond issued by AMMIC, as surety, to the Town on behalf of Sciaba, as principal, with respect to the Contract. Said performance bond was attached as Exhibit A to the Town's Answer to

[AMMIC's] Amended Complaint and Counterclaim – of which true and accurate copies of pages one and four are also attached hereto as part of Exhibit 2.

3. Attached hereto as Exhibit 3 are true copies of the following pages of the transcript of the deposition of Stephen J. Beatty: I:1, 17, 24-25, 99, 130, 136-37, 139, 146, 163-65, 170, errata page.

4. In May of 2003, AMMIC retained me and Holland & Knight LLP to provide legal advice and representation in connection with the North Brookfield Project and other Sciaba contracts bonded by AMMIC.

5. Attached hereto as Exhibit 4 is a true and accurate copy of my curriculum vitae that demonstrates my extensive experience with insurance, construction and surety law over the past 30 years. I have thirty (30) years experience representing sureties, served as a Vice Chair of the American Bar Association's Fidelity and Surety Law Committee for fifteen (15) years, served on the Governing Committee of the ABA's Forum on Construction for six (6) years and have frequently written and spoken locally and nationally on surety law topics. I am a fellow of the American College of Construction Lawyers.

6. I attended an on-site Project meeting on May 21, 2003, upon North Brookfield's request, at which performance issues on the Project were discussed.

7. Attached hereto as Exhibit 5 are true copies of the following pages of the transcript of the first volume of the deposition of Lee Dore, Project Manager for Dore & Whittier, the project architects on the North Brookfield Junior/Senior High School, and Dore & Whittier's designated 30(b)(6) fact witness: I:1, 140, 148-52, 158, 160-61, 168-69, errata page.

8. Attached hereto as Exhibit 6 is a true and accurate copy of a letter sent from the Town to Jean Brooker dated April 23, 2003. This document was authenticated and marked as

Deposition Exhibit 48 in the Dore deposition at page I:140.  Another copy of the same letter, with additional handwritten notes, was marked as Deposition Exhibit 85 and further authenticated by its author, Robert O'Neil, North Brookfield's Superintendent of Schools.  *See* O'Neil deposition at pages I: 75-76 and Exhibit 18 attached hereto at ¶ 20.

9. Attached hereto as Exhibit 7 is a true and accurate copy of Sciaba's May 30, 2003 letter, delivered to me, by which it advised the Town that it was unable to complete the Project and admitted a voluntary default.  This document was marked as Deposition Exhibit 145 in the Beatty deposition at page I:130.

10. Attached hereto as Exhibit 8 is a true and accurate copy of my June 5, 2003 letter, together with its enclosures, by which I transmitted Sciaba's May 30 voluntary default letter to Thomas W. McEnaney, attorney for the Town of North Brookfield.  This document was marked as Deposition Exhibit 146 in the Beatty deposition at page I:139.

11. Attached hereto as Exhibit 9 are true copies of the following pages of the transcript of the deposition of Richard P. Anastasio, P.E., in his capacity as a fact witness:  I:1, 91, 143, errata page.

12. Attached hereto as Exhibit 10 is a true and accurate copy of an email sent to me on June 9, 2003 by Richard Anastasio describing his analysis of Sciaba's projects and his visits to the project sites.  This document was authenticated and marked as Deposition Exhibit 166 in the Anastasio deposition at page I: 91:10-19.

13. Attached hereto as Exhibit 11 are true copies of the following pages of the transcript of the deposition of James Murray, the Town of North Brookfield's designated 30(b)(6) fact witness:  I:1, 53-54, 111, 117-20, 139, 141-46.

14.     Attached hereto as Exhibit 12 is a true and accurate copy of a July 2, 2003 letter I received from Mr. McEnaney, requesting a meeting with AMMIC and advising that it was considering declaring a contractor default on the Project.  This document was authenticated and marked as Deposition Exhibit 87 in the Murray deposition at page I:118.

15.     Attached hereto as Exhibit 13 is a true and accurate copy of my July 3, 2003 letter (misdated June 5, 2003) I sent to Mr. McEnaney in response to the Town's July 2 letter that requested a meeting with AMMIC and considered declaring Sciaba in default.  This document was marked as Deposition Exhibit 147 in the Beatty deposition at page I:146.

16.     Attached hereto as Exhibit 14 is a true and accurate copy of the following portions of the Town of North Brookfield's Answers to Plaintiff's First Set of Interrogatories: Interrogatory 11, 12, 14, and 15.

17.     Attached hereto as Exhibit 15 is a true and accurate copy of a July 23, 2003 letter I received from Mr. McEnaney formally declaring a contractor default and terminating Sciaba at the Project.  This document was marked as Deposition Exhibit 88 in the Murray deposition at page I:117.

18.     Attached hereto as Exhibit 16 is a true and accurate copy of analyses performed by Richard Anastasio and sent to Stephen Beatty.  This document was authenticated and marked as Deposition Exhibit 151 in the Beatty deposition at page I: 163:22-164:6.

19.     Attached hereto as Exhibit 17 is a true and accurate copy of Meeting Notes from the August 6, 2003 North Brookfield School Building Committee Meeting.  This document was authenticated and marked as Deposition Exhibit 55 in the Dore deposition at page I:148.

20.     Attached hereto as Exhibit 18 are true copies of the following pages of the transcript of the deposition of Robert O'Neill:  I:1, 75, 76, 105, 156, errata page.

21. Attached hereto as Exhibit 19 is a true and accurate copy of the Final List of Potential Bidders approved by the Town to receive the Request for Proposals ("RFP") AMMIC prepared for the completion of the Project. This document was authenticated and marked as Deposition Exhibit 56 in the Dore deposition at page I:150.

22. Attached hereto as Exhibit 20 is a true and accurate copy of a August 14, 2003 Memorandum (reprinted "9 March 2004") from Dore & Whittier to Anastasio. This document was authenticated and marked as Deposition Exhibit 57 in the Dore deposition at pages I:150-51.

23. Attached hereto as Exhibit 21 is a true and accurate copy of an email I sent to Mr. McEnaney on August 20, 2003, with its attachment. This document was marked as Deposition Exhibit 58 in the Dore deposition at page I:152.

24. Attached hereto as Exhibit 22 is a true and accurate copy of Meeting Notes from the September 10, 2003 North Brookfield School Building Committee meeting. This document was authenticated and marked as Deposition Exhibit 89 in the Murray deposition at page I: 19:23-120:10.

25. Mr. Beatty and I met with Mr. McEnaney and Kieran Meagher (another attorney for the Town) on or about October 15, 2003, and discussed, among other issues, AMMIC's overpayment defense. At this meeting, Mr. Beatty and I requested additional detail and supporting documentation for the Town's damage claims.

26. Attached hereto as Exhibit 23 is a true and accurate copy of an email exchange between myself and Mr. McEnaney on November 4, 2003 in which he acknowledges my request for additional information on costs claimed on the performance bond arising from any and all Dore & Whittier fees. This document was marked as Deposition Exhibit 61 in the Dore deposition at pages 160-61.

27. Shortly before the May 21, 2003 meeting with the Town, I participated in a meeting with Edward J. Sciaba, Jr., his attorney Bert Capone, and Stephen Beatty. During this meeting we discussed all Sciaba Contracting's AMMIC-bonded construction contracts and Sciaba Contracting's overall financial condition. During this meeting Mr. Beatty requested that Mr. Sciaba provide current financial information relative to (1) Sciaba Contracting as an organization and (2) all AMMIC-bonded construction projects.

28. Attached hereto as Exhibit 24 is a true and accurate copy of the October 23, 2003 email from Mr. Anastasio to Mr. Beatty enclosing the best and final bid of Fontaine Bros., Inc. ("Fontaine"), the ultimate completion contractor on the Project, dated October 17, 2003. These documents were authenticated and marked as part of Deposition Exhibit 153 in the Beatty deposition at page I:170.

29. Attached hereto as Exhibit 25 is a true and accurate copy of an email exchange between Mr. Beatty, myself and Mr. Anastasio on October 24, 2003. This document was authenticated and marked as Deposition Exhibit 152 in the Beatty deposition at page I:165.

30. Attached hereto as Exhibit 26 is a true and accurate copy of a November 3, 2003 letter, without its enclosure, that I received from Mr. McEnaney, attorney for the Town of North Brookfield, on the same date. This document was authenticated and marked as Deposition Exhibit 60 in the Dore deposition at page I: 158:13-22.

31. Attached hereto as Exhibit 27 is a true and accurate copy of a letter, with its enclosures, that I sent to Mr. McEnaney on November 21, 2005. This letter was based in part on input and findings from Mr. Anastasio as well as my own knowledge of the legal issues. This document was authenticated and marked as Deposition Exhibit 95 in the Murray deposition at page I: 144:23-145:17.

32. I did not receive copies of the contract between Dore & Whittier and the Town, or the invoices for Dore & Whittier's design and construction management fees, until December 4, 2003. Attached hereto as Exhibit 28 is a true and accurate copy of the December 4, 2003 cover letter from Mr. McEnaney enclosing the Dore & Whittier contract(s) with the Town and related invoices. This document was marked as Deposition Exhibit 67 in the Dore deposition at page I:168:19-25, 169:1-2.

33. Attached hereto as Exhibit 29 is a true and accurate copy of the November 5, 2003 letter, with its enclosure, that I sent to Mr. McEnaney on the same date. This document was authenticated and marked as Deposition Exhibit 59 in the Dore deposition at page I: 155:3-9.

34. Attached hereto as Exhibit 30 is a true and accurate copy of one November 12, 2003 letter, with its enclosure, that I received from Mr. McEnaney on that same day. This document was authenticated and marked as Deposition Exhibit 93 in the Murray deposition at page I: 141:24, 142:1, 143:3-9.

35. Attached hereto as Exhibit 31 is a true and accurate copy of a letter, with its enclosures, that I delivered to Mr. McEnaney on November 12, 2003. This document was authenticated and marked as Deposition Exhibit 92 in the Murray deposition at page I:139:11-22.

36. Attached hereto as Exhibit 32 is a true and accurate copy of a letter I sent to Mr. McEnaney on November 14, 2003.

37. Attached hereto as Exhibit 33 is a true and accurate copy of the executed Completion Contract between the Town of North Brookfield and Fontaine Bros., Inc. ("Fontaine") dated December 15, 2003, which was authenticated and marked as Exhibit 96 in the Murray deposition at pages I:145:22-146: 3.

38. Attached hereto as Exhibit 34 are true copies of the following pages of the transcript of the deposition of Leslie Burton, a Rule 30(b)(6) witness for the Town: I: 1, 4-6, 42-44.

39. On December 3, 2003, I delivered three checks to Mr. McEnaney on AMMIC's behalf in the total amount of $2,538,828.37 unconditionally. On the same date I delivered another check for $659,157.80 under a reservation of rights. Attached hereto as Exhibit 35 is a true and accurate copy of the December 3, 2003 cover letter that enclosed these checks to Mr. McEnaney. This document was marked as Deposition Exhibit 109 in the Burton deposition at pages I:42:20-43:6. These checks were ultimately received by the Town. *See* Exhibit 34, I:43:4-9.

40. AMMIC also paid $125,000 on December 15, 2003 which represented part of the $275,000 increase in Fontaine Bros., Inc.'s price as a result of a Notice to Proceed not issuing by November 14, 2003. Attached hereto as Exhibit 36 is a true and accurate copy of the December 15, 2003 cover letter that enclosed the $125,000 check to Mr. McEnaney. This document was marked as Deposition Exhibit 111 in the Burton deposition at pages I:44:17-18.

41. Upon information and belief, the Town paid the remaining $150,000 of Fontaine's price increase.

42. Attached hereto as Exhibit 37 is a true and accurate copy of an email, together with its attachment, sent to me from Fontaine's counsel, Richard P. Garrity, dated November 5, 2003 at 11:29 a.m., outlining certain issues with the proposed completion contract.

43. Attached hereto as Exhibit 38 is a true and accurate copy of an email to me from Mr. McEnaney, dated November 5, 2003 at 4:09 p.m.

44. Attached hereto as Exhibit 39 is a true and accurate copy of an email from me to Mr. McEnaney, dated and sent November 6, 2003 at 3:54 p.m.

45. Attached hereto as Exhibit 40 is a true and accurate copy of an email from me to Mr. McEnaney and others, dated and sent November 7, 2003 at 10:03 a.m., together with its enclosure. McEnaney did not respond to my request in that email to respond "ASAP," nor did he communicate to me prior to November 12, 2003 that he would have additional input on the completion contract.

46. Attached hereto as Exhibit 41 is a true and accurate copy of an email I sent to Mr. McEnaney and others on November 11, 2003 at 4:01 p.m.

47. Attached hereto as Exhibit 42 is a true and accurate copy of pages one and four of Defendant's July 28, 2004 Voluntary Disclosure Pursuant To Fed. R. Civ. P. 26(a)(1)(A), (B), (C) and (D).

48. By way of discovery in this litigation as well as a related proceeding, I have collected over 80,000 pages of documents.

49. Attached hereto as Exhibit 43 is a true and accurate copy of the following pages of volume one of the Project Manual, which was part of Sciaba's contract with the Town, that was marked as Exhibit 78 in the Murray deposition at page 53-54: pages MDW11412-13, MDW11420-23, MDW11428-29, MDW11510.

Signed under the penalties of perjury this _____th day of December, 2005.

                                                     */s/ Deborah S. Griffin*
                                                     Deborah S. Griffin

# 3351005_v3
431261.00002