# EXHIBIT  8

# HOLLAND & KNIGHT LLP

Ex. 14G

10 St. James Avenue
Boston, Massachusetts 02116

617-523-2700
FAX 617-523-6850
http://www.hklaw.com

| | |
|---|---|
| Atlanta | Orlando |
| Bethesda | Portland |
| Boston | Providence |
| Bradenton | San Antonio |
| Chicago | San Francisco |
| Fort Lauderdale | Seattle |
| Jacksonville | St. Petersburg |
| Lakeland | Tallahassee |
| Los Angeles | Tampa |
| Miami | Washington, D.C. |
| New York | West Palm Beach |
| Northern Virginia | |

| International Offices: | |
|---|---|
| Caracas* | São Paulo |
| Helsinki | Tel Aviv* |
| Mexico City | Tokyo |
| Rio de Janeiro | |
| | *Representative Offices |

## PREVIOUSLY FAXED

June 5, 2003

**DEBORAH S. GRIFFIN**
617-305-2044

Internet Address:
deborah.griffin@hklaw.com

***VIA TELECOPIER***
***(617) 654-1735 and***
***First Class Mail***

Thomas W. McEnaney, Esq.
Kopelman & Paige, P.C.
31 St. James Avenue, 7th Floor
Boston, MA 02116

> Re:  *North Brookfield Intermediate & Senior High School Project*
> *DW Project No.:*   00-404
> *Surety:*   *American Manufacturers Mutual Insurance Co.*
> *Bond No.:*   *3SE 057 856*
> *Claim No.:*   *167-SE-002-989*

Dear Tom:

Please find enclosed copies of letters dated May 30, 2003, signed by Ed Sciaba of E.J. Sciaba Contracting Company, Inc., addressed to Robert O'Neill, Superintendent of Schools, North Brookfield Public Schools. One letter directs that all future payments be sent to Steve Beatty on behalf of the surety. The other letter constitutes Sciaba's acknowledgement of default. I do not know the whereabouts of the originals of these letters. I only received fax copies.

Thomas W. McEnaney, Esq.
June 5, 2003
Page 2

        We will be in touch further as the surety obtains additional information firms up its plan with respect to this default.

                                        Very truly yours,

                                        HOLLAND & KNIGHT LLP

                                        *Deborah S. Griffin*

                                        Deborah S. Griffin

DSG/bsw: BOS1 #1344976 v1
431261.00005
Enclosures
cc:    Stephen J. Beatty, Esq. (w/o encl.)
       Richard P. Anastasio, P.E. (w/o encl.)



**E.J. SCIABA
CONTRACTING
COMPANY, INC.**

May 30, 2003

Robert O'Neill
Superintendent of Schools
North Brookfield Public Schools
10 New School Drive
North Brookfield, MA 01535

Re:   *North Brookfield Intermediate & Senior High School Project*
     DW Project No.:   *00-404*
     Surety:     *American Manufacturers Mutual Insurance Co.*
     Bond No.:   *3SE 057 856*
     Claim No.:   *167-SE-002-989*

Dear Mr. O'Neill:

We hereby irrevocably request that all payments due or to become due on account of the contract between Town of North Brookfield Board of Education and E.J. Sciaba Contracting Company, Inc. for work on the North Brookfield Intermediate & Senior High School Project be forwarded to the undersigned in care of American Manufacturers Mutual Insurance Co., Stephen J. Beatty, Esq., Kemper Insurance Companies, 1 Kemper Drive, Bldg. 4, Floor 3, K-7, Long Grove, IL 60049-0001, which company is surety on Performance and Labor and Material Payment bonds given in connection with the aforesaid contract.

There will be no modification or change in these instructions without the written authorization and consent of American Manufacturers Mutual Insurance Co.

Very truly yours,

E.J. SCIABA CONTRACTING COMPANY, INC.

Edward J. Sciaba, Jr.
President

BOS1 #1343351 v1
431261.00002



**E.J. SCIABA
CONTRACTING
COMPANY, INC.**

May 30, 2003

Robert O'Neill
Superintendent of Schools
North Brookfield Public Schools
10 New School Drive
North Brookfield, MA 01535

  *Re:* *North Brookfield Intermediate & Senior High School Project*
   *DW Project No.:* *00-404*
   *Surety:*   *American Manufacturers Mutual Insurance Co.*
   *Bond No.:*  *3SE 057 856*
   *Claim No.:*  *167-SE-002-989*

Dear Mr. O'Neill:

  Due to circumstances beyond our control, we regret to advise you that we are unable to complete the captioned contract. We, accordingly, hereby irrevocably acknowledge that we are declaring a voluntary default for convenience on said contract and waive any notice required under the contract documents.

  We request that you discuss with our surety the matter of completing this contract.

       Very truly yours,

      E.J. SCIABA CONTRACTING COMPANY, INC.

      Edward J. Sciaba, Jr.
      President

BOS1 #1343331 v1
131261.00002

# EXHIBIT  9

00001

1           UNITED STATES DISTRICT COURT

2           DISTRICT OF MASSACHUSETTS

3               C.A. 03-40266 CBS

4

5    AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY

6                v.

7           TOWN OF NORTH BROOKFIELD

8

9

10

11

12

13

14     DEPOSITION OF RICHARD P. ANASTASIO, a witness called on

15  behalf of the DEFENDANT, taken pursuant to Notice Under

16  General Rules of Civil Procedure of the Superior Court, before

17  Sharon G. Hersey, Registered Professional Reporter, a Notary

18  Public in and for the Commonwealth of Massachusetts, at

19  Kopelman & Paige, 31 St. James Avenue, Boston, Massachusetts

20  on Thursday, May 19, 2005, commencing at 9:02 na.m.

21

22

23       CDA CONNOR & DESMARAIS AGENCY
           517 Walnut Street
24      Saugus, Massachusetts 01906
           (781) 231-0900

00091

1    concerns regarding Sciaba's financial status and the

2    status of completion?

3        MS. GRIFFIN:  Objection.

4        THE WITNESS:  No.  I just knew that

5    there was going to be a meeting between the

6    surety and Sciaba.

7        MR. MCENANEY:  Okay.  Mark this as the

8    next exhibit and then this as the one after

9    that.

10       (Exhibits 165 and 166 marked for

11    identification).

12 Q    (By Mr. McEnaney)  All set?  Okay?

13 A    Yes.

14 Q    Okay.  Regarding the document that's been marked as

15    Exhibit 165, could you identify that, please?

16 A    It is -- well, there's actually two parts of it:  One is

17    an e-mail I was copied to and the other is from Attorney

18    Griffin to Steve Beatty and then my response to both of

19    them.

20 Q    Okay.  And regarding your response --

21 A    Yes.

22 Q    -- which is the top half of the document --

23 A    Right.

24 Q    -- you state that you have little faith in the accounting

00143

1        MS. GRIFFIN:  Objection.  You can

2     answer.

3        THE WITNESS:  It doesn't appear to be,

4     no.

5  Q   (By Mr. McEnaney)  Okay.  And what did you conclude based

6     upon your analysis of the bids received?

7  A   They were higher than our estimated costs to complete and

8     I needed to get -- I needed to determine whether there

9     was any costs associated with the six clarifications.

10  Q   Were you able to make that determination regarding the

11     six clarifications?

12  A   I believe, yes.

13  Q   Okay.  And do you recall what your -- what the result of

14     that was?

15  A   There were some adjusting -- there was -- there was

16     considerable discussion about price.  It related to these

17     items as well as related to the base bid price.

18  Q   What were those discussions?

19  A   Well, they centered around the fact that the bids were

20     considerably higher than we had estimated them to be and

21     we were trying to obtain a breakdown individually

22     according to the specification section so we could get a

23     better handle on why the numbers and the costs were where

24     they were.  And that applies to all three, not just the

ERRATA SHEET
Deposition of Richard P. Anastasio

I, Richard P. Anastasio, do hereby certify that I have read the foregoing transcript of my testimony taken on May 19, 2005, and further certify that, subject to the following list of corrections, said transcript is a true and accurate record of said testimony.

Signed under the pains and penalties of perjury.

Dated this 14th day of July , 2005.

Richard P. Anastasio

LIST OF CHANGES

| Page/Line | Change | Reason |
|---|---|---|
| Throughout | Change "Gray Hawk" to "Greyhawk" | Spelling |
| Throughout | Change "Dorr" to "Dore" | Spelling |
| 5:11 | Change "Wood Hull" to "Woodhull" | Spelling |
| 8:2 | Delete "situations" | Stenographic |
| 9:10 | Change "were" to "or" | Stenographic |
| 10:10 | Change "Doreen" to "Dore &" | Stenographic |
| 13:2 | Change "Grummond" to "Grumman" | Stenographic |
| 13:3 | Change "McDonald" to "McDonnell" | Stenographic |
| 19:1 | Change "Lunderman" to "Lumbermens" | Stenographic |
| 19:23 | Change "Chemical" to "Chemico" | Stenographic |
| 21:8, 9 | Change "Professionals," to "Professional" | Stenographic and punctuation |
| 24:6 | Add "recall any." | Stenographic |
| 24:10 | Change "agreed" to "agree" | Stenographic |
| 24:19 | Insert "only" after "could" | Stenographic |
| 25:13 | Should say: "way it evolved.  It was not one task. They were all kind of going" | Stenographic and punctuation |
| 25:17 | Change "or" to "and" | Stenographic |
| 26:15 | Change "where" to "the way" | Stenographic |
| 27:3-4 | Change "Iantuano" to "Iantuono" | Spelling |
| 27:5-6 | Change "Remeau" to "Rameau" | Spelling |
| 28:3 | Add new sentence after "Tunnel" When the Obligee rescinded its declaration of default, Greyhawk and the Surety completed the work with the Surety's Bond Principal . | Clarification |
| 29:11 | Change "five, six" to "-5, -6" | Spelling |
| 31:11 | Change "got" to "that got me" | Stenographic |
| 31:22 | Change "incidence" to "incident" | Stenographic |
| 32:15 | Insert "reason" after "the" | Stenographic |
| 33:4 | Change "he's" to "he was" | Stenographic |

| 33:23 | Change "first" to "versed" | Stenographic |
|---|---|---|
| 33:24 | Change "anymore" to "on more" | Stenographic |
| 34:1 | Change "than" to "then," | Stenographic and punctuation |
| 34:11 | Insert "the" before "first" | Stenographic |
| 36:6-8 | I thought he said "March" not "May" | Clarification |
| 39:3 | Change "nineteenth" to "thirteenth" | Memory refreshed |
| 43:2 | Add: "other than when Mr. Beatty learned about the impending May 21 meeting." | Clarification |
| 43:23 | Change "air. We drove," to "area, we drove over," | Stenographic and punctuation |
| 48:11 | Change "Burt" to "Bert" | Spelling |
| 48:12 | Change "Daley" to "Daly" | Spelling |
| 50:23 | Change "Coop" to "Koop" | Spelling |
| 51:15 | Change "Masaro" to "Massaro" | Spelling |
| 52:2 | Change "Mass." to "School" | Stenographic or I misspoke |
| 53:22 | Change "Daley" to "Daly" | Spelling |
| 63:9 | Change "impune" to "impugn" | Spelling |
| 76:5 | Change "2002" to "2003" | Accuracy |
| 77:18, 23 | I thought the question was May 21, not May 1. The answer is accurate either way. | |
| 80:1, 3 | Delete "of" | Stenographic |
| 82:12 | Change "commence" to "commensurate" | Stenographic |
| 82:18 | Change "to" to "the" | Stenographic |
| 85:24 | Change "have" to "had" | Stenographic |
| 87:19 | Change "5/1/2003" to "5/21/2003" | Stenographic |
| 93:5 | Change "subcontractor" to "subcontract or" | Stenographic |
| 99:14 | Insert a comma after "probably" | Punctuation |
| 111:21 | Should read: "vendors to complete, finding out if they were willing to accept the" | Stenographic |
| 116:6 | Change "a range" to "arrange" | Stenographic |
| 122:4 | Capitalize the second "That" | Stenographic |
| 122:15 | Change "on" to "by" | Stenographic |
| 125:11 | Insert a comma after "understand" | Punctuation |
| 125:12 | Change the period to a comma and insert a comma after "Millis" | Punctuation |
| 126:4 | I did not say "company" but I do not know what word should be substituted. Perhaps "architect" | Stenographic |
| 130:20, 21 | Change "scrapes" to "scribbles" | Stenographic |
| 131:8 | I was referring to when the RFP would go out, not when a contract would be awarded. | I must have misheard the question |
| 138:15 | Change "funding" to "final" | Stenographic |
| 145:15 | Change "corresponding" to "responding" | |

| 147:13 | Change "this deal" to "the steel" | Stenographic |
| 155:24 | Change "the" to "there" | Stenographic |
| 157:16 | Change "Remeau" to "Rameau" | Spelling |
| 166:4 | Change "rec's" to "req's" | Stenographic |
| 174:16-17 | Should say: "paper that asked them to advise me of the completion dates on which they based their most competitive price to complete." | Memory refreshed. |
| 180:3 | Change "Dalbare" to "D'Albert" | Spelling |
| 185:22; 186:1 | Should say: "I did not discuss the specific dates in the agreement but I discussed the request that the bidders advise me of the completion dates on which they based their most competitive price to complete." | Memory refreshed |
| 186:19-187:3 | I now recall that I did not specify a different set of dates for the best and final round.  Instead, I asked that the bidders advise me of the completion dates on which they based their most competitive price to complete. | Memory refreshed. |
| 197:19, 22 | Change "Maher" to "Meagher" | Spelling |
| 198:5 | Change "Maher" to "Meagher" | Spelling |
| 204:6 | Change "this deal" to "the steel" | Stenographic |
| 205:15 | Change "allucidate" to "elucidate" | Spelling |
| 212:14 | Change "must" to "would" | Stenographic |
| 219:19 | Should say: "That's not something you would see if the work was done properly." | Stenographic |
| 235:5 | Delete "in terms" | Stenographic |
| 238:3 | Change "strong" to "smart" | Stenographic |
| 238:12 | Change "appoint" to "opine" | Stenographic |
| 240:21, 22 | Change "subbidder" to "sub-bidder" | Punctuation |

# 3047421_v1
431261.00002

# EXHIBIT  10

Ex. 166

 "Anastasio, Rich" <ranastasio@greyhawk.com> on

To:       "'deborah.griffin@hklaw.com'" <deborah.griffin@hklaw.com>, "Anastasio, Rich"
          <ranastasio@greyhawk.com>
cc:       michael.maroney@hklaw.com, sbeatty@kemperinsurance.com
From:     "Anastasio, Rich" <ranastasio@greyhawk.com>

Date:     06/09/2003 08:56 AM
Subject:  RE: Draft Request for Expression of Interest / North Brookfield

I will rework the financial status worksheets on all 3 projects; however, I have to get a better idea as to
what the real figures are. After last week and my experience at both Winthrop and N Brookfield, I am not
certain exactly what the truth is.  It appears that the EJS tactic was to write checks on both projects even
though it didn't have sufficient funds to cover the full value of the checks; therefore certain vendors & S/C
actually received payments for March invoices but it appears that none  received a payment from EJS for
their April invoices on either project. Those vendors & S/C who had the checks certified for sufficient
funding upon receipt or those who cashed the checks immediately upon receipt appear to be the only
companies that actually got paid.  Unfortunately, I can't reconcile the A/P info we received from EJS with
the information given to me by the vendors, because the EJS records reflect some check payments that
were never received, bounced for insufficient funds etc.  Additionally, the records may not reflect invoices
that the vendors produced during our meetings at the jobsite.

 I will need all of today and most of tomorrow to determine the status of those vendors and S/C that visited
me at both projects.  I will deal with this issue as my number one priority as it affects everything thereafter;
i.e the RFP, cost to complete etc.

My current plan is to return to Boston area on Tuesday evening and meet at the Brookline project with all
of the vendors and S/C for that project on Wed. 6/11/03.  I suspect the results will be similar to the other 2
projects, all of which will delay my analysis of the true financial picture, but it is a process that I must
continue just to get a better idea of the real situation.

I would also make it a point to return to Winthrop on either Thursday or Friday depending on which day will
yield the most in terms of resolution.

I am assembling my notes for all of the vendors that we processed, so I can fashion an affidavit, but it
appears that most of the monies collected by EJS on the Winthrop project and the No Brookfield projects
for the March and April requisitions cannot be accounted for.

-----Original Message-----
**From:** deborah.griffin@hklaw.com [mailto:deborah.griffin@hklaw.com]
**Sent:** Tuesday, June 03, 2003 3:29 PM
**To:** ranastasio@greyhawk.com
**Cc:** michael.maroney@hklaw.com
**Subject:** RE: Draft Request for Expression of Interest / North Brookfield


Given what we've learned about recent payment(s) it is likely that we need to update even the information you had as of 5/16, so please give the whole thing a thorough review.

Deborah S. Griffin
Holland & Knight LLP
10 St. James Avenue
Boston, MA  02116
Direct Dial:  617.305.2044
Fax: 617.523.6850
E-Mail:  deborah.griffin@hklaw.com



-----Original Message-----
**From:**   Maroney, Michael T (BOS - X71445)
**Sent:**   Tuesday, June 03, 2003 2:59 PM
**To:**     'ranastasio@greyhawk.com'
**Cc:**     Griffin, Deborah S (BOS - X72044)
**Subject:**     Draft Request for Expression of Interest / North Brookfield

Mr. Anastasio:

I am working with Debby Griffin to draft the attached Request for Expression of Interest for completion of construction on the North Brookfield Jr./Sr. High School Project.  Any missing information that you could provide on page two would be greatly appreciated. Thank you.

Michael Maroney

 << File: request for expression of interest in bidding on project relet Sciaba North Brookfield_v1.DOC >>