UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY,<br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>TOWN OF NORTH BROOKFIELD,<br>　　　　　　　　　Defendant. | Civil Action No. 03-40266-CBS |

AFFIDAVIT OF STEPHEN J. BEATTY IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

　　　　I, Stephen J. Beatty, am Chief Surety Counsel in the bond claims department of the Kemper Insurance Companies, which include American Manufacturers Mutual Insurance Company ("AMMIC"). I have personal knowledge of the following, except where stated to be upon information and belief. I make this affidavit in support of the Opposition of AMMIC to the motion (the "Motion") filed by the Town of North Brookfield ("North Brookfield" or the "Town") for Partial Summary Judgment.

　　　　1.　　I was invited by North Brookfield to attended a meeting with representatives of North Brookfield. I attended such a meeting on May 21, 2003.

　　　　2.　　The representatives of North Brookfield complained at the May 21 meeting that various subcontractors were complaining that they were not being paid by Sciaba, that the job was substantially behind schedule, that Sciaba had failed to provide updated monthly construction schedules, and that satisfactory progress was not currently being made. They indicated that, in addition to lien waivers, Sciaba would have to submit an updated construction schedule in order to get paid. Sciaba' representatives at the meeting stated that it would be three weeks before they would be able to submit an updated schedule.

3. No one at the May 21 meeting informed me or any representative of AMMIC that the Town was prepared to issue checks to Sciaba before receipt of an updated schedule, much less that it had already written two checks dated May 20, totaling $696,578.23. Had I known that, I would have made a request that the Town not do so without my consent. As it was, I believed that it would be approximately three weeks before any checks would be released, at the earliest.

4. I did not hear any representative of the Town ask whether the Town should begin making payments to the surety rather than to Sciaba.

5. I asked the Town's representatives at the meeting to advise us before any payments were in fact going to be made.

6. Attached hereto as Exhibit 1 is a true and accurate copy of the sign-in sheet signed by the people attending the May 21 meeting.

7. I have seen the "Meeting Notes" attached as Exhibit F to the Town's Facts. I had not seen that document until it was shown to me in my deposition on May 10, 2005, and I do not believe it was circulated to any representative of AMMIC after the meeting. I do not believe those Notes are complete and parts of it are inaccurate. For example, I do not believe I said, as stated in paragraph 15, that "Kemper Surety does not plan or foresee that as a possibility at this time." Rather, I said that we were awaiting financial information from Sciaba and did not have information that would indicate there was a likelihood of Sciaba falling apart. I also do not

believe I said, as stated in paragraph 17, that we would "provide assistance as needed to EJS," as we had not made any determination as to assistance at that time.

Signed under the penalties of perjury this 11th day of January, 2006.

/s/ Stephen J. Beatty
Stephen J. Beatty

# 3468640_v1
431261.00002

3