UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-40266-CBS

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

    Plaintiff

v.

TOWN OF NORTH BROOKFIELD,

    Defendant

DEFENDANT'S MEMORANDUM OF REASONS IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AS TO COUNT III OF DEFENDANT'S COUNTERCLAIM

American Manufacturers Mutual Insurance Company ("AMMIC") has moved for summary judgment on Count III of the counterclaim of the Town of North Brookfield ("Town"), which is denominated as "tort."  AMMIC contends that there are no obligations of AMMIC at issue that are enforceable by an action in tort, and that the economic loss rule would preclude any recovery by the Town on a tort theory.  The rules of pleading and the existence of disputed issues of material fact, as set forth in the Defendant's Memorandum of Reasons in Opposition to Plaintiff's Motion for Summary Judgment as to Count II of Defendant's Counterclaim, require that AMMIC's motion be denied.

I. MATERIAL FACTS

The Town refers the Court to Defendant's Response to Plaintiff's Statement of Undisputed Facts in Support of Plaintiff's Motion for Summary Judgment as to Count II

of Defendant's Counterclaim and Defendant's Memorandum of Reasons in Opposition to Plaintiff's Motion for Summary Judgment as to Count II of Defendant's Counterclaim.

## II. ARGUMENT

### A. Summary Judgment Standard

The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Here, there are genuine issues of material fact as to whether AMMIC is liable in tort to the Town based on its failure to perform its contractual obligations to the Town with a reasonable duty of care. Accordingly, AMMIC's motion should be denied.

### B. The Town has Presented Sufficient Facts to Support a Claim of Tort Liability on Account of AMMIC's Failure to Reasonably Perform its Settlement Obligations under the Performance Bond.

In performance of its contractual duties to the Town under the Performance Bond, AMMIC was obligated to perform those duties with a reasonable degree of care. "When a party binds himself by contract to do a work or to perform a service, he agrees by implication to do a workmanlike job and to use reasonable and appropriate care and skill in doing it." Abrams *v.* Factory Mut. Liab. Ins. Co*.,* 298 Mass. 141, 143 (1937). "Although the duty arises out of the contract and is measured by its terms, negligence in

2

the manner of performing that duty as distinguished from mere failure to perform it, causing damage, is a tort." Id. at 144.  In Abrams, the defendant insurer undertook to defend its insured from a claim brought against it, which gave rise to a duty of reasonable performance, the violation of which was tortious.  Sullivan v. Utica Mut. Ins. Co., 439 Mass. 387, 395-396 (2003).   The Supreme Judicial Court has also extended the negligence standard of reasonable performance to an insurer's actions in settling a claim against its insured.  See Hartford Cas. Ins. Co. v.. New Hampshire Ins. Co., 417 Mass. 115, 120-121 (1994).  See also M. G. L. c. 176D, §3(9) (failure "to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear" is statutory unfair practice).

     AMMIC argues that its performance under the Performance Bond was solely limited to reimbursement of the Town's requests for payment:  "any wrongful failure to pay certain amounts is not negligent performance but could only be *a failure to perform."* (italics in original) See Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment on Count III of Defendant's Counterclaim at p. 6 (emphasis in original).   However, the Town has alleged far more than failure to pay amounts of money due the Town.  See Defendant's Memorandum of Reasons in Opposition to Plaintiff's Motion for Summary Judgment on Count II of Defendant's Counterclaim at pp. 9-14.

     When AMMIC elected to proceed under subparagraph 4.3 of the Performance Bond to:

> Obtain bids or negotiated proposals from qualified contractors acceptable to the Owner for a contract for performance and completion of the Construction Contract, arrange for a contract to be prepared for execution by the Owner and the contractor selected with the Owner's concurrence, to be secured with performance

3

and payment bonds executed by a qualified surety equivalent to the bonds issued on the Construction Contract, and pay to the Owner the amount of damages as described in Paragraph 6 in excess of the balance of the Contract Price incurred by the Owner resulting from the Contractor's default.

Affidavit of Lee P. Dore, Exhibit A.

AMMIC bound itself to undertake those actions with a reasonable degree of care and promptness, analogous to that required for settlement of an insurance claim.  See Clegg v. Butler, 424 Mass. 413, 419 (1997) (unjust delay is a violation of M.G.L. c. 176D, §3(9), subjecting claimants to the "costs and frustrations" encountered when litigation must be instituted and no settlement reached).  There is a genuine issue of material fact as to whether AMMIC's post-default actions in regard to the bid process for the completion contract, its conduct in tendering that contract to the Town, and its delay in fulfilling its self-admitted payment obligations to the Town (without which payment the Town could not enter into the completion contract) met a standard of reasonable care. Therefore, AMMIC's Motion for Partial Summary Judgment on Count III of the Town's Counterclaim should be denied.

> C. The Economic Loss Doctrine Does Not Mandate Summary Judgment for AMMIC on Count III Because the Doctrine Does Not Apply to Tort Claims of Negligent Misrepresentation.

While the Town contends, in its opposition to AMMIC's motion for summary judgment on count II of the Town's counterclaim, that AMMIC's actions in dealing with the contractor default of its principal, E. J. Sciaba Contracting Co., Inc., were sufficiently willful to support liability under M.G.L. c. 93A, it is possible that AMMIC's conduct could be determined to be negligent.  To the extent that its unfulfilled representations to the Town constitute negligent misrepresentation, the economic loss rule does not bar recovery by the Town.

The economic loss rule states that a plaintiff asserting a tort claim cannot recover for purely economic losses, absent harm to the plaintiff's person or property. Bay State-Spray & Provincetown S.S. Inc., v. Caterpillar Tractor Co., 404 Mass 103, 107 (1989). However, if the Town can show that it sustained damages due to the tort of negligent misrepresentation on AMMIC's part, then an exception to the rule permits recovery for economic losses. Nota Construction Corp. v. Keyes Associates, Inc., 45 Mass. App. Ct. 15, 20 (1998), citing Craig v. Everett M. Brooks Co., 351 Mass. 497, 499-501 (1967). As there are disputed issues of material fact relating to the Town's allegations, summary judgment is inappropriate.

> D. Count III of the Counterclaim Should not be Dismissed Because the Facts Support a Claim for Breach of Contract even if the Town Cannot Establish a Tort Theory of Liability.

The federal notice pleading standard is generous, allowing parties to assert multiple theories of recovery. See Tompkins v. United Healthcare of New England, Inc., 203 F.3d 90, 93 (1st Cir.2000) ("The complaint will survive as long as it pleads sufficient facts to warrant recovery on any cognizable theory of the case."); Aetna Cas. Sur. Co. v. P & B Autobody, 43 F.3d 1546, 1555 (1st Cir.1994) ("Because procedural law allows alternative contentions, parties to a civil action involving such an array of factual and legal theories . . . may be allowed to defer choice at least until late stages of proceedings in the trial court."). Where the facts may support both contract and tort liability, therefore, neither claim should be extinguished at summary judgment. See Sullivan v. Utica Mut. Ins. Co., 439 Mass. 387, 397 n. 7, quoting Prosser & Keeton, Torts §92, at 655 (5th ed. 1984) ("[t]he distinction between tort and contract liability, as between parties to a contract, has become an increasingly difficult distinction to make").

Similarly, when the facts as alleged can support a cause of action under M.G.L. c. 93A, the distinction between contract and tort theories of recovery is a difficult one to make.  See Kitner v. CTW Transport, Inc., 53 Mass. App. Ct. 741, 746 (2002) (actions pursuant to c. 93A are 'neither wholly tortious nor wholly contractual in nature').  Thus, where the Town has alleged deficient performance by AMMIC, in violation of a statute, as a basis for its chapter 93A claims, those allegations may sound in tort as well and present a basis for common law tort relief.

Count III of the Town's counterclaim alleges that AMMIC failed to meet announced deadlines for the selection of a completion contractor, Counterclaim ¶23, did not tender a completion contract to the Town until nearly six months had passed after Sciaba's default, Id. at ¶26, made unilateral changes to that contract, which caused the contract to contain substantive terms different from those to which the Town had agreed, Id. at ¶28, and failed to pay promptly the full amount owed to the Town so that the Town could enter into the completion contract, Id. at ¶29.  These allegations are treated in detail in the Defendant's Memorandum of Reasons in Opposition to Plaintiff's Motion for Summary Judgment as to Count II of Defendant's Counterclaim.  AMMIC has acknowledged that its agreement with the Town, as does every contract, contains an implied covenant of good faith and fair dealing, and that the Town could bring a claim for a breach of that covenant.  Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment on Count III of Defendant's Counterclaim at pp. 4-5, citing Ayash v. Dana-Farber Cancer Inst., 443 Mass. 367, 385 (2005).  AMMIC also disputes the factual allegations of the Counterclaim set out above, thereby making summary judgment inappropriate. See Plaintiff's Answer to Defendant's Counterclaim, ¶¶ 23, 26, 28, 29.

Since Count III of the Town's counterclaim sounds in contract, if not in tort, and because there are material facts in dispute, AMMIC's motion for partial summary judgment should be denied.

For all of the reasons set forth herein, Plaintiff's Motion for Summary Judgment as to Count III of the Defendant's Counterclaim should be denied.

                                                                TOWN OF NORTH BROOKFIELD

                                                                By its attorneys,

                                                                /s/Thomas W. McEnaney
                                                                David J. Doneski (BBO# 546991)
                                                                Thomas W. McEnaney (BBO# 629130)
                                                                Kopelman and Paige, P.C.
                                                                 Town Counsel
                                                                31 St. James Avenue
                                                                Boston, MA 02116
                                                               (617) 556-0007

271138/21202/0019