UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 03-40266 CBS

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

    Plaintiff

v.

TOWN OF NORTH BROOKFIELD,

    Defendant

## AFFIDAVIT OF LEE P. DORE

I, Lee P. Dore, on oath, depose and state the following:

1. I am employed by Dore & Whittier, Inc. ("D&W"), the project architect on the North Brookfield Junior/Senior High School construction project ("Project") that is the subject of this litigation, and I served as the architect's project manager.

2. Neither I nor D&W were provided with copies of or reviewed any bids submitted on or about September 8, 2003 in response to the Request for Proposals ("RFP") solicited by American Manufacturers Mutual Insurance Company ("AMMIC") and/or its consultant, Richard P. Anastasio, for a completion contractor for the Project.

3. Neither AMMIC nor Mr. Anastasio provided to me or D&W copies of any bids submitted on or about October 17, 2003 in response to a "best and final" solicitation by AMMIC and/or Mr. Anastasio, and neither I nor D&W

      reviewed any of those bids in connection with the selection of a completion contractor.

4. The RFP indicated that the dates for substantial completion were April 30, 2003 for the building and August 1, 2004 for the completion of abatement work, demolition and removal of the existing building, total project completion and demobilization.

5. I am not aware that the date for substantial completion was changed in the "best and final" solicitation. Neither I nor, upon information and belief, the Town of North Brookfield, were consulted regarding any proposed changes to the dates for substantial completion prior to the solicitation of "best and final" bids by AMMIC and/or Mr. Anastasio.

6. I have reviewed the "best and final" worksheet from Fontaine Bros., Inc. that was marked as Exhibit 174 during the deposition of Mr. Anastasio. The "best and final" worksheet does not contain any indication that the dates for substantial completion were changed from those set forth in the RFP.

7. Neither AMMIC nor Mr. Anastasio consulted with anyone from D&W regarding obtaining the Town's assent to substantial completion dates that differed from those set forth in the RFP.

8. The Instructions to Bidders (page 5, paragraph J(1)) and Supplementary General Conditions (paragraph 11.5.1) for the contract that the Town entered with E. J. Sciaba Contracting Co., Inc. ("Sciaba") for the Project, as shown in Exhibit 43 to the Affidavit of Deborah S. Griffin in Support of Plaintiff's Motion for Partial Summary Judgment on Count II of Defendant's

       Counterclaim, indicated that performance and payment bond forms were included in the bid documents. However, no form of performance bond or payment bond was included in the bid document package distributed to potential bidders for the Project.

9. After it was notified that it was awarded the contract for the Project, on or about April 19, 2002, Sciaba provided a performance bond and payment bond on forms published by the American Institute of Architects and issued by AMMIC as surety. Copies of the Performance Bond and Payment Bond provided by Sciaba are attached hereto as Exhibits A and B, respectively.

10. The successful bidder on the Project was not required to utilize the form of performance or payment bond published by the American Institute of Architects. What was stated as a requirement in the bid documents was that the successful bidder had to furnish bonds from a surety company licensed to do business in the Commonwealth of Massachusetts and satisfactory to the Town.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 23rd DAY OF JANUARY, 2006.

                                            /s/ Lee P. Dore
                                            Lee P. Dore

271850/NBRO/0019