**EXHIBIT A**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                              SUPERIOR COURT
                                                          CIVIL ACTION
                                                          NO. 95-6027-D

CARDI CORPORATION

vs.

SUTTON CORPORATION, LAURINDA T. BEDINGFIELD,
In her capacity as Commissioner of the
MASSACHUSETTS HIGHWAY DEPARTMENT, and the
COMMONWEALTH OF MASSACHUSETTS, Acting by and
through its Massachusetts Highway Department

and

SAFECO INSURANCE COMPANY OF AMERICA

:ice sent
/10/96
.H.
.M.
.H.
 & S
.R.
.A.S.
mm

MEMORANDUM OF DECISION AND ORDER ON
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Cardi Corporation ("Cardi") is a general contractor for the defendant Massachusetts Highway Department ("the Department") in connection with a portion of the Central Artery Tunnel Project known as the South Boston By Pass Road ("the Road Project"). On August 20, 1993, Cardi entered into a subcontract ("the Subcontract") with defendant Sutton Corporation ("Sutton"), pursuant to which Sutton was to perform certain portions of the work on the Road Project, including installation of concrete and steel piles and steel sheeting in accordance with

the technical specifications of the contract between Cardi and the Department.

In March of 1995, after Sutton had performed and been paid by Cardi for some of its work under the Subcontract, it stopped work on the Road Project, and made three separate direct payment demands upon the Department pursuant to G.L. c. 30, §39F for monies which it alleged were owed to it by Cardi. Cardi objected to each demand and the Department withheld payment of those funds, which totaled $694,817.50, to Cardi. Cardi also completed Sutton's work under the subcontract.

Cardi then brought this action against Sutton, alleging breach of contract (Count I), unlawful direct payment demands (Count II), fraud (Count III), and violation of G.L. c. 93A (Count IV), and against the Department, alleging breach of contract (Count V) and seeking injunctive relief and a declaratory judgment (Counts VI and VII). Sutton counterclaimed against Cardi, alleging breach of its Subcontract (Counts I, II, III and IV), violations of G.L. c. 149, § 29 and c. 30, §39F (Counts V and VI), violations of G.L. c. 93A (Counts VII, IX and X), and unjust enrichment (Count VIII). Sutton also "counterclaimed" against Safeco Insurance Company of America for violations of G.L. c. 149, § 29 and c. 93A (Counts V and X).

Cardi has now moved for summary judgment on Count II of its Verified Complaint. Cardi asserts that Sutton made unlawful direct payment demands upon the Department pursuant to G.L. c. 30, §39F, because those demands were "for work for which Cardi

2

has not received payment from the Department, are for monies not otherwise owed to Sutton, and are for a contract never completed by Sutton." Verified Complaint, ¶28. Cardi seeks the release of $694,817.50 currently withheld by the Department from payment to Cardi by reason of Sutton's direct payment demands.

## DISCUSSION

Summary judgment must be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Daws, 369 Mass. 550, 553 (1976); Mass. R. Civ. P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, it may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent's case or "by demonstrating that proof of that element is unlikely to be forthcoming at trial." Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp. 410 Mass. 706, 716 (1991). "If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for

summary judgment." Pederson v. Time, Inc., 404 Mass. at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).

In ruling on a motion for summary judgment, the court must not consider the "credibility of the witnesses or the weight of the evidence, nor should the [court] make findings of fact." Riley v. Presnell, 409 Mass. 239, 244 (1991), citing Attorney General v. Bailey, 386 Mass. 367, 370 (1982). However, "the movant is held to a stringent standard . . . . [A]ny doubt as to the existence of a genuine issue of material fact will be resolved against the movant." 10A C. Wright, A.R. Miller & M. Kane, Federal Practice and Procedure, §2727, at 125-125 (1983)(construing Fed. R. Civ. P. 56).

General Laws c. 30, § 39G requires that the Department make prompt payment to a general contractor for work that it has substantially completed. Under the statute, the Department can deduct the amount of any direct payment demands made by a subcontractor pursuant to G.L. c. 30, §39F. Section 39F requires the general contractor to pay the subcontractor the amounts that the Department has paid to the general contractor for the subcontractor's labor and material. G.L. c.30, §§39F(1)(b) and (1)(c). If the general contractor does not pay the subcontractor from the monies paid or to be paid to the general contractor by the Department for the subcontractor's work, the subcontractor may demand that the Department withhold payment to the general

contractor of those amounts paid or approved for payment by the Department for the work of the subcontractor and may demand direct payment of those monies to it by the Department, provided that the subcontractor "has substantially completed the subcontract work." G.L. c. 30, 39F(1)(c) and (1)(d). The general contractor may dispute the subcontractor's demand for direct payment, at which time the disputed monies must be placed in an interest-bearing joint account in the names of the general contractor and the subcontractor. G.L. c. 30, §§39F(1)(d), (1)(e) and (1)(f).

General Laws c. 30, §39F does not define the term "substantial completion." In a companion statute, G.L. c. 30, §39G, "substantial completion" is defined as

> "either that the work required by the contract has been completed except for work having a contract price of less than one percent of the then adjusted total contract price, or substantially all of the work has been completed and opened to public use except for minor incomplete or unsatisfactory items that do not materially impair the usefulness of the work required by the contract."

A similar definition of "substantial completion" appears in G.L. c. 30, §39K, as well as in Cardi's general contract with the Department, the terms of which are incorporated in Cardi's subcontract with Sutton.

Upon the record before the court, Sutton has failed, as a matter of law and a matter of contract, to substantially complete its subcontract with Cardi. This was also the conclusion of the Department itself, a stakeholder in this matter, after it investigated Sutton's direct payment demands. <u>Affidavit of Peter</u>

5

<u>Milano</u>. Sutton's assertion that its work under the subcontract was substantially complete due to Cardi's own alleged breach of the subcontract is not a proper basis for its contention that it has met the requirements of a direct payment demand under G.L. c. 30, §39F, since it did not so contend when it certified under oath, as required by G.L. c. 30, §39F(1)(d), in its formal direct payment demand statements to the Department dated March 6, March 31 and May 5, 1995, that its work was "substantially complete." Moreover, Sutton's invocation of the direct payment statute under those circumstances would impermissibly transform it into a substitute for a general writ of attachment or trustee process.[1]

In addition, substantially all of the work which forms the basis of Sutton's direct payment demands is work for which the Department has neither paid Cardi nor approved for payment to Cardi. This work is related to extra costs and change orders allegedly incurred by Sutton during the performance of its subcontract. Since the amounts due for this "extra work" have not yet been approved by the Department, they do not qualify or fall within the scope of the direct payment provision of G.L. c. 30, § 39F. Sutton's reliance upon <u>Manual F. Spencer & Son, Inc. v. Commonwealth</u>, 16 Mass. App. Ct. 290 (1983) in support of its direct payment demand for its extra work on the Road Project is misplaced, since neither the Department nor the court has yet determined whether there is in fact "any amount due for extra

---

[1] Sutton would be free, of course, to seek a trustee process attachment, pursuant to G.L. c. 246 and Mass. R. Civ. P. 4.2., of any funds due and owing to Cardi from the Department.

6

labor and materials furnished to the general contractor. In *Spencer*, by contrast, the court determined after a trial that such amounts *were* due to the subcontractor in that case. *Id*.

Accordingly, the provisions of the direct payment statute were not properly triggered in this case, and Cardi is entitled to summary judgment in its favor on Count II of its Verified Complaint.

### ORDER

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment in its favor on Count II of its Verified Complaint is **ALLOWED**.

_____
Peter M. Lauriat
Justice of the Superior Court

Dated: October 3, 1996