UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-40266 CBS

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

    Plaintiff

v.

TOWN OF NORTH BROOKFIELD,

    Defendant

### DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIQUIDATED DAMAGES AS THE EXCLUSIVE REMEDY FOR DELAY

1. Admitted for purposes of summary judgment.

2. Admitted for purposes of summary judgment

3. Admitted for purposes of summary judgment.

4. Admitted for purposes of summary judgment.

5. Admitted for purposes of summary judgment, with the exception that the subparagraph number is 2.8.2, not 2.8.3.

6. Admitted for purposes of summary judgment, with the exception that the end of the first clause of the quoted sentence reads "no fault of the Owner."

7. Admitted for purposes of summary judgment, with the exception that the word "standard" in the last sentence of the quoted provision is not pluralized.

8.     Admitted that Sciaba authored such a letter dated May 30, 2003. The Town states that the letter was never sent to the Town until June 5, 2003. See Plaintiff's Statement of Undisputed Facts, ¶9

9.     Admitted for purposes of summary judgment.

10.    Admitted for purposes of summary judgment.

11.    Denied. The amount of the Completion Contract accompanying the November 12, 2003 letter was $11,527,000. By letter dated November 21, 2003, AMMIC's counsel informed the Town's counsel that the $11,527,000 figure was an error, that the figure AMMIC and Fontaine had agreed upon was $11,381,362, and that Fontaine and AMMIC had made an error regarding the amount of one of the subcontractor ratification agreements such that the correct contract amount was $11,397,296.35. See Affidavit of Deborah S. Griffin in Support of Plaintiff's Motion for Partial Summary Judgment on Liquidated Damages as the Exclusive Remedy for Delay, Exhibits. E and F.

12.    Admitted for purposes of summary judgment.

13.    Admitted for purposes of summary judgment.

14.    Admitted for purposes of summary judgment.

15.    Admitted for purposes of summary judgment.

16.    Denied as to the first sentence. Admitted for purposes of summary judgment as to the second sentence. Although the project manual stated that the bonds must be on forms specified, the project manual did not include any such forms. See Affidavit of Lee P. Dore, ¶¶ 8-10.

17.    Admitted for purposes of summary judgment.

18.    Admitted for purposes of summary judgment.

19. Admitted for purposes of summary judgment.

20. Admitted for purposes of summary judgment.

21. Admitted for purposes of summary judgment.

22. Admitted for purposes of summary judgment.

23. Admitted for purposes of summary judgment.

24. Admittted for purposes of summary judgment.

25. Admitted for purposes of summary judgment.

        TOWN OF NORTH BROOKFIELD

        By its attorneys

        /s/Thomas W. McEnaney
        David J. Doneski (BBO# 546991)
        Thomas W. McEnaney (BBO# 629130)
        Kopelman and Paige, P.C.
         Town Counsel
        31 St. James Avenue
        Boston, MA 02116
        (617) 556-0007

272005/21202/0019