UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-40266 CBS

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

    Plaintiff

v.

TOWN OF NORTH BROOKFIELD,

    Defendant

### AFFIDAVIT OF LARRY HASENFUS IN SUPPORT OF DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS NOT IN DISPUTE AND STATEMENT OF ADDITIONAL FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Larry Hasenfus, on oath, depose and state the following:

1. I was a member of the Town of North Brookfield Board of Selectmen from May, 2002 to May, 2005.

2. In connection with the North Brookfield Junior/Senior High School construction project ("Project"), I attended a May 21, 2003 meeting with representatives of the Town, E.J. Sciaba Contracting Co., Inc. ("Sciaba"), American Manufacturers Mutual Insurance Company ("AMMIC") and project architect, Dore & Whittier.

3. At the meeting, the Town was never requested to notify AMMIC prior to making payments to Sciaba on the Project.

4. At the meeting, no one from the Town represented that payments would be withheld from Sciaba until Sciaba submitted a revised Project schedule.

5. At no time during the meeting did AMMIC's representatives request the Town to withhold payments from Sciaba or make payments to AMMIC, as performance bond surety, on Sciaba's behalf.

6. At no time during the meeting did AMMIC's representatives ever express any concern that the Town should not make payments to Sciaba for work performed on the Project.

7. At the meeting, Sciaba's representatives stated that a new project manager, Matt Daly, had been assigned to the Project on a full-time basis and that Sciaba would focus its resources on the completion of the Project.

8. At the meeting, the Town was assured by Sciaba's representatives that Sciaba could complete the Project and was informed by AMMIC's representatives that AMMIC did not foresee Sciaba's default on the Project as a possibility.

9. I specifically asked the representatives of AMMIC and Sciaba at the meeting whether the Town should continue making payments to Sciaba under the Town's contract with Sciaba for the Project ("Contract").

10. Selectman Fred Windover, who was also in attendance at the meeting, also asked whether the Town should make payments to Sciaba under the Contract.

11. The Town was informed by representatives of AMMIC and/or Sciaba that the Town needed to continue making payments to Sciaba so that Sciaba could make payments to its subcontractors and not worsen its cash flow problems. The Town was also informed by representatives of AMMIC and/or Sciaba

that Sciaba had the support of AMMIC for purposes of completing the Project.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 1st DAY OF FEBRUARY, 2006.

/s/ Larry Hasenfus
Larry Hasenfus

272893/NBRO-HS/0019