UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,
                       Plaintiff,

vs.                                                       Civil Action No. 03-40266-CBS

TOWN OF NORTH BROOKFIELD,
                       Defendant.

REPLY OF PLAINTIFF AMERICAN MANUFACTURERS MUTUAL INSURANCE
COMPANY TO DEFENDANT TOWN OF NORTH BROOKFIELD'S OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT III
OF DEFENDANT'S COUNTERCLAIM – TORT

The Plaintiff, American Manufacturers Mutual Insurance Company ("AMMIC"), hereby replies to the Defendant's Opposition to Plaintiff's Motion for Summary Judgment as to Count III of Defendant's Counterclaim ("Opposition" or "Opp.").

The Town[1] does not genuinely dispute, in any material respect, AMMIC's Facts in support of this Motion. Town's Response ¶¶ 1-11. Further, the Town's Additional Facts ¶¶ 1-4, in addition to their immateriality, fail to create any factual dispute because they merely reiterate the allegations of the Town's Answer and Counterclaim in violation of Fed. R. Civ. P. 56 (e).[2]

---

[1] Capitalized terms not defined herein have the same definitions ascribed to them in the Memorandum of Law in Support of Plaintiff's Motion For Summary Judgment on Count III of Defendant's Counterclaim ("AMMIC's Memo"). Additional reference is made to the following: Plaintiff's Statement of Undisputed Facts In Support of Plaintiff's Motion For Summary Judgment on Count III of Defendant's Counterclaim ("AMMIC's Facts"); Defendant's Response To AMMIC's Facts ("Town's Response"); and Defendant's Statement of Additional Facts As To Count III Of Defendant's Counterclaim ("Town's Additional Facts").

[2] Fed. R. Civ. P. 56 does not require AMMIC to directly respond to the Town's Additional Facts offered in support of its Opposition. As such, any of the Town's Additional Facts not directly addressed by AMMIC in this Reply Brief does not constitute AMMIC's admission of the same – whether for the purpose of this motion, trial, or otherwise. In addition, AMMIC reserves the right to dispute any fact that it might now disregard as immaterial if indeed the Court finds that the same fact is indeed material.

Moreover, the Town's Additional Facts ¶¶ 5, 6 are immaterial to the question of whether Count III lies as a matter of law (or is otherwise precluded by the economic loss rule). Thus, this Court has before it sufficient undisputed material facts to enter summary judgment for AMMIC as a matter of law. The Town's belated attempt to convert its allegation of negligent breach (an unrecognized cause of action in Massachusetts) into a claim of negligent performance of contractual obligations or a claim of negligent misrepresentation should be rejected. Neither theory was pleaded and neither theory is supported by a sufficient proffer of evidence to make a prima facie case.

## ARGUMENT

In its opening memorandum, AMMIC pointed out that the law of the Commonwealth recognizes "the fundamental difference between failing to perform and negligent performance." AMMIC's Memo at 5. The Town's Opposition does not challenge this statement of the law, and it must be taken to concede the point.

AMMIC's Memo also pointed out that what the Town alleged in Court III was that AMMIC "negligently and/or knowingly and willfully breached its duty to the Town [to honor its obligations under the performance bond and deal fairly with the Town in the resolution of the Town's claims]." Counterclaim, ¶¶ 60-61 [docket entry #5]. This allegation can only be read to charge tort liability for the manner of AMMIC's alleged <u>breach</u>. No where in these allegations is there a hint that the Town asserted a lack of due care in performance or negligent representation, the two new theories by which it now wants to salvage Count III. It would be patently unfair to require AMMIC to defend either of these theories when neither one was pled.

In order to make out a claim for negligent performance of contractual duties, a plaintiff must, as with any negligence claim, show (1) the existence of a duty; (2) a breach of that duty; (3) damages; and (4) proximate cause of the damages by the breach of duty. In the context of

2

this summary judgment motion, it is the Town's burden to demonstrate that it has a reasonable expectation of proving all elements of its claim at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Town's Opposition papers fall short on all four elements as a matter of law.

The sum total of the Town's articulation with respect to its new theory of lack of due care in performance is to refer the Court to its Memorandum of Reasons in Opposition to Plaintiff's Motion for Summary Judgment on Count II at pp. 9-14. *See* Opp. at 3. The referenced passages attempt to justify claims under various sections of Mass. G.L. c. 176D but do not identify any conduct of AMMIC as careless. To the extent the referenced passages focus on investigative activity before the Town asserted a claim, the Town's claim fails for lack of a duty to act. *See* AMMIC's Reply to Defendant's Memorandum of Reasons In Opposition to Plaintiff's Motion for Summary Judgment as to Count II of Defendant's Counterclaim, filed contemporaneously herewith, at 8-10. The Town's Opposition and its Additional Facts are devoid of any evidence of a standard of care or a violation of that standard.

The Town has admitted that the damages it is trying to recover are monies that it claims *should have been paid* under AMMIC's Bond. AMMIC's Facts ¶ 8; Town's Response ¶ 8. More particularly, the Town seeks additional monies to bridge the gap between the Sciaba's Contract Balance and the Completion Contractor's price, additional architect fees, legal fees, liquidated damages, and costs to repair the old school roof. *Id.* The Town, despite its burden to do so, has not proffered evidence that any of these damages were actually or proximately caused by a particular act or omission of AMMIC that fell short of a duty of care, rather than being caused by Sciaba's default on the Project. Thus, Count III fails on summary judgment even if it could be read to assert a claim for negligent performance.

Even if this Court were to rule that the Town has made a *prima facie* showing of each element of a claim for negligent performance, the Town's damages are classic economic loss because they are purely monetary in nature and do not arise from personal injury or other property damage. AMMIC's Facts ¶ 8; Town's Response ¶ 8. As the economic loss rule precludes recovery of pure economic loss under a tort theory, the Town cannot recover on Count III as a matter of law. *See Aldrich v. ADD, Inc.*, 437 Mass. 213, 222 (2002) (quoting *FMR Corp. v. Boston Edison Co.*, 415 Mass. 393, 395 (1993)).

The Town attempts to sidestep the economic loss rule by reclassifying Count III as a claim for negligent misrepresentation. Negligent misrepresentation requires proof that "a [party] (1) in the course of his business, (2) supplied false information for the guidance of others, (3) in their business transactions, (4) causing and resulting in pecuniary loss to those others, (5) by their justifiable reliance upon the information, and (6) with the failure to exercise reasonable care or competence in obtaining or communicating the information." *Nota Const. Corp. v. Keyes Assocs., Inc.*, 45 Mass. App. Ct. 15, 19-20 (1998). The Town has not placed any evidence before this Court that would support a single one of these prima facie elements.[3] Therefore, to the extent a negligent misrepresentation claim could be read into Count III, the Town has failed to carry its *Celotex* burden on this motion to demonstrate a reasonable expectation of proving each element of the claim at trial.

Moreover, no such theory was actually alleged in Count III. Thus, from a notice-pleading perspective, AMMIC cannot reasonably have been expected to infer from Count III's limited allegations that these six elements of negligent misrepresentation would be prosecuted. It

---

[3] Even the alleged acts or omissions identified in other sections of it Opposition, particularly Section D, Opp. at 6, are in the nature of promises, not representations. Promises are not actionable as representations. *Craig v. Everett M. Brooks Co.*, 351 Mass. 497, 501 (1967)

would be highly prejudicial to cast Count III as one for negligent misrepresentation this late in the proceedings – particularly when AMMIC has not taken discovery as to the *prima facie* elements of this type of claim. This case is therefore distinguishable from the case of *Craig v. Everett M. Brooks Co.*, 351 Mass. 497 (1967), in which an allegation of negligence in an engineer's making of plans and placing stakes was a sufficient allegation of negligent representation.

Section D of the Opposition seems to argue that a violation of Chapter 93A gives rise to a common law tort claim, citing *Kitner v. CTW Transport, Inc.*, 53 Mass. App. Ct. 741, 746 (2002). However, neither *Kitner* nor any other Massachusetts decision supports this proposition. Rather, *Kitner* recognizes that a Chapter 93A action can resemble either a traditional breach of contract action or a traditional tort action. *Id.* Neither it nor any of the cases cited therein recognizes a common law tort as a by-product of a Chapter 93A violation.

Finally, the Town's argument in Section D of its Opposition is based completely on its Counterclaim allegations. The Town cannot create genuine issues of material fact or supply evidence to support a *prima facie* case merely by relying on its pleadings and therefore this entire section of the Opposition should be disregarded. Fed. R. Civ. P. 56(e).

**CONCLUSION**

The Town's damages arise only from Sciaba's contract default and consist of amounts AMMIC allegedly owed under the Bond. The Town cannot recover such economic losses under Count III's tort theory because: (1) the courts of this Commonwealth do not recognize a common law tort for breach of contract or violation of Chapter 93A; (2) the Town has neither plead nor proffered admissible evidence to support a claim of negligent performance of

contractual obligations; (3) even if it has done so, the economic loss rule bars the Town's recovery of pure economic losses in tort; and (4) the Town has neither pled nor proffered admissible evidence to support a claim of negligent representation. Accordingly, this Court should allow the motion and enter summary judgment in favor of AMMIC on Count III.

Respectfully submitted,

**AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY**

By its attorneys

**HOLLAND & KNIGHT LLP**

*/s/ Deborah S. Griffin*
Deborah S. Griffin, BBO #211460
Jeff D. Bernarducci, BBO #657454
10 St. James Avenue
Boston, MA  02116
Tel:    (617) 523-2700
Fax:   (617) 523-6850

Dated: February 3, 2006

# 3546339_v2
431261.00002