UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,
                              Plaintiff,

vs.                                              Civil Action No. 03-40266-TSH

TOWN OF NORTH BROOKFIELD,
                              Defendant.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE
THE TOWN'S REPLY FACTS AND ACCOMPANYING AFFIDAVITS

       Plaintiff, American Manufacturers Mutual Insurance Company ("AMMIC"), has moved to strike Defendant's Reply To Plaintiff's Response To Defendant's Local Rule 56.1 Statement of Material Facts Not In Dispute And Statement Of Additional Facts In Opposition To Defendant's Motion For Partial Summary Judgment and all accompanying affidavits ("Town's Reply Facts") (docket entry no. 94).[1]

       The Town's Reply facts were submitted in connection with its reply brief (docket entry no. 93) to AMMIC's opposition (docket entry no. 61) to the Town's motion for partial summary judgment (docket entry no. 38). Local Rule 56.1 requires that the moving party "include a *concise* statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried . . . ." Local Rule 56.1 (emphasis added). The purpose of Local Rule 56.1 is to "expedite the process of determining which facts are generally in dispute, so that the Court may turn quickly to the more difficult task of determining whether the disputed issues are material." *Brown v. Armstrong*, 57 F. Supp. 1293, 1297 (D. Mass. 1997). Thus, when a party's fact statement "generates a lot of dust . . . [but] it does not further the goal of sharply

---

[1]     Said another way, AMMIC has moved to strike the Town's submission of facts (docket entry no. 94) in reply to AMMIC's facts in opposition to the Town's motion.

focusing the areas of dispute," there is a violation of Local Rule 56.1. *See Brown*, 57 F. Supp. at 1297-98 (quoting *Key Trust Co. v. Doherty, Wallace, Pillsury & Murphy, P.C.*, 811 F. Supp. 733, 734 n. 2 (D. Mass. 1993)).

In this case, the Town's Reply Facts kick up a plume of dust that obfuscates the determination of whether any material facts are genuinely in dispute. Indeed, the entire pleading is improper because each and every paragraph either (1) asserts opinion or argument; (2) offers facts that *confirm* AMMIC's previous showing that a genuine issue of fact exists; (3) offers facts unsupported by the record; (4) offers new but immaterial facts; or (5) *admits* additional facts offered by AMMIC in its opposition to the Town's motion. As such, this pleading does nothing to help the Court expedite the process of determining which material facts are genuinely in dispute. The Town's Reply Facts, however, only proliferate the pleadings on this Motion including this motion to strike and AMMIC's alternative motion for leave to respond.

More particularly, the Town's pleading is replete with argument and expert opinion that ostensibly stand in as "undisputed facts." For instance, the Town attempts to establish as an undisputed fact that Sciaba's submission of construction schedules is a not a contractual provision creating a condition precedent to payment. Town's Reply Facts ¶20 at p. 2. This is pure argument and the Town cites only to the contract provision that it interprets. *Id*. In another example, the Town tries to establish as an undisputed fact that "there was a discussion of Sciaba's financial condition and cash flow problems" at the May 21, 2003 meeting of the parties. *Id*. ¶8 at p.1. This is solely a characterization (and therefore argument) of what was discussed, because paragraphs 4, 6 and 10 of the McEnaney Reply Affidavit, Exhibit A, only reference discussions as to "cash flow." *Id*. The evidence on this Motion does not support that a broader discussion of Sciaba's "financial condition" otherwise transpired. *Id*. In addition, the Town

improperly advances the opinion of Mr. Dore as "undisputed fact" in paragraph 13 of the Town' Reply Facts (docket entry no. 94) at p. 1-2 and in paragraphs 7 and 33 at p. 5 and 9, respectively. This pattern of advancing argument and opinion as "undisputed fact" continues in paragraphs 20, 22 and 41of the Town's Reply Facts (docket entry no. 94) at p. 1-4 and in paragraphs 1, 4, 9, 14, 15, 21, 22, and 30 at p. 4-9.

Much of the Town's pleading also *confirms* AMMIC's previous demonstration of material facts in genuine dispute and is therefore unnecessary. For example, the Town's assertion that Change Order 3 only extended the substantial completion date for 28 days is a material fact *already* disputed by AMMIC. Town's Reply Facts (docket entry no. 94) ¶¶35 and 36 at p. 10,'s; AMMIC's Facts (docket entry no. 62) ¶4. Similar offerings pervade the Town's Reply Facts (docket entry no. 94) in paragraphs 39 and 40 at p. 4 and at paragraphs 2, 3, 5, 6, 11, 16, 17-19, 23-25, 27 and 34 at p. 4-10.[2]

The Town's brief also offers facts wholly unsupported by the record, making these offerings completely improper. For example, the Town asserts that Mr. Beatty testified on May 10, 2003 that he merely considered the Town's April 23, 2003 letter to be a "trouble letter." Town's Reply Facts (docket entry no. 94) ¶20 at p. 7. However, page 82 of the Beatty deposition (upon which the Town relies), mentions nothing of the sort. Other such evidentiary shortcomings can be found in paragraph 9 of the Town's Reply Facts (docket entry no. 94) at p. 1 and in paragraphs 12 and 13 at p. 6.

The Town's offer of *new* facts is also in an improper attempt to buoy its initial burden to show material facts for which there is no genuine dispute. Moreover, any new fact offered is

---

[2] While AMMIC does not dispute the Town's new factual offerings at paragraphs 3, 10, 16, 18, 28, 38 and 27, they all exacerbate two broader factual disputes; that is, "who said what" at the pivotal May 21, 2003 meeting and whether the Town followed the Contract provisions requiring schedule submissions prior to releasing progress payments. AMMIC has *already* created an issue of fact one these issues. *See* AMMIC's Facts (docket entry no. 62) ¶¶ 20, 39 and 40.

3

also either irrelevant or wholly immaterial and should not be considered at this late stage by the Court.  For example, the Town's new offer that the awarding authority on the Clinton Project did not withhold liquidated damages until after the date for substantial completion is not only irrelevant to the happenings in North Brookfield, but immaterial vis-à-vis the well-settled rule of law establishing that a claim for breach of contract can accrue before damages occur.  *See* Town Reply Facts (docket entry no. 94) ¶30 at p. 9; AMMIC's Memo (docket entry 61) at 8.

In addition, the Town's newly offered fact that a disagreement between Sciaba and its subcontractor Millis Plumbing caused a discrepancy between amounts Sciaba requisitioned for Millis' work and Millis' lien waiver is wholly immaterial.  Town's Reply Facts (docket entry no. 94) ¶13 at p.1-2.  This "for example" fact (as it is described in Mr. Dore's new affidavit) does not address the *total shortfall* between Millis lien waivers and payments to Sciaba – totaling $23,992.05.  *See* AMMIC's Facts (docket entry no. 62) ¶13(e).  That is, this "for example" fact does not provide undisputed factual support for each and every one of the other discrepancies outlined in AMMIC's Facts ¶13 and therefore the Town has not erased the issue of material fact as to whether the Town made payments without adhering to the Contractual provisions requiring the submission of appropriate lien waivers for *all previous work* upon each payment requisition.  Similar new and immaterial facts can be reviewed at paragraphs 27 and 31 of the Town's Reply Facts (docket entry no. 94) at p. 3 and paragraphs 8, 26, 29, 31, 34 and 37 at p. 5-10.

Allowing this Motion would also not work an unfair prejudice on the Town as to paragraphs 21 and 23-38 of the Town's Reply Facts (docket entry no. 94) at p. 2-4 and paragraph 32 at p. 9.  The Town *admitted* these material facts offered by *AMMIC*, and therefore it would not be stripped of any arguable right it might have to contest the same.  However, the mere act of the Town's replying to these facts (notwithstanding that they are admitted) contributes to the

4

overall affect of the Town's brief: an additional distraction as to what material facts are genuinely in dispute. As such, they should be stricken with the rest of the brief even if ultimately not disputed by the Town.

At a minimum, this Court should not allow the Town to assert *new and additional* facts at this time. Freely allowing moving parties to reply to opposing memoranda with new evidence would erode the initial burden of production on summary judgment. In effect, by allowing new reply facts, the movant could sidestep its initial burden and simply respond to the opposing party's production. Giving the movant such a last word would necessarily strip the opposing party's ability to defend and dispute each and every fact asserted by the movant. The only way to cure this unfairness would be to allow opposing parties routinely to submit factual *response* memoranda – a formula that while fair rubs against judicial economy and Local Rule 56.1. Here, if the Town's Reply Facts are not struck, AMMIC would be without the opportunity to defend against the Town's new assertions – which need to be addressed as they are in large part either based on new evidence or unsubstantiated argument or opinion.

Even if this Court would allow leave for AMMIC to file a response (which AMMIC alternatively urges it to do if this Motion is denied), striking the Town's Reply Facts is a cleaner, more desirable resolution. While allowing leave to respond would promote fairness in this instance, it might proliferate the pleadings to an extent that might cut against the purpose of Local Rule 56.1 to "expedite the process of determining which facts are generally in dispute." *See Brown*, 57 F. Supp. at 1297. This Court can avoid prejudice to AMMIC and proliferation of the pleadings, however, by allowing this Motion and striking the Town's Reply Facts.

Respectfully submitted,

**AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY**

By its attorneys,

**HOLLAND & KNIGHT LLP**

*/s/ Deborah S. Griffin*
Deborah S. Griffin, BBO #211460
Jeff D. Bernarducci, BBO #657454
10 St. James Avenue
Boston, MA  02116
Tel:    (617) 523-2700
Fax:    (617) 523-6850

Dated: March 3, 2006

# 3587584_v1
431261.00002

6