# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,
                          Plaintiff,

vs.                                              Civil Action No. 03-40266-TSH

TOWN OF NORTH BROOKFIELD,
                          Defendant.

PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY FACTS.

Plaintiff, American Manufacturers Mutual Insurance Company ("AMMIC"), hereby responds to Defendant's Reply to Plaintiff's Response to Defendant's Local Rule 56.1 Statement of Material Facts Not in Dispute and Statement of Additional Facts in Opposition to Defendant's Motion for Partial Summary Judgment ("Town's Reply Facts") (docket entry no. 94)[1] most recently asserted together with the Town's Reply Brief (docket entry no. 93) to AMMIC's Opposition (docket entry no. 61) to the Town's Motion for Partial Summary Judgment ("Town's Motion") (docket entry no. 38).

**I.    RESPONSE TO TOWN'S REPLY TO AMMIC'S RESPONSE TO TOWN'S STATEMENT OF FACTS.**

       8.     Disputed to the extent the Town is trying to establish an undisputed fact through argument. AMMIC does not dispute that Sciaba's cash flow problems were discussed at the May 21 meeting. AMMIC disagrees, however, with the Town's characterization (and therefore

---

[1] Capitalized terms not defined herein shall have the definition ascribed to them in either AMMIC's Memorandum in Opposition to Defendant's Motion for Partial Summary Judgment ("AMMIC's Memo") (docket entry no. 61) or AMMIC's Response to Defendant's Local Rule 56.1 Statement of Material Facts Not in Dispute and Statement of Additional Facts in Opposition to Defendant's Motion for Partial Summary Judgment ("AMMIC's Facts") (docket entry no. 62).

its argument) that paragraphs 4, 6 and 10 of the McEnaney Reply Affidavit, Exhibit A, constitute a broader discussion of Sciaba's "financial condition."

9.   Disputed.  There is no "paragraph 7" on the *one* Affidavit submitted by Mr. Murray in this case (docket entry no. 74, filed in support of the Town's Opposition to AMMIC's motion for summary judgment on Counterclaim Count II).  In any event, it is clear that Mr. Murray does not submit testimony relative to the assertions made by the Town in this statement.

13.   Disputed in part.  The Town does not advance an undisputed material fact in this statement but offers the opinion of Mr. Dore.  AMMIC has no basis to dispute Mr. Dore's assertion that a disagreement between Sciaba and Millis Plumbing existed and thereby created the particular discrepancy between Millis' $12,384.96 lien waiver and the Town's correlative payment to Sciaba.  Such a fact is *immaterial*, however, because it does not address the *total shortfall* between Millis lien waivers and payments to Sciaba – totaling $23,992.05.  *See* AMMIC's Facts (docket entry no. 62) ¶13(e).  This "for example" fact offered by Mr. Dore does not provide undisputed factual support for each and every one of the other discrepancies outlined in AMMIC's Facts ¶13.  Thus, the Town has not erased the issue of material fact as to whether the Town made payments without adhering to the Contractual provisions requiring appropriate lien waivers for *all* previous work to be submitted upon each payment requisition.  *See* Affidavit of Deborah S. Griffin In Support Of Plaintiff's Opposition to Defendant's Motion For Partial Summary Judgment (docket entry no. 63), Exh. 25 at ¶ 9.3.3.

20.   The Town does not advance an undisputed material fact in this statement.  The Town only offers argument as to interpretation of the Contract and confirms the existence of a genuine issue of material fact previously created by AMMIC.  *See* AMMIC's Facts (docket entry no. 62) ¶20 at p. 9.  AMMIC already asserted that, contrary to the Town's new affidavits, Town

representatives indicated that Sciaba would only be paid after submission of lien waivers and an updated construction schedule. This disputed fact is material because it supports AMMIC's position that in reliance on the same, Mr. Beatty only requested that he be advised before any additional payments were made to Sciaba. Said another way, without such assurances from the Town, AMMIC might have taken another course of action to protect its position.

## II. AMMIC'S RESPONSE TO DEFENDANT'S REPLY TO AMMIC'S STATEMENT OF ADDITIONAL FACTS PRECLUDING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT.

21. Undisputed.[2]

22. This statement by the Town is entirely argument or confirmation of AMMIC's statement of fact. AMMIC reserves its right to rebut any part of the Town's statement found not to be argument or confirmation of AMMIC's statement.

23. Undisputed.

24. Undisputed.

25. Undisputed.

26. Undisputed.

27. Undisputed but immaterial for the purpose of this Motion.

28. Undisputed.

29. Undisputed.

30. Undisputed.

31. Undisputed but immaterial for the purpose of this Motion.

32. Undisputed.

---

[2] For any "undisputed" fact herein, AMMIC states that such a fact is "undisputed" only for the purpose of summary judgment. AMMIC reserves its right to dispute any such fact and will require the Town to prove the same at trial.

3

33. Undisputed.

34. Undisputed.

35. Undisputed.

36. Undisputed.

37. Undisputed.

38. Undisputed.

39. Disputed. The Town confirms a genuine issue of material fact previously created by AMMIC. *See* AMMIC's Facts (docket entry no. 62) ¶39.

40. Disputed. The Town confirms a genuine issue of material fact previously created by AMMIC. *See* AMMIC's Facts (docket entry no. 62) ¶40.

41. AMMIC need not reply to the Town's "deni[al]" that the purpose of such letter was to request 'assurances'" because the Town has not offered any evidence to the contrary.

### III. AMMIC'S RESPONSE TO TOWN'S STATEMENT OF ADDITIONAL FACTS IN REPLY TO AMMIC'S [OPPOSITION FACTS].

1. Disputed. The Town trying to establish an undisputed material fact through argument. AMMIC does not dispute that Sciaba's cash flow problems were discussed at the May 21 meeting. AMMIC disagrees, however, with the Town's characterization (and therefore its argument) that paragraphs 4, 6 and 10 of the McEnaney Reply Affidavit, Exhibit A, constitute a broader discussion of Sciaba's "financial condition."

2. Disputed to the extent the Town suggests that Sciaba submitted *all* required lien waivers for its payment application no. 12. *See* Town's Facts (docket entry no. 40) ¶¶9 and 13; AMMIC's Facts (docket entry no. 62) ¶¶9 and 13. Sciaba's Contract creates an issue of fact regarding the Dore Rule 56.1 Affidavit ¶10. That is, for each payment application Sciaba was required to submit subcontractor lien waivers as an indication that its subcontractors were paid

4

for *all* work done up to the current payment application. *See* Affidavit of Deborah S. Griffin in Support of Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment (docket entry no. 63), Exh. 25 at ¶ 9.3.3. Thus, AMMIC has *already* created an issue of fact as to whether the Town made payments to Sciaba despite Sciaba's failure to provide appropriate lien waivers. *See* AMMIC's Facts (docket entry no. 62) ¶13.

   3.  Undisputed.

   4.  Disputed that the check for payment application no. 12 "became available after the May 21, 2003 meeting" to the extent the Town is trying to establish that the check had not already been created as of May 21, 2003. The check was dated May 20, 2003. *See* Affidavit of Deborah S. Griffin in Support of Plaintiff's Motion for Partial Summary Judgment as to Claims for Direct Payment (docket entry no. 51) at Exhs. G and H.

   5.  Disputed to the extent that the Town suggests Sciaba submitted *all* required lien waivers to the Town for its application for payment no. 12. *See* Town's Facts (docket entry no. 40) ¶¶9 and 13; AMMIC's Facts (docket entry no. 62) ¶¶9 and 13. Sciaba's Contract creates an issue of fact with respect to the Dore Rule 56.1 Affidavit ¶13. That is, for each payment application Sciaba was required to submit subcontractor lien waivers as an indication that its subcontractors were paid for *all* work done up to the current payment application. *See* Affidavit of Deborah S. Griffin in Support of Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment (docket entry no. 63), Exh. 25 at ¶ 9.3.3. Thus, AMMIC has *already* created an issue of fact as to whether the Town made payments to Sciaba despite Sciaba's failure to provide appropriate lien waivers. *See* AMMIC's Facts (docket entry no. 62) ¶13.

   6.  Disputed to the extent that the Town suggests Sciaba submitted *all* required lien waivers to the Town for its application for payment No. 12. *See* Town's Facts (docket entry no.

5

40) ¶¶9 and 13; AMMIC's Facts (docket entry no. 62) ¶¶9 and 13.  Sciaba's Contract creates an issue of fact with respect to the Dore Rule 56.1 Affidavit ¶13.  That is, for each payment application Sciaba was required to submit subcontractor lien waivers as an indication that its subcontractors were paid for *all* work done up to the current payment application.  *See* Affidavit of Deborah S. Griffin in Support of Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment (docket entry no. 63), Exh. 25 at ¶ 9.3.3.  Thus, AMMIC has *already* created an issue of fact as to whether the Town made payments to Sciaba despite Sciaba's failure to provide appropriate lien waivers.  *See* AMMIC's Facts (docket entry no. 62) ¶13.

7. The Town does not advance an undisputed material fact in this statement but offers the opinion of Mr. Dore of a general matter, not specific to the facts of this case, as to what is "often" an explanation for differences between amounts paid to a general contractor on behalf of its subcontractors' work and amounts included on lien waivers from the same.  To the extent a fact is asserted by this statement AMMIC reserves its right to rebut the same.

8. While AMMIC has no basis to dispute the Town's assertion that a disagreement between Sciaba and Millis Plumbing created the particular discrepancy between Millis' $12,384.96 lien waiver and the Town's correlative payment to Sciaba, such a fact is *immaterial* because it does not address the *total shortfall* between Millis lien waivers and payments to Sciaba – totaling $23,992.05.  *See* AMMIC's Facts (docket entry no. 62) ¶13(e).  Accordingly, this "for example" fact advanced by Mr. Dore does not provide factual support for each and every one of the numerous discrepancies outlined in AMMIC's Facts ¶13.  Thus, the Town has not erased the issue of material fact as to whether the Town made payments without adhering to the Contractual provisions requiring appropriate lien waivers for *all* previous work to be submitted upon each payment requisition.  *See* Affidavit of Deborah S. Griffin in Support of

Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment (docket entry no. 63), Exh. 25 at ¶ 9.3.3.

9. The Town does not advance an undisputed material fact in this statement but offers the inadmissible opinion of Mr. Dore as to contract interpretation. This topic is a matter of law for the Court. To the extent a fact is asserted by this statement AMMIC reserves its right to rebut the same.

10. Undisputed that the quotation cited by the Town appears on the first page of Payment Requisition 13B.

11. Disputed. The Town confirms a genuine issue of material fact previously created by AMMIC. *See* AMMIC's Facts (docket entry no. 62) ¶20 at p. 9. AMMIC already asserted that, contrary to the Town's new affidavits, Town representatives indicated that Sciaba would only be paid after submission of lien waivers and an updated construction schedule. This disputed fact is material because it supports AMMIC's position that in reliance on the same, Mr. Beatty only requested that he be advised before any additional payments were made to Sciaba. Said another way, without such assurances from the Town, AMMIC might have taken another course of action to protect its position. The Town's new affidavits do not erase the existing issue of fact.

12. Disputed. Paragraph 8 of Exhibit A to the McEnaney Reply Affidavit does not support the Town's assertion of fact. Moreover, nowhere in McEnaney Reply Affidavit, Exhibit A, ¶8 does Sciaba represent that "November, 2003 was a reasonable, accurate substantial completion date for the building." To the extent Sciaba makes any representation about any substantial completion date, the characterization of it as "reasonable" is argument.

13. Disputed in part. The Town's statement that Sciaba would submit a Project schedule "by no later than the next payment request" is unsupported. Nothing in the Town's affidavits on this point support its "no later than" characterization. The minutes from the May 21, 2003 meeting indicate that Sciaba would submit a new construction schedule "with the next Application for Payment." McEnaney Reply Aff. ¶7 at Item (1).

14. Undisputed except that the Town's reliance on McEnaney Reply Aff. Exh. D at p. 94-95 is attenuated and therefore argument as opposed to an assertion of undisputed fact.

15. While AMMIC does not dispute the content of the McEnaney Reply Aff. Exh. A, ¶ 15, it objects to the Town's interpretation of the same. Said paragraph does *not* state that AMMIC did not foresee the possibility of Sciaba defaulting on the Project. There is a difference between a "default" declared by the Town that would trigger AMMIC's involvement as opposed to the specter of "EJS [falling] apart and/or [having the inability to] right the ship." *Id*.

16. Undisputed.

17. Disputed. The Town confirms a genuine issue of material fact previously created by AMMIC. *See* AMMIC's Facts (docket entry no. 62) ¶39.

18. Undisputed.

19. Disputed. AMMIC "expressed concern" that the Town should not make additional payments to Sciaba by way of Mr. Beatty's request to be advised before any additional payments were made on the Project. *See* AMMIC's Facts (docket entry no. 62) ¶39.

20. Disputed. Mr. Beatty's deposition testimony at p. 82 does not discuss the Town's April 23, 2003 letter. *See* McEnaney Reply Aff. Exh. E at p. 82.

21. AMMIC does not dispute Mr. Beatty's actual testimony cited by the Town at McEnaney Reply Aff. Exh. E at 85, 88-89. Any summation of the same by the Town is argument.

22. Disputed. While AMMIC does not dispute Mr. Beatty's actual testimony cited by the Town at McEnaney Reply Aff. Exh. E at 94, AMMIC disputes the Town's interpretation and argument of the same. Mr. Beatty did not admit in the cited testimony that his request to be advised did not constitute "assent." *See* McEnaney Reply Aff. Exh. E at 94.

23. Disputed. The Town confirms a genuine issue of material fact previously created by AMMIC. *See* AMMIC's Facts (docket entry no. 62) ¶40.

24. Disputed. The Town confirms a genuine issue of material fact previously created by AMMIC. *See* AMMIC's Facts (docket entry no. 62) ¶ 40.

25. Disputes. The Town confirms a genuine issue of material fact previously created by AMMIC – that is, whether the Town was free to make payments to Sciaba without first advising Mr. Beatty. *See* AMMIC's Facts (docket entry no. 62) ¶ 39; McEnaney Reply Aff. Exh. E at 94.

26. Undisputed.

27. Undisputed.

28. AMMIC does not dispute Mr. Anastasio's actual testimony cited by the Town at McEnaney Reply Aff. Exh. B at 61-62.

29. AMMIC does not dispute Mr. Anastasio's actual testimony cited by the Town at McEnaney Reply Aff. Exh. B at 63-64 but states that such testimony is not material by itself, as the Town has not established that Mr. Anastasio would be the only person who might know what was discussed between AMMIC and Sciaba.

30. Disputed in part. AMMIC does not dispute Mr. O'Neil's actual testimony cited by the Town at McEnaney Reply Aff. Exh. D at 93-94. AMMIC objects to the Town's interpretation and argument that such testimony amounts to a statement *by AMMIC* that "Sciaba would meet reasonable deadlines." *See* McEnaney Reply Aff. Exh. D at 93-94.

31. Undisputed. Such a fact is immaterial, however, given the well settled rule that a claim for breach of contract can accrue before damages occur. *See* AMMIC's Memo (docket entry no. 61) at 8.

32. Undisputed.

33. The Town does not advance an undisputed material fact in this statement but offers the opinion of Mr. Dore. To the extent a fact is asserted by this statement AMMIC reserves its right to rebut the same.

34. Undisputed. Such a fact is immaterial and does not erase the two genuine issues of material fact as to: (1) whether the Town advised AMMIC at the May 21 meeting that it would hold off from making additional payments until a new schedule was submitted; and (2) whether Mr. Beatty requested to be advised before any additional payments were made. *See* AMMIC's Facts (docket entry no. 62) ¶20 at p. 9 and ¶39, respectively.

35. Disputed. The Town confirms a genuine issue of material fact previously created by AMMIC as to the intent of Change Order 3. *See* AMMIC's Facts (docket entry no. 62) ¶4.

36. Disputed. The Town confirms a genuine issue of material fact previously created by AMMIC as to the intent of Change Order 3. *See* AMMIC's Facts (docket entry no. 62) ¶4.

37. AMMIC does not dispute the May 6, 2003 memorandum submitted by the Town but asserts that such a submission is irrelevant and immaterial given the Town's continued

complaint on May 21, 2003 of unreliable and inaccurate construction schedules.  *See* McEnaney Reply Aff., Exh. A, ¶11.

      38.     AMMIC does not dispute Mr. Daly's actual testimony cited by the Town at McEnaney Reply Aff. Exh. H.

> Respectfully submitted,
>
> **AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY**
>
> By its attorneys,
>
> **HOLLAND & KNIGHT LLP**
>
> _____
> Deborah S. Griffin, BBO #211460
> Jeff D. Bernarducci, BBO #657454
> 10 St. James Avenue
> Boston, MA  02116
> Tel:   (617) 523-2700
> Fax:   (617) 523-6850

Dated: March ___, 2006

# 3581053_v1
431261.00002

11