UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-40266 CBS

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

      Plaintiff

v.

TOWN OF NORTH BROOKFIELD,

      Defendant

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE TOWN'S REPLY FACTS AND ACCOMPANYING AFFIDAVITS

American Manufacturers Mutual Insurance Company ("AMMIC") has filed a motion to strike the Town's Reply to Plaintiff's Response to Defendant's Local Rule 56.1 Statement of Material Facts not in Dispute and Statement of Additional Facts in Opposition to Defendant's Motion for Partial Summary Judgment and the Affidavits in Support thereof ("Town's Reply Facts"). In opposition to this Motion, the Town states that AMMIC's Motion should be denied for the reasons set forth herein.

AMMIC's argument that the submission of the Reply Facts violates Local Rule 56.1 is misplaced and not supported by any authority. AMMIC contends that the Town's Reply Facts conflict with Local Rule 56.1's requirement that a motion for summary judgment include a "concise" statement of material facts of record as to which the moving party contends there is no genuine issue to be tried. However, Local Rule 56.1 speaks only to motions for summary judgment and oppositions to such motions; it makes no mention of reply briefs or submissions as have been provided for in the scheduling order governing this action (see Docket entry no. 32).

In the circumstances of this case, the filing and propriety of the Town's Reply Facts is actually

supported by Local Rule 56.1.  Therefore, the motion should be denied.

In connection with its opposition to the Town's Motion for Partial Summary Judgment,

AMMIC filed its Response to Defendant's Local Rule 56.1 Statement of Material Facts Not in

Dispute and Statement of Additional Facts in Opposition to Defendant's Motion for Partial

Summary Judgment (Docket entry no. 62, "AMMIC's Fact Response").  The Town's Reply

Facts address the factual assertions in AMMIC's Fact Response, and such a reply is consistent

with the local rule.  Indeed, Local Rule 56.1 provides that material facts in the statement that

must accompany a motion for summary judgment will be deemed admitted by the opposing party

unless controverted in the statement to be served by the opposing party.  Where a scheduling

order contemplates reply briefs, and in the absence of an order or determination otherwise, it is

reasonable to conclude that a party could argue, and the Court could order, that facts asserted in a

document such as AMMIC's Fact Response would be deemed admitted in the absence of a reply

controverting such facts.  Accordingly, it would be unfair for the Town to be precluded from

replying to AMMIC's Fact Response.

At a minimum, this must be the case for the first two portions of the Town's Reply Facts:

"Reply to Plaintiff's Response to Defendant's Statement of Facts" and "Reply to Plaintiff's

Statement of Additional Facts Precluding Summary Judgment in Favor of Defendant," and the

supporting affidavits.  The Reply Facts largely address the events at and surrounding the May 21,

2003 meeting, especially the assertions in the *additional* facts portion of AMMIC's Fact

Response (¶¶ 39 and 40) regarding the statements of AMMIC's representatives and the Town's

representatives at that meeting.  The contention that the Town should not be permitted to reply

runs completely counter to the spirit of the fairness argument raised by AMMIC, and exposes

AMMIC's motion as simply an attempt to grant AMMIC the last word while silencing the Town.

The only case cited by AMMIC as authority for its motion, <u>Brown</u> v. <u>Armstrong</u>, 957 F.Supp. 1293 (D. Mass. 1997), does not support its position. At issue in that case was the form of the plaintiff's statement of facts in opposition to the defendant's summary judgment motion, and its failure to "distinguish between facts involved in the case generally, and material facts that are genuinely in dispute." 957 Supp. at 1297. Finding that the plaintiff's statement did not comply with Local Rule 56.1, the court ordered that all facts in the defendant's statement that were supported in the record would be deemed admitted. The decision cannot stand for the more far reaching proposition that a statement of reply facts is impermissible where the parties themselves have established a motion schedule that provides for reply briefs.

It is ironic that AMMIC has taken the position that by filing the Reply Facts the Town has violated Local Rule 56.1's requirement of a "concise" statement and has caused a "proliferation" of the pleadings in this matter. A brief review of the record indicates that AMMIC has filed four separate Motions for Summary Judgment, with a total of 139 paragraphs in its "concise" statements of fact and six supporting affidavits with a total of 121 paragraphs contained therein, as well as pages upon pages of exhibit documents. Given AMMIC's own unrestrained contributions to the record, it can hardly complain that the Town's submission of its Reply Facts should be stricken for failure to comply with the conciseness requirement of Local Rule 56.1.

AMMIC also asserts in its Motion that the Town's Reply Facts contain four "unsupported" facts or "evidentiary shortcomings." Specifically, AMMIC identifies four instances in which the page or paragraph citations included in the Reply Facts are incorrect. In each case, these incorrect citations or omissions were the product of mere clerical errors. The citations may be clarified as follows:

1.  Reply Facts, ¶ 20, p. 7:  The Town inadvertently and incorrectly indicated that page 82 of the Beatty deposition transcript contains Mr. Beatty's testimony that he merely considered the Town's April 23, 2003 letter to be a "trouble letter."  The correct page of the transcript on which such testimony appears is page 83.

2.  Reply Facts, ¶ 9, p. 1: The Town inadvertently and incorrectly identified ¶ 7 as the paragraph of the Affidavit of James Murray which supports the Town's statement.  In fact, ¶ 6 of the Affidavit is the correct, supporting paragraph.

3.  Reply Facts, ¶ 12, p. 6: The Town inadvertently and incorrectly identified ¶ 8 of Exhibit A to the Affidavit of Thomas W. McEnaney as showing that, at the May 21, 2003 meeting, Sciaba represented that November, 2003 was a reasonable, accurate substantial completion date for the building.  Support for this fact is actually found in Item # (1) of ¶ 7 of Exhibit A (i.e., Meeting Minutes of May 21, 2003 meeting).

4.  Reply Facts, ¶ 13, p. 6: Each of the citations in this paragraph is, indeed, correct.  The Town did, however, inadvertently omit further citations from this paragraph of the Reply Facts.  Support for these facts may also be found in ¶¶ 4(b) and 13 of the Meeting Minutes (Exhibit A to the Affidavit of Thomas W. McEnaney).

Finally, the Town notes again that the scheduling order agreed to by the parties and approved by the Court allowed the parties to file reply briefs as of right and without seeking leave of court under Local Rule 7.1.  The scheduling order does not preclude at the third, or reply brief, stage of the summary judgment process the filing of a reply to the factual assertions made by the opposing party in its second stage oppositions to the fact statements served in the initial stage.  Given this circumstance, the Town does not oppose AMMIC's Alternative Motion for Leave to Respond to Defendant's Reply Facts (Docket entry no. 112).

5

TOWN OF NORTH BROOKFIELD

By its attorneys,

/s/Thomas W. McEnaney
David J. Doneski (BBO# 546991)
Thomas W. McEnaney (BBO# 629130)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
 (617) 556-0007

276628/NBRO-HS/0019

5